GREGORY P. STONE (SBN 78329)
gregory.stone@mto.com
L. ASHLEY AULL (SBN 257020)
ashley.aull@mto.com
BENJAMIN G. BAROKH (SBN 318629)
benjamin.barokh@mto.com
JASON D. WEISS (SBN 340371)
jason.weiss@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

JUSTIN P. RAPHAEL (SBN 292380)
justin.raphael@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000

*Counsel for Defendants Shimano North America Bicycle, Inc., Shimano North America Holding, Inc., Specialized Bicycle Components, Inc., and Trek Bicycle Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Shimano Crankset Litigation | Case No. 8:23-cv-02038-JVS-JDE<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>[Filed Concurrently: Memorandum of Points and Authorities; Request for Judicial Notice; [Proposed] Order]<br><br>Date: April 8, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. James V. Selna<br>Courtroom: 10C |

Case No. 8:23-cv-02038-JVS-JDE

DEFENDANTS' MOTION TO DISMISS

# NOTICE OF MOTION AND MOTION

TO THE COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on April 8, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West 4th Street, Courtroom 10C, Santa Ana, CA 92701, before the Honorable James V. Selna, Shimano North America Bicycle, Inc., Shimano North America Holding, Inc. (both, "Shimano"), Specialized Bicycle Components, Inc. ("Specialized"), and Trek Bicycle Corporation ("Trek") (collectively, "Defendants")[1] will and hereby do move the Court for an order dismissing the Complaint (Dkt. 32) under Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6).

This Motion is made following the conference of counsel, pursuant to L.R. 7-3, which took place on January 30, 2024.

This Motion is based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities filed concurrently herewith, the Request for Judicial Notice ("RJN") filed concurrently herewith, any papers filed in reply, all other papers and records on file in this matter, and any other materials or argument the Court may receive at or before the hearing on this Motion.

Because the Complaint brings 31 claims on behalf of 14 plaintiffs under 51 jurisdictions' laws and seeks relief for a nationwide class, 4 state subclasses, and a multi-state subclass, Defendants offer the following charts stating the "relief or Court action the movant seeks," as well as the basis for such relief, L.R. 7-4, with the charts organized by fraud claims, then consumer protection claims, then unjust enrichment claims, followed by implied warranty claims, and finally express warranty claims.

---

[1] Giant Bicycle, Inc. is also a defendant, but this Motion is not brought on its behalf.

| **Fraud Claims** Claims 1, 12, 17, 23, 29 | | |
|---|---|---|
| **Claims** | **Basis for Dismissal** | **Relief Requested** |
| All Fraud Claims (1, 12, 17, 23, 29) | • No Article III injury (except as to Sielski) (§ A.1[2]) <br> • Affirmative statements are non-actionable and insufficient under Rule 9(b) (§ B.1) <br> • No duty to disclose alleged omissions and no reliance on alleged omissions (§ B.2) <br> • Claims duplicative of express-warranty claims (§ D) | Claims 1, 12, 17, 23, and 29 (all fraud claims) must be **dismissed**. |
| 1: Nationwide – California law <br><br> 12: California | • Standing, choice of law, and extraterritoriality rules require nationwide claim (1) to be limited to CA purchasers (§ C) <br> • If limited to CA purchasers, nationwide claim (1) duplicates California claim (12) (§ C) | Even if all fraud claims not dismissed, either nationwide (1) or California (12) claim (12) must be dismissed. |
| 17: Florida | • No standing as to Specialized (§ A.3) <br> • No personal jurisdiction over Trek (§ A.6) | Even if all fraud claims not dismissed, Florida claim (17) must be dismissed as to Specialized and Trek. |
| 23: Illinois | • No standing as to Trek (§ A.4) <br> • No personal jurisdiction over Trek (§ A.6) | Even if all fraud claims not dismissed, Illinois claim (23) must be dismissed as to Trek. |
| 29: New York | • No standing as to Specialized and Trek (§ A.3–4) <br> • No personal jurisdiction over Trek (§ A.6) | Even if all fraud claims not dismissed, New York claim (29) must be dismissed as to Specialized and Trek. |

---

[2] All citations are to Section IV (Argument) of the Memorandum of Points and Authorities.

| **Consumer Protection Claims** <br> Claims 3, 4, 5, 9, 10, 11, 16, 21, 22, 27, 28 |||
|---|---|---|
| **Claims** | **Basis for Dismissal** | **Relief Requested** |
| All Consumer-Protection Claims (3, 4, 5, 9, 10, 11, 16, 21, 22, 27, 28) | <ul><li>No Article III injury (except as to Sielski) (§ A.1)</li><li>Affirmative statements are non-actionable and insufficient under Rule 9(b) (§ B.1)</li><li>No duty to disclose alleged omissions and no reliance on alleged omissions (§ B.2)</li><li>No Article III standing or inadequate legal remedy for injunctive relief (§ I)</li></ul> | Claims 3, 4, 5, 9, 10, 11, 16, 21, 22, 27, and 28 (all consumer-protection claims) must be **dismissed**. <br><br> At a minimum, no claim can seek injunctive relief. |
| 3: Nationwide – California CLRA <br><br> 4: Nationwide – California FAL <br><br> 5: Nationwide – California UCL | <ul><li>No equitable jurisdiction because no inadequate legal remedy (§ A.5)</li><li>Standing, choice of law, and extraterritoriality rules require nationwide claims (3, 4, and 5) to be limited to CA purchasers (§ C)</li><li>If limited to CA purchasers, nationwide claims (3, 4, and 5) duplicate California claims (9, 10, and 11) (§ C)</li><li>Each P can bring only one claim under one state's law (§ G)</li></ul> | Even if all consumer-protection claims not dismissed, nationwide claims (3, 4, and 5) must be dismissed. <br><br> At a minimum, either the nationwide claims (3, 4, and 5) or California claims (9, 10, and 11) must be dismissed. |
| 9: California CLRA <br><br> 10: California FAL <br><br> 11: California UCL | <ul><li>No equitable jurisdiction (§ A.5)</li></ul> | Even if all consumer protection claims not dismissed, California claims (9, 10, and 11) must be dismissed. |

| | | |
|---|---|---|
| 16: Florida Deceptive & Unfair Trade Practices Act | • No standing as to Specialized (§ A.3)<br>• No personal jurisdiction over Trek (§ A.6)<br>• Tirado time-barred (§ J) | Even if all consumer protection claims not dismissed, Florida claim (16) must be dismissed as to Specialized, Trek, and as to Tirado's claim. |
| 21: Illinois Consumer Fraud & Deceptive Business Practices Act | • No standing as to Trek (§ A.4)<br>• No personal jurisdiction over Trek (§ A.6)<br>• Duplicative of express warranty claim (§ G) | Even if all consumer protection claims not dismissed, Illinois claims (21 and 22) must be dismissed.<br><br>At a minimum, Illinois claims (21 and 22) must be dismissed as to Trek. |
| 22: Illinois Uniform Deceptive Trade Practices Act | | |
| 27: New York General Business Law § 349 | • No standing as to Specialized and Trek (§ A.3–4)<br>• No personal jurisdiction over Trek (§ A.6)<br>• Adelman time-barred (§ J) | Even if all consumer protection claims not dismissed, New York claims (27 and 28) must be dismissed as to Specialized, Trek, and as to Adelman's claim. |
| 28: New York General Business Law § 350 | | |

| **Unjust Enrichment Claims**<br>Claims 2, 13, 18, 24, 30 | | |
|---|---|---|
| **Claims** | **Basis for Dismissal** | **Relief Requested** |
| All Unjust-Enrichment Claims (2, 13, 18, 24, 30) | • No Article III injury (except as to Sielski) (§ A.1)<br>• No equitable jurisdiction (§ A.5)<br>• Affirmative statements are non-actionable and insufficient under Rule 9(b) (§ B.1)<br>• No duty to disclose alleged omissions and no reliance on alleged omissions (§ B.2)<br>• Duplicative of other claims (§ H.1)<br>• Express warranty bars unjust enrichment claims against Shimano (§ H.2)<br>• No Article III standing or inadequate legal remedy for injunctive relief (§ I) | All unjust-enrichment claims (2, 13, 18, 24, 30) must be **dismissed**.<br><br>At a minimum, no claim can seek injunctive relief. |
| 2: Nationwide – California law | • Standing, choice of law, and extraterritoriality rules require nationwide claim (2) to be limited to CA purchasers (§ C)<br>• If limited to CA purchasers, nationwide claim (2) duplicates California claim (13) (§ C)<br>• Each P can bring only one claim under one state's law (§ H.3) | Even if all unjust-enrichment claims not dismissed, either nationwide (2) or California (13) claim must be dismissed. |
| 18: Florida | • No standing as to Specialized (§ A.3)<br>• No personal jurisdiction over Trek (§ A.6)<br>• Tirado time-barred (§ J) | Even if all unjust-enrichment claims not dismissed, Florida claim (18) must be dismissed as to Specialized, Trek, and as to Tirado's claim. |

| 24: Illinois | - No standing as to Trek (§ A.4)<br>- No personal jurisdiction over Trek (§ A.6)<br>- Duplicative of other claims (§ H.1) | Even if all unjust-enrichment claims not dismissed, Illinois claim (24) must be dismissed.<br><br>At a minimum, Illinois claim (24) must be dismissed as to Trek. |
|---|---|---|
| 30: New York | - No standing as to Specialized and Trek (§ A.3–4)<br>- No personal jurisdiction over Trek (§ A.6)<br>- Adelman time-barred (§ J) | Even if all unjust-enrichment claims not dismissed, New York claim (30) must be dismissed as to Trek and as to Adelman's claim. |

| | Implied Warranty Claims<br>Claims 7, 8, 15, 20, 26, 31 | |
|---|---|---|
| **Claims** | **Basis for Dismissal** | **Relief Requested** |
| All Implied-Warranty Claims (7, 8, 15, 20, 26, and 31) | • No Article III injury (except as to Sielski) (§ A.1)<br>• Affirmative statements are non-actionable and insufficient under Rule 9(b) (§ B.1)<br>• Affirmative statements are not on containers/labels (§ F.1)<br>• No problem manifested or substantially likely to (§ F.1)<br>• Except for Song-Beverly Claim, no privity between Ps and Ds (§ F.2)<br>• No Article III standing or inadequate legal remedy for injunctive relief (§ I) | All implied-warranty claims (7, 8, 15, 20, 26, and 31) must be **dismissed**.<br><br>At a minimum, no claim can seek injunctive relief. |
| 7: California<br><br>8: California Song-Beverly Act | • Delgado, Gonyer, and Jennings time-barred (§ J) | Even if all implied-warranty claims not dismissed, California claims (7 and 8) as to Delgado, Gonyer, and Jennings must be dismissed. |
| 15: Florida | • No standing as to Specialized (§ A.3)<br>• No personal jurisdiction over Trek (§ A.6)<br>• Tirado time-barred (§ J) | Even if all implied-warranty claims not dismissed, Florida claim (15) must be dismissed as to Specialized, Trek, and as to Tirado. |
| 20: Illinois | • No standing as to Trek (§ A.4)<br>• No personal jurisdiction over Trek (§ A.6) | Even if all implied-warranty claims not dismissed, Illinois claim (20) must be dismissed as to Trek. |

| | | |
|---|---|---|
| 26: New York | <ul><li>No standing as to Specialized and Trek (§ A.3–4)</li><li>No personal jurisdiction over Trek (§ A.6)</li><li>Adelman time-barred (§ J)</li></ul> | Even if all implied-warranty claims not dismissed, New York claim (26) must be dismissed as to Specialized, Trek, and as to Adelman. |
| 31: Multi-State | <ul><li>No standing without at least one plaintiff from 47 jurisdictions. Only CA, FL, IL, and NY claims can survive and are duplicative of claims 7, 15, 20, and 26 (§ A.2)</li><li>No personal jurisdiction over Trek (§ A.6)</li></ul> | Even if all implied-warranty claims not dismissed, multi-state claim (31) must be dismissed<br><br>At a minimum, the multi-state claim (31) must be dismissed as to Trek. |

| **Express Warranty Claims** Claims 6, 14, 19, 25 | | |
|---|---|---|
| **Claims** | **Basis for Dismissal** | **Relief Requested** |
| All Express-Warranty Claims (6, 14, 19, 25) | • No Article III injury (except as to Sielski) (§ A.1)<br>• Affirmative statements are non-actionable and insufficient under Rule 9(b) (§ B.1)<br>• No problem manifested during the warranty period that was not fixed per the warranty (§ E) | All express-warranty claims (6, 14, 19, and 25) must be **dismissed.** |
| 6: California | • Delgado, Gonyer, and Jennings time-barred (§ J) | Even if all express-warranty claims not dismissed, California claim (6) must be dismissed as to Delgado, Gonyer, and Jennings. |
| 25: New York | • Adelman time-barred (§ J) | Even if all express-warranty claims not dismissed, New York claim (25) must be dismissed as to Adelman. |

| | | |
|---|---|---|
| 1 | DATED: February 7, 2024 | MUNGER, TOLLES & OLSON LLP |
| 2 | | |
| 3 | | By:     */s/ L. Ashley Aull* |
| 4 | |         L. ASHLEY AULL |
| 5 | | *Counsel for Defendants Shimano North America Bicycle, Inc., Shimano North America Holding, Inc., Specialized Bicycle Components, Inc., and Trek Bicycle Corporation* |