GREGORY P. STONE (SBN 78329)
gregory.stone@mto.com
L. ASHLEY AULL (SBN 257020)
ashley.aull@mto.com
BENJAMIN G. BAROKH (SBN 318629)
benjamin.barokh@mto.com
JASON D. WEISS (SBN 340371)
jason.weiss@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100

JUSTIN P. RAPHAEL (SBN 292380)
justin.raphael@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000

*Counsel for Defendants Shimano North
America Bicycle, Inc., Shimano North
America Holding, Inc., Specialized Bicycle
Components, Inc., and Trek Bicycle
Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Shimano Crankset Litigation | Case No. 8:23-cv-02038-JVS-JDE |
| | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| | [Filed Concurrently: Notice of Motion and Motion; Request for Judicial Notice; [Proposed] Order] |
| | Date: April 8, 2024 |
| | Time: 1:30 p.m. |
| | Judge: Hon. James V. Selna |
| | Courtroom: 10C |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 3

   A.  Shimano's Cranksets. ................................................................................ 3

   B.  Shimano's Crankset Warranty and Voluntary Recall. ............................. 4

   C.  Plaintiffs Are After Sweeping, Speculative Damages. ............................ 5

III. LEGAL STANDARDS ...................................................................................... 7

   A.  Rule 12(b)(1) ............................................................................................ 7

   B.  Rule 12(b)(2) ............................................................................................ 8

   C.  Rule 12(b)(6) ............................................................................................ 8

IV. ARGUMENT ..................................................................................................... 8

   A.  The Court Lacks Jurisdiction Over Plaintiffs' Claims. ........................... 8

      1.  Plaintiffs (Except Sielski) Lack Standing to Bring Their Claims (All Claims). ......................................................... 9

      2.  Plaintiffs Lack Standing to Bring a "Multi-State" Claim (Claim 31). ........................................................................ 11

      3.  Plaintiffs Lack Standing to Bring Florida and New York Claims Against Specialized (Claims 15–18, 26–30) ................. 12

      4.  Plaintiffs Lack Standing to Bring Illinois and New York Claims Against Trek (Claims 20–24, 26–30). ........................... 12

      5.  The Court Lacks Equitable Jurisdiction Over Plaintiffs' Unjust Enrichment, UCL and FAL Claims (Claims 2, 4, 5, 10, 11, 13, 18, 24, 30). ........................................................... 12

      6.  The Court Lacks Personal Jurisdiction Over Trek As to Bicycles Purchased Outside California (Claims 1–2, 15–18, 20–24, 26–31). ....................................................... 14

   B.  Plaintiffs' Claims All Fail to the Extent They Are Based on Affirmative Statements And Omissions (All Claims). ...................... 14

      1.  The Alleged Affirmative Statements Are Non-Actionable. ....... 14

      2.  The Alleged Omissions Are Not Actionable. ............................ 16

         (a)  Plaintiffs Do Not Allege a Duty to Disclose Omissions. ....................................................... 16

(b)     Plaintiffs Do Not Allege Reliance on Omissions.............18

C.   Plaintiffs Cannot Bring Nationwide Class Claims Under
California Law (Claims 1–5). ...............................................19

1.   Article III Precludes Purchasers Outside California from
Invoking California Law...............................................19

2.   Choice of Law Rules Preclude Purchasers Outside
California from Invoking California Law. ...............................19

3.   The Presumption Against Extraterritoriality Precludes
Purchasers Outside California From Invoking California
Statutes...................................................................21

D.   Plaintiffs' Fraud Claims Fail (Claims 1, 12, 17, 23, 29). .....................21

E.   Plaintiff's Express Warranty Claims Fail (Claims 6, 14, 19, 25).........22

F.   Plaintiff's Implied Warranty Claims Fail (Claims 7, 8, 15, 20, 26,
31). ...........................................................................23

1.   Plaintiffs Fail to Allege That The Cranksets Are
Unmerchantable....................................................24

2.   Plaintiffs Are Not In Privity With Defendants. ..........................25

G.   Plaintiff's Consumer Protection Claims Fail (Claims 3–5, 9–11,
16, 21–22, 27–28). ...........................................................26

H.   Plaintiffs' Unjust Enrichment Claims Fail (Claims 2, 13, 18, 24,
30). ...........................................................................27

1.   Plaintiffs' Unjust Enrichment Claims Duplicate Their
Other Claims........................................................27

2.   Shimano's Express Warranty Precludes All Unjust
Enrichment Claims Against Shimano..........................................28

3.   Plaintiffs Cannot Maintain All of Their Unjust Enrichment
Claims At the Same Time................................................29

I.   Plaintiffs Cannot Seek An Injunction. .......................................29

1.   Plaintiffs Lack Article III Standing. ............................................29

2.   Plaintiffs Have An Adequate Legal Remedy. ............................30

J.   Some Plaintiffs' Claims Are Barred by Statutes of Limitations...........30

V.   CONCLUSION ...................................................................32

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**FEDERAL CASES**

*Abraham v. Volkswagen of Am., Inc.*,
   795 F.2d 238 (2d Cir. 1986) ................................................................................. 22

*Adams v. Cole Haan, LLC*,
   2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ................................................ 29, 30

*Adir Int'l, LLC v. Starr Indem. & Liab. Co.*,
   994 F.3d 1032 (9th Cir. 2021) ............................................................................. 12

*AirHawk Int'l, LLC v. TheRealCraigJ, LLC*,
   2016 WL 9584008 (C.D. Cal. Aug. 1, 2016) ...................................................... 15

*Allstate Ins. Co. v. Toyota Motor Mfg. N. Am., Inc.*,
   2009 WL 3147315 (N.D. Ill. Sept. 28, 2009) ...................................................... 25

*Anderson v. Apple Inc.*,
   500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................................. 17

*Anderson v. Hyundai Motor Co. Ltd.*,
   2014 WL 12579305 (C.D. Cal. July 24, 2014) ............................................. 10, 18

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ............................................................... 14

*Apodaca v. Whirlpool Corp.*,
   2013 WL 6477821 (C.D. Cal. Nov. 8, 2013) ................................................ 15, 22

*In re Apple Processor Litig.*,
   2019 WL 3533876 (N.D. Cal. Aug. 2, 2019) ....................................................... 10

*In re Apple Processor Litig.*,
   2023 WL 5950622 (9th Cir. Sept. 13, 2023) ........................................................ 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... 8

*Belle v. Chrysler Grp., LLC*,
   2013 WL 949484 (C.D. Cal. Jan. 29, 2013) ........................................................ 23

*Bermudez v. Colgate-Palmolive Co.*,
2023 WL 2751044 (S.D.N.Y. Mar. 31, 2023)......................................................27

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
448 F.3d 573 (2d Cir. 2006) ...............................................................................28

*Bias v. Wells Fargo & Co.*,
312 F.R.D. 528 (N.D. Cal. 2015) .........................................................................19

*Bina v. Abraxas Med. Sols.*,
2012 WL 12892745 (C.D. Cal. Dec. 19, 2012) ....................................................21

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ..........................................................................9, 10

*Bolden v. Contra Costa Cnty.*,
2020 WL 13901584 (N.D. Cal. Nov. 30, 2020).....................................19, 26, 29

*Brainard v. Freightliner Corp.*,
2002 WL 31207467 (W.D.N.Y. Oct. 1, 2002)......................................................31

*Bridge v. Nature's Sunshine Prod.*,
2021 WL 4572006 (C.D. Cal. Aug. 4, 2021) ......................................................14

*Brisson v. Ford Motor Co.*,
349 F. App'x 433 (11th Cir. 2009)......................................................................22

*Bristol Vill., Inc. v. Louisiana-Pac. Corp.*,
170 F. Supp. 3d 488 (W.D.N.Y. 2016) ...............................................................31

*Bristol-Myers Squibb Co. v. Super. Ct. of California*,
582 U.S. 255 (2017) ......................................................................................13, 14

*Cahen v. Toyota Motor Corp.*,
147 F. Supp. 3d 955 (N.D. Cal. 2015), *aff'd*, 717 F. App'x 720 (9th Cir. 2017)......................................................................................................9, 10

*Carney v. Adams*,
592 U.S. 53 (2020) ...................................................................................7, 8, 10

*Cho v. Hyundai Motor Co., Ltd.*,
636 F. Supp. 3d 1149 (C.D. Cal. 2022)..........................................................12, 25

*Cimoli v. Alacer Corp.*,
   587 F. Supp. 3d 978 (N.D. Cal. 2022)..................................................26

*Cleary v. Philip Morris Inc.*,
   656 F.3d 511 (7th Cir. 2011) ..............................................................27

*Cleary v. Philip Morris USA, Inc.*,
   2010 WL 2555640 (N.D. Ill. June 22, 2010) ....................................16

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)................................................22, 24, 25

*Corbett v. Pharmacare U.S., Inc.*,
   544 F. Supp. 3d 996 (S.D. Cal. 2021) ................................................25

*Corson v. Toyota Motor Sales, U.S.A., Inc.*,
   2013 WL 1802709 (C.D. Cal. Apr. 24, 2013) ....................................25

*Cummings v. FCA U.S. LLC*,
   401 F. Supp. 3d 288 (N.D.N.Y. 2019) ...............................................25

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ...........................................................................13

*Dakin v. BMW of N. Am., LLC*,
   2019 WL 5788324 (S.D. Cal. Nov. 6, 2019).......................................22

*Darne v. Ford Motor Co.*,
   2015 WL 9259455 (N.D. Ill. Dec. 18, 2015) .....................................22

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ..............................................................29

*Davis v. Abbott Labs*,
   562 F. Supp. 3d 585 (C.D. Cal. 2021).................................................24

*Davison v. Kia Motors Am., Inc.*,
   2015 WL 3970502 (C.D. Cal. June 29, 2015).....................................19

*Deteresa v. Am. Broad. Cos., Inc.*,
   121 F.3d 460 (9th Cir. 1997) ..............................................................17

*DJ Lincoln Enterprises, Inc. v. Google, LLC*,
   2021 WL 3079855 (S.D. Fla. July 21, 2021) .....................................16

*Erazo v. Shimano North America Bicycle, Inc.*,
    No. 23-cv-02174 (C.D. Cal. Oct. 3, 2023) ........................................................ 5, 7

*In re Fontem US, Inc.*,
    2016 WL 6520142 (C.D. Cal. Nov. 1, 2016) ...................................................... 16

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    2020 WL 5492990 (C.D. Cal. Sept. 9, 2020)...................................................... 30

*Glob. Network Mgmt., LTD. v. Centurylink Latin Am. Sols., LLC*,
    67 F.4th 1312 (11th Cir. 2023)........................................................................... 28

*Gociman v. Loyola Univ. of Chicago*,
    41 F.4th 873 (7th Cir. 2022) ....................................................................... 12, 28

*Goldstein v. Gen. Motors LLC*,
    445 F. Supp. 3d 1000 (S.D. Cal. 2020) ............................................................. 31

*Gould v. Helen of Troy Ltd.*,
    2017 WL 1319810 (S.D.N.Y. Mar. 30, 2017)................................................... 31

*Greenberger v. GEICO Gen. Ins. Co.*,
    631 F.3d 392 (7th Cir. 2011) ....................................................................... 16, 21

*Guilbert v. Gardner*,
    480 F.3d 140 (2d Cir. 2007) .............................................................................. 21

*Gumner v. PepsiCo, Inc.*,
    2023 WL 9019033 (C.D. Cal. Nov. 29, 2023) ................................................... 13

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022) ........................................................................... 12

*Ham v. Lenovo (United States) Inc.*,
    664 F.Supp.3d 562 (S.D.N.Y. 2023) ................................................................ 27

*Hamm v. Mercedes-Benz USA, LLC*,
    2021 WL 1238304 (N.D. Cal. Apr. 2, 2021)..................................................... 10

*Hanscom v. Reynolds Consumer Prod. LLC*,
    2022 WL 591466 (N.D. Cal. Jan. 21, 2022) ..................................................... 13

*Indyk v. Habib Bank Ltd.*,
    694 F.2d 54 (2d Cir. 1982) ................................................................................ 12

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .............................................................................................. 8

*Johnson v. Nissan N. Am., Inc.*,
  2018 WL 905850 (N.D. Cal. Feb. 15, 2018)...................................................... 25

*Julian v. TTE Tech., Inc.*,
  2020 WL 6743912 (N.D. Cal. Nov. 17, 2020)............................................ 19, 28

*Kanan v. Thinx Inc.*,
  2021 WL 4464200 (C.D. Cal. June 23, 2021) ..................................................... 23

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................................... 15

*Kim v. Walmart, Inc.*,
  2023 WL 4316786 (C.D. Cal. Mar. 14, 2023) ................................................... 11

*Koski v. Carrier Corp.*,
  347 F. Supp. 3d 1185 (S.D. Fla. 2017)........................................................27, 28

*Kulesa v. PC Cleaner, Inc.*,
  2012 WL 12886844 (C.D. Cal. Oct. 12, 2012) .................................................. 15

*Lambert v. Dollar Gen. Corp.*,
  2017 WL 2619142 (N.D. Ill. June 16, 2017) ..................................................... 26

*Larsen v. Vizio, Inc.*,
  2015 WL 13655757 (C.D. Cal. Apr. 21, 2015).................................................. 19

*Lassen v. Nissan N. Am., Inc.*,
  211 F. Supp. 3d 1267 (C.D. Cal. 2016)............................................................... 9

*Lee v. Nature's Path Food, Inc.*,
  2023 WL 7434963 (S.D. Cal. Nov. 9, 2023)...................................................... 27

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*,
  211 F.R.D. 228 (S.D.N.Y. 2002)....................................................................... 20

*Licul v. Volkswagen Grp. of Am., Inc.*,
  2013 WL 6328734 (S.D. Fla. Dec. 5, 2013) .................................................27, 30

*Lightner v. Medtronic Inc.*,
  2021 WL 4731351 (C.D. Cal. May 10, 2021)..................................................... 13

*Loh v. Future Motion, Inc.*,
    2022 WL 2668380 (N.D. Cal. July 11, 2022) ...................................................... 15

*Loomis v. Slendertone Distribution, Inc.*,
    420 F. Supp. 3d 1046 (S.D. Cal. 2019) ................................................................ 29

*Lucas v. Breg, Inc.*,
    212 F. Supp. 3d 950 (S.D. Cal. 2016) .................................................................. 31

*In re MacBook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ..................................................... 30

*Martinez v. Newsom*,
    46 F.4th 965 (9th Cir. 2022) ......................................................................... 11, 12

*Matic v. United States Nutrition, Inc.*,
    2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ..................................................... 29

*Matyas v. Summerkids, Inc.*,
    2023 WL 7108818 (C.D. Cal. Apr. 24, 2023)................................................. 16, 17

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ......................................................................... 19, 20

*Merino v. Ethicon Inc.*,
    536 F. Supp. 3d 1271 (S.D. Fla. 2021) ................................................................ 25

*Milman v. FCA U.S., LLC*,
    2018 WL 5867481 (C.D. Cal. Aug. 30, 2018) ............................................... 13, 23

*Milman v. FCA U.S., LLC*,
    2019 WL 3334612 (C.D. Cal. Apr. 15, 2019)...................................................... 13

*Moore v. Mars Petcare US, Inc.*,
    2023 WL 4536882 (N.D. Cal. July 12, 2023) ..................................................... 29

*Naoko Ohno v. Yuko Yasuma*,
    723 F.3d 984 (9th Cir. 2013) ............................................................................... 12

*Newcal Indus., Inc. v. Ikon Off. Sol.*,
    513 F.3d 1038 (9th Cir. 2008) .............................................................................. 14

*Oden v. Bos. Sci. Corp.*,
    330 F. Supp. 3d 877 (E.D.N.Y. 2018)................................................................. 17

*Ono v. Head Racquet Sports USA, Inc.*,
  2016 WL 6647949 (C.D. Cal. Mar. 8, 2016) ...................................................... 17

*Papasan v. Dometic Corp.*,
  2017 WL 4865602 (N.D. Cal. Oct. 27, 2017) ...................................................... 9

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
  96 F.3d 1151 (9th Cir. 1996) .................................................................... 28

*Parrot v. Fam. Dollar, Inc.*,
  2018 WL 2118195 (N.D. Ill. May 8, 2018) ...................................................... 26

*Phillips v. Apple Inc.*,
  2016 WL 1579693 (N.D. Cal. Apr. 19, 2016).................................................... 18

*Pittmon v. CACI Int'l, Inc.*,
  2023 WL 8168834 (C.D. Cal. Oct. 26, 2023) .................................................. 13

*Reid v. Unilever U.S., Inc.*,
  964 F. Supp. 2d 893 (N.D. Ill. 2013)............................................................ 26

*Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*,
  68 F.3d 1478 (2d Cir. 1995) ................................................................ 16, 17

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. Apr. 13, 2017)................................................ 22

*Riley v. Volkswagen Grp. Of Am., Inc.*,
  2022 WL 17829997 (9th Cir. Dec. 21, 2022) ................................................ 23

*Rivera v. Wyeth-Ayerst Lab'ys*,
  283 F.3d 315 (5th Cir. 2002) .................................................................... 9

*Rodriguez v. Ford Motor Co.*,
  596 F. Supp. 3d 1050 (N.D. Ill. 2022)........................................................ 16

*Roffman v. Rebbl, Inc.*,
  653 F. Supp. 3d 723 (N.D. Cal. 2023)........................................................ 13

*Ryan v. UnitedHealth Grp., Inc.*,
  2020 WL 6723443 (C.D. Cal. Aug. 14, 2020) .............................................. 10

*Schmitt v. Younique LLC*,
  2017 WL 10574060 (C.D. Cal. Dec. 4, 2017) ............................... 11, 12, 13, 19

*Schwartz v. Lights of Am.*,
   2012 WL 4497398 (C.D. Cal. Aug. 31, 2012) ............................................... 19, 20

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ....................................................................... 7, 8

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,
   2022 WL 20286688 (N.D. Cal. Feb. 24, 2022) ....................................... 15

*Scruggs v. Mars, Inc.*,
   2023 WL 3668706 (C.D. Cal. May 22, 2023) ........................................ 29

*Smith v. Apple, Inc.*,
   2023 WL 2095914 (N.D. Cal. Feb. 17, 2023) ........................................ 13

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .............................................................. 12, 13

*Stewart v. Kodiak Cakes, LLC*,
   537 F. Supp. 3d 1103 (S.D. Cal. 2021) ................................................. 28

*Takeya USA Corp. v. PowerPlay Mktg. Grp., LLC*,
   2022 WL 17357781 (C.D. Cal. Sept. 1, 2022) ..................................... 28

*Technolojoy, LLC v. BHPH Consulting Servs., LLC*,
   2021 WL 8566755 (S.D. Fla. May 14, 2021) ...................................... 21

*In re Toyota Motor Corp.*,
   2012 WL 12929769 (C.D. Cal. May 4, 2012) ..................................... 22

*In re Toyota Motor Corp.*,
   754 F. Supp. 2d 1145 (C.D. Cal. 2010) .............................................. 25

*Util. Audit, Inc. v. Horace Mann Serv. Corp.*,
   383 F.3d 683 (7th Cir. 2004) ......................................................... 27, 28

*Varner v. Domestic Corp.*,
   2017 WL 3730618 (S.D. Fla. Feb. 7, 2017) ...................................... 25

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ............................................... 21

*Villanueva v. Am. Honda Motor Co.*,
   2019 WL 8112467 (C.D. Cal. Oct. 10, 2019) ..................................... 11

*Vinci v. Hyundai Motor Am.*,
    2018 WL 6136828 (C.D. Cal. Apr. 10, 2018)................................................. 19, 20

*Virgilio v. Ryland Grp., Inc.*,
    2009 WL 1606494 (M.D. Fla. June 8, 2009) ...................................................... 16

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) .................................................................................. 8

*Wilding v. DNC Servs. Corp.*,
    941 F.3d 1116 (11th Cir. 2019) ............................................................................. 12

*Williams v. Yamaha Motor Corp., U.S.A.*,
    2015 WL 13626022 (C.D. Cal. Jan. 7, 2015)..................................................30, 31

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013)............................................................20, 21

*Yetter v. Ford Motor Co.*,
    428 F. Supp. 3d 210 (N.D. Cal. 2019)................................................................... 15

*Young v. Cmty. Health Sys., Inc.*,
    2023 WL 6121795 (11th Cir. Sept. 19, 2023).................................................... 16

*Zakikhan v. Hyundai Motor Co.*,
    2021 WL 4805454 (C.D. Cal. June 28, 2021) ..................................................... 25

*In re ZF-TRW Control Units Prod. Litig.*,
    601 F. Supp. 3d 625 (C.D. Cal. 2022) .............................................................24, 25

**STATE CASES**

*Am. Honda Motor Co. v. Super. Ct.*,
    199 Cal. App. 4th 1367 (2011)............................................................................... 23

*Bigler-Engler v. Breg, Inc.*,
    7 Cal. App. 5th 276 (2017) ..................................................................................... 17

*Daugherty v. Am. Honda Motor Co.*,
    144 Cal. App. 4th 824 (2006)................................................................................. 17

*Gutierrez v. Carmax Auto Superstores Cal.*,
    19 Cal. App. 5th 1234 (2018).........................................................................17, 24

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (2011) ........................................................................... 21

**FEDERAL RULES**

Fed. R. Civ. P. 4(k)(1)(A) .............................................................................. 7

Fed. R. Civ. P. 9(b) ................................................................................. 2, 19

Fed. R. Civ. P. 12 ..................................................................................... 7, 8

**FEDERAL REGULATIONS**

16 C.F.R. § 1115.20(a)(3) ............................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

There is a fundamental problem with this class action: it seeks to punish a company that has responded *correctly* to consumers' concerns—standing by its products, its customers, and its warranty.  Defendant Shimano manufactured a type of bicycle crankset called "Hollowtech II."  According to Plaintiffs' own complaint, 99.4% of those cranksets functioned exactly as intended.  However, in September 2023, Shimano voluntarily recalled Hollowtech II cranksets manufactured before July 2019, based on a small number of reports of "bonding separation"—that is, separation or delamination of metal components.  Shimano acted responsibly and with integrity in response to these reports.  It offered, and continues to offer, free inspections and (if there is any sign of separation) free replacements with free installation to owners of the cranksets Plaintiffs claim are "defective" ("Designated Cranksets").  Shimano worked cooperatively with the U.S. Consumer Product Safety Commission to develop this voluntary recall, and the agency approved Shimano's plan.

Shimano has gone beyond what the law requires.  By late 2023, the vast majority of pre-July 2019 Hollowtech II cranksets had outlived their two- or three-year warranty without evidencing any problem.  (Sales of these cranksets began in 2012.)  Nevertheless, Shimano replaces Designated Cranksets showing signs of separation regardless of how old they are, regardless of whether they were purchased new or used, regardless of how they were used, and regardless of whether the issue is otherwise covered by the warranty.

This conduct does not merit a lawsuit.  But, twelve days after Shimano announced its recall, Plaintiffs filed this class action against Shimano as well as Trek, Specialized, and Giant—companies that used Shimano's parts on bicycles they sold.  The 212-page complaint asserts 31 claims, under 51 jurisdictions' laws, on behalf of a nationwide class and multiple subclasses.  The central theory of the

case is that every U.S. consumer who purchased a Designated Crankset is entitled to damages—even though, as Plaintiffs allege, 99.4% of those cranksets have shown no signs of separation and have functioned as expected, and even though Shimano has offered to inspect and (if necessary) replace *every single one* of the Designated Cranksets for free.

Plaintiffs want damages without any concrete harm.  Of the 14 named Plaintiffs, only three allege their cranksets exhibited any issue *ever*.  But two of them received free replacements that have no issues, and the third alleges that an inspection uncovered no signs of separation or delamination.

The law supports what common sense requires: this case should be dismissed. Because of the breadth of the case, classes, and claims—as well as the complexities of product-liability laws—this motion is lengthy.  However, the Complaint's defects fall into five general categories:

**(1) The court lacks jurisdiction over Plaintiffs' claims**: based on a lack of Article III injury (§ IV.A.1); because Plaintiffs allege violations of state laws where no Plaintiff made a purchase (§ IV.A.2–4); because Plaintiffs bring equitable claims where there is an adequate legal remedy (§ IV.A.5); and because Trek is not subject to personal jurisdiction in California for claims over products purchased elsewhere (§ IV.A.6).

**(2) Plaintiffs' claims rely on non-actionable statements and omissions**: affirmative statements that are too general to be actionable, particularly under Fed. R. Civ. P. 9(b) (§ IV.B.1), and omissions when Defendants had no duty to disclose and on which Plaintiffs did not rely (§ IV.B.2).

**(3) Plaintiffs seek to apply California law to nationwide claims**: raising not only jurisdictional problems (§§ IV.A.2, IV.C.1), but also violating choice-of-law principles and the presumption against extraterritoriality (§ IV.C.2–3).

**(4) Plaintiffs' substantive claims—for fraud, breach of warranty, unjust enrichment, and violation of consumer-protection statutes—fail**: Plaintiffs bring

an array of duplicative and insufficiently pleaded claims—all of which seek to distract from Shimano's *compliance* with its legal obligations.  For example: Plaintiffs' express-warranty claims fail because either (a) Plaintiffs identify no problem with their crankset that manifested during the warranty period, or (b) Shimano honored (indeed, more than honored, through the voluntarily recall) the warranty.  (§ IV.E).  Similarly, Plaintiffs' implied-warranty claims require that a product is not "fit for ordinary use"—an allegation incompatible with the 0.6% separation rate Plaintiffs have alleged and with their own alleged experiences.  (§ IV.F).

**(5) Statutes of limitations bar some of Plaintiffs' claims**: several of the named Plaintiffs purchased bicycles five or more years before filing the Complaint—beyond even the longest statute of limitations that would apply to their claims.  (§ IV.J).

At bottom: the Complaint is an opportunistic attempt to profit from Shimano's responsible behavior.  It is full of jurisdictional defects and fails to state any claim.  It should be dismissed.

## II.    BACKGROUND

### A.    Shimano's Cranksets.

Shimano manufactures and distributes bicycle components, including cranksets—the part of a bicycle that connects the pedals to the chain.  Corrected Consolidated Complaint ("Compl."), Dkt. 32 ¶¶ 1, 37.  Plaintiffs allege that Trek and Specialized manufacture, distribute, and sell assembled bicycles equipped with Shimano cranksets.  *Id.* ¶¶ 46, 48.  (Plaintiffs make similar allegations against Giant, which they added to their consolidated complaint in January 2024; Giant has obtained an extension of its time to respond.)

This case concerns a subset of the "11-Speed Bonded Hollowtech II Road Cranksets" that Defendants no longer sell (the "Designated Cranksets").  *Id.* ¶¶ 3, 37, 55; RJN, Ex. 1.  The Designated Cranksets were all manufactured before July

2019; they are easily identified based on their model name ("Dura-Ace" or "Ultegra"), model number, and production code—information stamped visibly on the crankset itself.  Compl. ¶ 37 (listing model names and production codes); RJN, Exs. 4–5.  According to Plaintiffs, the Designated Cranksets are at risk of bonding separation or delamination.  Compl. ¶ 129.

Plaintiffs allege that approximately 680,000 Designated Cranksets were sold nationwide from January 2012 through August 2023.  *Id.* ¶ 38.  Of those, 4,519—0.6%—have shown signs of separating or delaminating.  *Id.* ¶ 66; RJN, Ex. 5.

### B.    Shimano's Crankset Warranty and Voluntary Recall.

With each Designated Crankset, Shimano provides original owners a warranty that covers issues that may develop during the warranty period.[1]  *Id.* ¶ 272; RJN, Ex. 1.  For Dura-Ace models of the Designated Cranksets, the warranty period is three years; for Ultegra models, it is two years.  RJN, Ex. 1.  "Shimano's sole obligation under [the] warranty is to repair or replace the product."  *Id.*  Each time one of Plaintiffs' Designated Cranksets manifested an issue, Shimano honored its warranty and replaced it.  *See* Compl. ¶ 18 (Hawkins), ¶ 20 (Kouyate).[2]

In September 2023, Shimano voluntarily proposed a recall of the Designated Cranksets.  *Id.* ¶ 37; RJN, Exs. 4–5.  The U.S. Consumer Product Safety Commission is the agency charged with reviewing such plans to ensure that they are adequate.  *See* 16 C.F.R. § 1115.20(a)(3).  The Commission "reviewed and approved" Shimano's plan.  RJN, Ex. 4.

---

[1] Specialized and Trek also have warranties, but theirs direct consumers to Shimano's warranty for Shimano components.  RJN, Exs. 2–3.

[2] Possibly after the express warranty had expired, Sielski took his "creaking" bicycle in for inspection, but no evidence of separation or delamination was found.  Other than "creaking," the cause of which Sielski does not identify, he does not allege any issue with his crankset.

As part of the Commission-approved voluntary recall, Shimano offers consumers at least two free inspections, inviting consumers to take their cranksets in for inspection "at any time" if they "feel, hear, or see a change in [their] crankset." RJN, Ex. 4.  If a retailer or dealer decides that the customer's crankset should be replaced, Shimano provides a free crankset replacement and installation.  Compl. ¶¶ 103–05; RJN, Ex. 4.

Shimano's voluntary recall is broader than its warranty.  Under the recall, Shimano promises to replace a crankset showing any signs of separation no matter how the crankset was bought (new or used), how it was used, when any issue presented (during or after the warranty period), and why the issue presented (covered or non-covered reason under the warranty).

### C.    Plaintiffs Are After Sweeping, Speculative Damages.

Plaintiffs are eleven purchasers of bicycles with the Designated Cranksets and three purchasers of the Designated Cranksets as standalone components.

Twelve days after Shimano announced the voluntary recall, some Plaintiffs filed a class action against Shimano, Trek, and Specialized.  *Erazo v. Shimano North America Bicycle, Inc.*, No. 23-cv-02174 (C.D. Cal. Oct. 3, 2023), Dkt. 1.  A few weeks later, another Plaintiff filed a similar case against Shimano and Specialized. Dkt. 1.  The Court consolidated the actions, Dkt. 23, and Plaintiffs filed the operative "corrected" consolidated complaint on January 8, 2024, Dkt. 32.

Plaintiffs seek relief on behalf of themselves and every single U.S. consumer who purchased a Designated Crankset.  Compl. ¶¶ 116–26, 138, 150.  No Plaintiff alleges or seeks relief for any physical injury.  *Id.* ¶ 150.  Most Plaintiffs' cranksets have *outlived* their full warranty periods without any signs of separation. Nevertheless, the Complaint asserts 31 claims under 51 jurisdictions' laws on behalf a nationwide class, four state subclasses, and a multi-state subclass.

Only three Plaintiffs allege any problem ever manifested in their cranksets, and two of them—Hawkins and Kouyate—received new cranksets from Shimano

that have no issues.  *Id.* ¶¶ 18, 20.  (Neither alleges their replacement is a Designated Crankset.  Kouyate received a replacement after the recall.  *Id.* ¶ 20.  And Hawkins does not allege the replacement bears a production code showing it was manufactured before July 2019.  *Id.* ¶ 18.)  Only Sielski alleges he was denied a replacement for his "creaking" crankset, but fails to allege what caused the "creaking," when it started, or whether it began during his warranty period.  *Id.* ¶ 25.

Plaintiffs' theory is that they were "aware of" and "expos[ed]" to Defendants' marketing materials touting their products' strength and reliability, then relied on allegedly deceptive statements and omissions in those materials when purchasing their cranksets.  *Id.* ¶¶ 12–26, 75–91, 207.  Plaintiffs allege they paid more for or lost value in their products as a result of the possible crankset risk than they would have paid absent the allegedly misleading statements and omissions.  *Id.* ¶¶ 116–26.  Plaintiffs' specific allegations are summarized below:

| Name | Bicycle | Purchase State | Date of Purchase (Warranty Period) | Alleged Issue With Crankset? | Provided Free Replacement? |
|---|---|---|---|---|---|
| Steven Adelman | Bianchi | NY | May 2018 (2 years) | No | N/A |
| John Bongiovanni | Trek | FL | Oct. 2021 (2 years) | No | N/A |
| Jose Delgado | None | CA | Apr. 2017 (3 years); Sept. 2023 (3 years) | No | N/A |
| Jose Erazo | Trek | CA | Jan. 2020 (2 years) | No | N/A |
| Dave Gonyer | None | CA | Aug. 2019 (3 years) | No | N/A |
| Jarett Hawkins | Specialized | CA | Jul. 2020 (2 years) | Yes | Yes |
| Chris Jennings | None | CA | July 2019 (2 years) | No | N/A |

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

| Name | Bicycle | Purchase State | Date of Purchase (Warranty Period) | Alleged Issue With Crankset? | Provided Free Replacement? |
|---|---|---|---|---|---|
| Moussa Kouyate | Mongoose | NY | May 2023 (3 years) | Yes | Yes |
| Marcus Lewis | Specialized | IL | Sept. 2019 (2 years) | No | N/A |
| Kevin Litam | BMC | CA | Not alleged (2 years) | No | N/A |
| Maurice Scorsolini | Giant | FL | Jul. 2022 (2 years) | No | N/A |
| Dimitri Semizarov | Bianchi | IL | Sept. 2021 (3 years) | No | N/A |
| Brian Sielski | Pinarello | IL | Dec. 2020 (3 years) | Yes | No |
| Mike Tirado | Trek | FL | Jan. 2019 (3 years) | No | N/A |

Compl. ¶¶ 13–26.

Three Plaintiffs (Hawkins, Jennings, and Kouyate) fail to state the date code on their current cranksets—suggesting that perhaps their cranksets are not Designated Cranksets at all.  Compl. ¶¶ 18, 19, 20.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Plaintiffs bear "the burden of establishing" subject matter jurisdiction, including Article III "standing, as of the time [they] brought this lawsuit and maintaining it thereafter."  *Carney v. Adams*, 592 U.S. 53, 59 (2020).  To establish standing, Plaintiffs must plausibly allege they have suffered an "injury in fact" that is (1) "concrete or particularized," (2) "actual or imminent," (3) "fairly traceable to the challenged conduct," and (4) "likely to be redressed by a favorable judicial decision."  *Id.* at 58.

### B.     Rule 12(b)(2)

Plaintiffs also bear "the burden of demonstrating that [personal] jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Where, as here, personal jurisdiction is not authorized by federal statute, the Court applies California law.  *Id.*; Fed. R. Civ. P. 4(k)(1)(A).  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800–01.  "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### C.     Rule 12(b)(6)

Plaintiffs' complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This demanding standard "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Plaintiffs may not rely on "anticipated discovery to satisfy" their pleading obligations; "rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).

## IV.   ARGUMENT

### A.     The Court Lacks Jurisdiction Over Plaintiffs' Claims.

Plaintiffs' claims fail for lack of jurisdiction because (1) every Plaintiff except Sielski lacks Article III standing, (2) the Court lacks jurisdiction over Plaintiffs' equitable claims, and (3) the Court lacks personal jurisdiction over Trek as to bicycles purchased outside California.

### 1.   Plaintiffs (Except Sielski) Lack Standing to Bring Their Claims (All Claims).

Plaintiffs lack standing to pursue their claims because they do not plausibly alleged an "injury in fact" that is "actual or imminent" and "particularized" to them. *Carney*, 592 U.S. at 58.

Plaintiffs' only alleged injury is that their bicycles "are worth less than" what they "paid for them" because of the "risks" that their cranksets could one day malfunction.  Compl. ¶¶ 116–26.  But an "alleged loss in value does not constitute a distinct and palpable injury that is actual or imminent" where "it rests on a hypothetical risk" that a "defect" will manifest.  *Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009).  "In other words, an economic injury that rests on the risk presented by an underlying product defect fails to establish injury in fact if the underlying risk is itself speculative."  *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 970 (N.D. Cal. 2015), *aff'd*, 717 F. App'x 720 (9th Cir. 2017).  As a result, in *Birdsong*, the Ninth Circuit held that the plaintiffs lacked standing to assert a "claim that the iPod has a defect (an inherent risk of hearing loss), which caused their iPods to be worth less than what they paid for them" because that was based on "a hypothetical risk of hearing loss to other consumers."  590 F.3d at 961.

*Birdsong* is just one of several cases that "have rejected for lack of standing or injury similar attempts to recast no-injury products-liability claims (which are not cognizable) as consumer fraud claims for contract-like economic damages (which may be cognizable)."  *Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1281 (C.D. Cal. 2016) (citing cases); *see, e.g.*, *Rivera v. Wyeth-Ayerst Lab'ys*, 283 F.3d 315, 320–21 (5th Cir. 2002).  For example: *Cahen*, which the Ninth Circuit affirmed, found no injury.  There, plaintiffs alleged "they paid an inflated purchase or lease price for the Class Vehicles," but their "economic injury rest[ed] solely upon the existence of a speculative risk of future harm" that their own vehicles would be hacked. 147 F. Supp. 3d at 970–71.  Similarly, *Papasan v. Dometic Corp.*,

1   2017 WL 4865602 (N.D. Cal. Oct. 27, 2017), found no injury because "since

2   purchasing her RV," the plaintiff had used it "without any apparent problem" and

3   her alleged "overpayment" injury "rest[ed] only upon a speculative risk of future

4   harm" that the refrigerator in the RV would leak pressurized gas.  *Id.* at *6.

5          Here, too, Plaintiffs lack standing because they do not allege actual or

6   imminent harm particular to themselves.  Not a single Plaintiff (other than Sielski)

7   alleges any "actual" issue with their crankset.  Four Plaintiffs—Gonyer, Lewis,

8   Litam, and Semizarov—confirmed the *absence* of any issue by having their

9   cranksets inspected and cleared.  Compl. ¶¶ 17, 21–22, 24.  Even Hawkins and

10  Kouyate, whose original cranksets allegedly developed issues, "received" free

11  "replacement parts" and have "no injury and no standing to sue."  *Hamm v.*

12  *Mercedes-Benz USA, LLC*, 2021 WL 1238304, at *6 (N.D. Cal. Apr. 2, 2021).

13         The risk of separation in Plaintiffs' cranksets is also neither "imminent" nor

14  "particularized."  Plaintiffs do not plausibly allege that any malfunction is likely to

15  occur "in the imminent future," *Carney*, 592 U.S. at 66, or will occur in *their*

16  cranksets, *Birdsong*, 590 F.3d at 961; *Cahen*, 147 F. Supp. 3d at 967; *In re Apple*

17  *Processor Litig.*, 2019 WL 3533876, at *6 (N.D. Cal. Aug. 2, 2019) (refusing to

18  "infer that because the tested iPhone 7 experienced slower performance," that all

19  devices "must suffer from the same degraded performance").  Rather, Plaintiffs

20  allege that only 0.6% of all Designated Cranksets separated during a 13-year period,

21  and most Plaintiffs have used their cranksets for their *entire* warranty periods and

22  beyond without issue.

23         Finally, Plaintiffs' "economic theory" is "unpersuasive" because they do not

24  allege "facts that plausibly demonstrate that the [bicycles] have diminished in value"

25  because of the alleged risk of separation.  *Anderson v. Hyundai Motor Co. Ltd.*,

26  2014 WL 12579305, at *7 (C.D. Cal. July 24, 2014).  For example, Plaintiffs do not

27  allege "that they have sold or traded their [bicycles] at a loss," *id.*, or allege any

28  other "documented" and "demonstrable effect on the market for their specific

-10-

[bicycles]," *Cahen*, 717 F. App'x at 723.  Instead, Plaintiffs allege merely "upon information and belief" that "subsequent purchasers will be less likely to shop for and purchase" their bicycles.  Compl. ¶ 123.  But where plaintiffs allege economic loss based entirely on how a product functions, and the product has not malfunctioned, courts in this circuit have required plaintiffs to allege "something more" beyond mere overpayment.  *Anderson*, 2014 WL 12579305, at *7; *see also Ryan v. UnitedHealth Grp., Inc.*, 2020 WL 6723443, at *5 (C.D. Cal. Aug. 14, 2020) (Selna, J.) (dismissing claim where standing premised on allegations made on "information and belief").

### 2.      Plaintiffs Lack Standing to Bring a "Multi-State" Claim (Claim 31).

Two principles bar Plaintiffs from bringing a "multi-state" warranty claim "under the law of every state."  Compl. ¶ 715.  *First*, each Plaintiff has standing to assert claims only under the laws of states where they purchased their bicycles or were injured—not under the laws of *other* states, where "they do not allege they made purchases or were injured."  *Schmitt v. Younique LLC*, 2017 WL 10574060, at *4 (C.D. Cal. Dec. 4, 2017) (Selna, J.).  *Second*, in a class action, "[w]hen no named plaintiff has standing to bring a claim . . . , the claim must be dismissed."  *Id.*

Plaintiffs allege injury only in California, Illinois, Florida, and New York.  They therefore only have standing to sue under *those states*' laws.  They do *not* have standing to sue under the laws of the other 46 states and the District of Columbia.  Without any "named plaintiff" who "has standing to bring" claims under the laws of those 47 jurisdictions, all such claims "must be dismissed."  *Schmitt*, 2017 WL 10574060, at *4–5; *see, e.g.*, *Kim v. Walmart, Inc.*, 2023 WL 4316786, at *3–4 (C.D. Cal. Mar. 14, 2023) (dismissing multi-state warranty claim); *Villanueva v. Am. Honda Motor Co.*, 2019 WL 8112467, at *14–15 (C.D. Cal. Oct. 10, 2019) (collecting cases).

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### 3. Plaintiffs Lack Standing to Bring Florida and New York Claims Against Specialized (Claims 15–18, 26–30)

Plaintiffs who never bought Specialized bicycles cannot bring claims against the company because "named plaintiffs generally lack standing to sue defendants that have not injured them personally." *Martinez v. Newsom*, 46 F.4th 965, 970 (9th Cir. 2022). The only Plaintiffs who bought Specialized bicycles are Lewis in Illinois and Hawkins in California. Compl. ¶¶ 18, 21. No Plaintiff bought a Specialized bicycle in Florida or New York. Accordingly, no Plaintiff has standing to sue Specialized under Florida and New York law, and those claims must be dismissed. *See Schmitt*, 2017 WL 10574060, at *4–5.

### 4. Plaintiffs Lack Standing to Bring Illinois and New York Claims Against Trek (Claims 20–24, 26–30).

The only Plaintiffs who bought Trek bicycles are Erazo in California and Bongiovanni and Tirado in Florida. Compl. ¶¶ 14, 16, 26. No Plaintiff bought a Trek bicycle in Illinois or New York. Because no Plaintiff has standing to sue Trek under Illinois or New York law, the claims under those states' laws must be dismissed. *See Martinez*, 46 F.4th at 970; *Schmitt*, 2017 WL 10574060, at *4–5.

### 5. The Court Lacks Equitable Jurisdiction Over Plaintiffs' Unjust Enrichment, UCL and FAL Claims (Claims 2, 4, 5, 10, 11, 13, 18, 24, 30).

Plaintiffs' UCL, FAL, and unjust enrichment claims are all equitable. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1043 (9th Cir. 2021) (UCL, FAL); *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1006 n.25 (9th Cir. 2013) (CA unjust enrichment); *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 886 (7th Cir. 2022) (IL unjust enrichment); *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1129 (11th Cir. 2019) (FL unjust enrichment); *Indyk v. Habib Bank Ltd.*, 694 F.2d 54, 57 (2d Cir. 1982) (NY unjust enrichment).

For equitable claims to survive at the pleading stage, the Court "must have equitable jurisdiction," which exists only if Plaintiffs have "no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022). As a

"traditional principle[] governing equitable remedies in federal courts," *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843–44 (9th Cir. 2020), this rule applies to *all* equitable claims asserted in federal court under *any* state's law.  *See, e.g.*, *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1158, 1172–73 (C.D. Cal. 2022).

Plaintiffs have an adequate legal remedy because their equitable unjust enrichment, UCL and FAL claims are "based on the exact same conduct as" their legal claims, such as breach of warranty, and they could "be made whole by the payment of money damages." *Milman v. FCA U.S., LLC*, 2018 WL 5867481, at *15 (C.D. Cal. Aug. 30, 2018) (Selna, J.); *see, e.g.*, Compl. ¶¶ 437, 450.

Plaintiffs cannot simply claim their legal remedies are less "efficient" or more "difficult."  Compl. ¶¶ 151–53.  "[T]he fact that one remedy may be simpler or easier to obtain does not demonstrate that Plaintiffs lack an adequate remedy at law." *Gumner v. PepsiCo, Inc.*, 2023 WL 9019033, at *3 (C.D. Cal. Nov. 29, 2023).  In fact, courts will dismiss equitable claims even where legal claims are also dismissed. *See, e.g.*, *Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023); *Hanscom v. Reynolds Consumer Prod. LLC*, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022).  "The test is 'whether an adequate damages remedy is available, not whether the plaintiff . . . will be successful with that remedy.'" *Lightner v. Medtronic Inc.*, 2021 WL 4731351, at *3 (C.D. Cal. May 10, 2021).

Plaintiffs also cannot save their equitable claims by pleading them in the alternative.  *E.g.*, Compl. ¶ 191; *see Smith v. Apple, Inc.*, 2023 WL 2095914, at *3 (N.D. Cal. Feb. 17, 2023).  Many courts "have rejected that pleading in the alternative is sufficient to skirt the import of *Sonner*." *Pittmon v. CACI Int'l, Inc.*, 2023 WL 8168834, at *8 (C.D. Cal. Oct. 26, 2023) (collecting cases); *see, e.g.*, *Milman v. FCA U.S., LLC*, 2019 WL 3334612, at *9 (C.D. Cal. Apr. 15, 2019) (Selna, J.); *Milman*, 2018 WL 5867481, at *15 (Selna, J.); *Schmitt*, 2017 WL 10574060, at *4 (Selna, J.).

**6.    The Court Lacks Personal Jurisdiction Over Trek As to Bicycles Purchased Outside California (Claims 1–2, 15–18, 20–24, 26–31).**

The Court lacks personal jurisdiction over Trek as to bicycles purchased by Plaintiffs outside California.  For the Court to have personal jurisdiction over a defendant, there must be either "general jurisdiction" or a "connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Super. Ct. of California*, 582 U.S. 255, 265 (2017).  Here, there is no general jurisdiction; Trek is not at home in California.  Compl. ¶ 31; *see Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).  And "Plaintiffs have not attempted to" allege that cranksets purchased on Trek bicycles by Bongiovanni, Tirado, and any others outside California have "a relationship with California." *Bridge v. Nature's Sunshine Prod.*, 2021 WL 4572006, at *4–5 (C.D. Cal. Aug. 4, 2021) (Selna, J.).  Plaintiffs do not allege they are "California residents" or that they "suffered harm in that State," and "all the conduct giving rise to the nonresidents' claims occurred elsewhere." *Bristol-Myers*, 582 U.S. at 265.  Claims 1–2, 15–18, 20–24, 26–31 (asserted at least in part by Plaintiffs outside California) against Trek must be dismissed.

**B.    Plaintiffs' Claims All Fail to the Extent They Are Based on Affirmative Statements And Omissions (All Claims).**

All of Plaintiffs' claims rest on non-actionable statements and omissions, with two minor exceptions.[3]  Compl. ¶¶ 75–83 (Shimano), ¶¶ 85–88 (Specialized), ¶¶ 90–91 (Trek).  The claims must be dismissed.

**1.    The Alleged Affirmative Statements Are Non-Actionable.**

For two independent reasons, Plaintiffs do not allege any actionable affirmative misrepresentations.

---

[3] Plaintiffs' express warranty claims rest partly on the alleged breach of Shimano's written warranty.  *E.g.*, Compl. ¶ 272(a).  And their implied warranty claims rest partly on their cranksets' fitness for ordinary use.  *E.g.*, Compl. ¶ 291(a)–(d).

1    ***Unquantifiable, general assertions are non-actionable***.  The law does not

2    bind advertisers to their "general assertions."  *Newcal Indus., Inc. v. Ikon Off. Sol.*,

3    513 F.3d 1038, 1053 (9th Cir. 2008).  To be actionable, an affirmative statement

4    must be "quantifiable" and "make[] a claim as to the specific or absolute

5    characteristics of a product."  *Id.*  "[A] general, subjective claim about a product,"

6    on the other hand, "is non-actionable puffery."  *Id.*  Non-actionable assertions

7    include: "durability," "built to last," "reliability," "high-quality," "high

8    performance," "unrivaled performance," and "latest technology."  *See Anunziato v.*

9    *eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139-41 (C.D. Cal. 2005) (Selna, J.);

10   *Apodaca v. Whirlpool Corp.*,  2013 WL 6477821, at *6 (C.D. Cal. Nov. 8, 2013)

11   (Selna, J.); *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2022 WL 20286688, at

12   *4 (N.D. Cal. Feb. 24, 2022); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 234

13   (N.D. Cal. 2019).

14        All of Defendants' statements are non-actionable under this standard.

15   Plaintiffs allege Defendants advertised products using terms like "durability," "most

16   optimized," "best balance," "best choice in terms of performance, strength and

17   longevity," "finest mechanical performance," "best balance of stiffness, strength

18   weight, and rotating performance," "perfect, simply the best, every possible

19   advantage," "high-end," and "deliver the ultimate performance."  Compl. ¶¶ 76–91.

20   These statements are not quantifiable or measurable.  They are general, "subjective

21   terms whose meaning varies from person-to-person."  *AirHawk Int'l, LLC v.*

22   *TheRealCraigJ, LLC*, 2016 WL 9584008, at *4 (C.D. Cal. Aug. 1, 2016) (Selna, J.).

23        ***Plaintiffs do not satisfy Rule 9(b)***.  Plaintiffs' claims are governed by Rule

24   9(b) because they sound in fraud and arise "from an alleged unified course of

25   conduct where [Defendants] allegedly misrepresented features of [their] products."

26   *Loh v. Future Motion, Inc.*, 2022 WL 2668380, at *5 (N.D. Cal. July 11, 2022).

27   Plaintiffs must therefore describe with particularity "'the who, what, when, where,

28

Case No. 8:23-cv-02038-JVS-JDE

and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

Plaintiffs do not satisfy Rule 9(b). Other than generally stating that they were "exposed" to and "aware" of marketing messages, Compl. ¶ 13–26, Plaintiffs do not allege which of the affirmative statements (if any) they saw, where they saw them, and when. *See Kulesa v. PC Cleaner, Inc.*, 2012 WL 12886844, at *5 (C.D. Cal. Oct. 12, 2012) (Selna, J.). Some Plaintiffs do not even allege when and where they bought their bicycles. *E.g.*, Compl. ¶ 22. Plaintiffs' conclusory allegations are not sufficient under Rule 9(b)'s heightened standard.

### 2. The Alleged Omissions Are Not Actionable.

Plaintiffs also fail to state claims based on alleged omissions.

### (a) Plaintiffs Do Not Allege a Duty to Disclose Omissions.

Omissions are actionable only if there is a duty to disclose. *E.g.*, *Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*, 68 F.3d 1478, 1483 (2d Cir. 1995) (NY fraud); *Matyas v. Summerkids, Inc.*, 2023 WL 7108818, at *7 (C.D. Cal. Apr. 24, 2023) (CA fraud); *In re Fontem US, Inc.*, 2016 WL 6520142, at *6 (C.D. Cal. Nov. 1, 2016) (Selna, J.) (UCL, FAL, CLRA, GBL, ICFA, and IL fraud); *Cleary v. Philip Morris USA, Inc.*, 2010 WL 2555640, at *5 (N.D. Ill. June 22, 2010) (IL unjust enrichment); *Virgilio v. Ryland Grp., Inc.*, 2009 WL 1606494, at *6 (M.D. Fla. June 8, 2009) (FDUTPA and FL unjust enrichment). But here, Plaintiffs have not alleged that Defendants had any disclosure duty.

***Florida and Illinois.*** Under Florida and Illinois law, a duty to disclose arises only when the parties have a confidential or fiduciary relationship. *Young v. Cmty. Health Sys., Inc.*, 2023 WL 6121795, at *4 (11th Cir. Sept. 19, 2023); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 401 (7th Cir. 2011). Plaintiffs allege no such relationship. And pleading that a defendant had "exclusive knowledge of a product and its defects," *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1058 (N.D. Ill. 2022), or "superior knowledge," *DJ Lincoln Enterprises, Inc. v. Google,*

*LLC*, 2021 WL 3079855, at *3 (S.D. Fla. July 21, 2021), does not plead a duty to disclose.

**California.**  California law recognizes "four limited circumstances" in which a "duty to disclose arises": (1) a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.  *Matyas*, 2023 WL 7108818, at *7.  As explained above, Plaintiffs have not pled that Defendants owed them fiduciary duties.  The other three circumstances require a transactional "relationship between the plaintiff and defendant," such as "buyer and seller."  *Deteresa v. Am. Broad. Cos., Inc.*, 121 F.3d 460, 467 (9th Cir. 1997); *see, e.g.*, *Matyas*, 2023 WL 7108818, at *8 (finding no duty where plaintiffs did not allege any transaction between themselves and defendant).  "Such a transaction must necessarily arise from direct dealings between the plaintiff and the defendant."  *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 312 (2017).  No California Plaintiff alleges a direct transactional relationship with Defendants.  Compl. ¶¶ 15–19, 22.

Plaintiffs allege a duty to disclose based on "material safety concerns," Compl. ¶ 98, but there is no "independent duty to disclose safety concerns that exists outside the four situations" that require a fiduciary duty or transactional relationship.  *Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1260 (2018).  This theory also cannot create a duty to disclose because Plaintiffs do not allege personal injuries.  Compl. ¶ 150; *see Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 836 (2006).

**New York.**  "In the absence of a fiduciary relationship," under New York law "a disclosure duty ripens only when it becomes apparent to the non-disclosing party that another party is operating under a mistaken perception of a material fact." *Remington*, 68 F.3d at 1484.  Plaintiffs do not allege Defendants knew why

1   Plaintiffs bought their bicycles, let alone that Defendants knew Plaintiffs did so on a
2   mistaken perception about the quality of the cranksets.  *See* Compl. ¶¶ 99, 101;
3   *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 899–900 (E.D.N.Y. 2018) (finding no
4   duty absent allegations "Defendant *knew* Plaintiff was acting on the basis of the
5   mistaken knowledge").

6                    **(b)    Plaintiffs Do Not Allege Reliance on Omissions.**

7           Reliance is a required showing for every claim.  That is a function not just of
8   state law, *e.g.*, *Ono v. Head Racquet Sports USA, Inc.*, 2016 WL 6647949, at *15
9   (C.D. Cal. Mar. 8, 2016), but also of "Article III standing," *Anderson v. Apple Inc.*,
10  500 F. Supp. 3d 993, 1005–06 (N.D. Cal. 2020).  "[A] consumer's injury cannot be
11  'fairly traceable' to the defendant's alleged" omission unless that consumer "relied
12  on [the] particular omission prior to making their purchases."  *Anderson*, 500 F.
13  Supp. 3d at 1005–06.  Applying this rule in *Phillips v. Apple Inc.*, 2016 WL
14  1579693 (N.D. Cal. Apr. 19, 2016), the court held that "Plaintiffs' data overuse
15  charges" were not "'fairly traceable' to Apple's representations or omissions if
16  Plaintiffs did not rely upon those representations or omissions."  *Id.* at *7.

17          Plaintiffs fail to allege reliance because they do not allege they would have
18  been aware of any omitted disclosures.  To plead reliance, Plaintiffs must allege
19  they would have been aware of any disclosures because, for example, they "were
20  likely to encounter [] news reports or to read [] press releases."  *In re Apple*
21  *Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023).  Plaintiffs fail
22  to do that—they allege only, in conclusory terms, that they "would have heard, seen,
23  and been aware of" the alleged risk of separation had Defendants disclosed it.
24  Compl. ¶¶ 13–26.  They do not allege how they would have been aware of
25  disclosures.  No Plaintiff alleges they were likely to read trade materials, "news
26  reports," or "read [] press releases" related to Shimano, Trek, or Specialized.  *In re*
27  *Apple Processor Litig.*, 2023 WL 5950622, at *2.  Although two Plaintiffs visited
28  Specialized and/or Shimano's websites (but not Trek's), Compl. ¶¶ 18–19, they do

not allege particular facts about where they navigated on the websites or whether they would have encountered a press release or alert in that location.  *See* Fed. R. Civ. P 9(b).

### C. Plaintiffs Cannot Bring Nationwide Class Claims Under California Law (Claims 1–5).

Claims 1–5 are alleged under California law.  As explained below, for three reasons, those claims can be asserted only by purchasers who purchased their cranksets in California, not by all purchasers nationwide.  Limited to California purchasers, Claims 1–5 are duplicative of Claims 9–13 and should be dismissed because they are exactly the same claims.  *See Bolden v. Contra Costa Cnty.*, 2020 WL 13901584, at *2 (N.D. Cal. Nov. 30, 2020).

### 1. Article III Precludes Purchasers Outside California from Invoking California Law.

Article III requires Claims 1–5 to be limited to California purchasers.  For "Article III standing," a plaintiff must have "made a purchase" or otherwise been "injured in a particular state in order to bring a claim under that state's laws." *Schmitt*, 2017 WL 10574060, at *4.  Here, all Plaintiffs who bought their bicycles outside California, and were therefore not injured in the state, lack standing to bring any claims under California law.  *Id.*

### 2. Choice of Law Rules Preclude Purchasers Outside California from Invoking California Law.

Claims 1–5 must also be limited to California purchasers because other states' interests "outweigh California's interest in having its law applied" nationwide. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 590 (9th Cir. 2012).

The Ninth Circuit has determined that "the laws of the jurisdiction in which the transaction took place," not California law, should govern fraud, unjust enrichment, and consumer protection claims.  *Id.* at 594.  Indeed, "[a]fter *Mazza*, . . . it is difficult to imagine a false advertisement claim where a court could apply California law to a nationwide class."  *Schwartz v. Lights of Am.*, 2012 WL

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

4497398, at *8 (C.D. Cal. Aug. 31, 2012) (Selna, J.); *see Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015).  Consequently, courts routinely reject nationwide fraud, unjust enrichment, CLRA, FAL, and UCL claims at the pleading stage when those claims are brought under a single state's law.  *See, e.g.*, *Julian v. TTE Tech., Inc.*, 2020 WL 6743912, at *8–10 (N.D. Cal. Nov. 17, 2020); *Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at *5–10 (C.D. Cal. Apr. 10, 2018); *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, at *2–3 (C.D. Cal. June 29, 2015); *Larsen v. Vizio, Inc.*, 2015 WL 13655757, at *2 (C.D. Cal. Apr. 21, 2015); *cf. Schwartz*, 2012 WL 4497398, at *6–9 (same at class certification).

*First*, "[t]he elements" for unjust enrichment and under consumer protection statutes "vary materially from state to state."  *Mazza*, 666 F.3d at 591; *see Schwartz*, 2012 WL 4497398, at *6.  And although Plaintiffs assert that there are "no true conflicts" among each states' common-law fraud laws, Compl. ¶ 156, in reality "[t]he common law of fraud is materially different in the fifty states."  *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002); *see Vinci*, 2018 WL 6136828, at *8.

*Second*, especially for false advertising, "[e]ach of our states has an interest in balancing the range of products and prices offered to consumers with the legal protections afforded to them."  *Mazza*, 666 F.3d at 592; *see Vinci*, 2018 WL 6136828, at *9; *Schwartz*, 2012 WL 4497398, at *7.

*Third*, California's interest in governing out-of-state purchases is subordinate to other states' interests in governing in-state purchases, even though Shimano and Specialized are based in California, and even assuming they disseminated misrepresentations from California.  *See Mazza*, 666 F.3d at 590 (refusing to apply California law despite these same alleged facts).  In the false-advertising context, this Court has recognized that "the interests of foreign states will invariably prevail over California's interest any time the advertisement is disseminated to foreign

states," even if "the advertisements were fully conceived in California." *Schwartz*,

2012 WL 4497398, at *8; *see Vinci*, 2018 WL 6136828, at *9.

### 3. The Presumption Against Extraterritoriality Precludes Purchasers Outside California From Invoking California Statutes.

At minimum, the presumption against extraterritoriality precludes purchasers

outside California from bringing California statutory claims (Claims 3–5). *See*

*Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147–48 (N.D. Cal. 2013).

California courts "presume the Legislature did not intend a statute to be operative,

with respect to occurrences outside the state, unless such intention is clearly

expressed or reasonably to be inferred from the language of the act or from its

purpose, subject matter or history." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191,

1207 (2011). The presumption applies to "statutes like the UCL, FAL, and CLRA."

*Wilson*, 961 F. Supp. 2d at 1147.

Plaintiffs fail to allege facts overcoming that presumption, so they cannot

bring Claims 3–5 against Shimano and Specialized. Compl. ¶¶ 193, 221, 245. The

only acts Shimano and Specialized supposedly took in California were their

"decisions about the Defective Cranksets." *Id.* ¶¶ 84, 89. But the fact that a

company made decisions "primarily from within [California] headquarters" cannot

by itself cause California statutes to cover nonresident plaintiffs. *Sullivan*, 51 Cal.

4th at 1208.

### D. Plaintiffs' Fraud Claims Fail (Claims 1, 12, 17, 23, 29).

Plaintiffs' fraud claims fail because, as explained above, Plaintiffs do not

allege any actionable misrepresentations or omissions.

Further, the claims fail because they are based on the same alleged conduct as

the express warranty claims, *e.g.*, Compl. ¶¶ 619–21, 681–83, and seek the same

overpayment damages, *e.g.*, Compl. ¶¶ 629, 698. In all four states, a fraud claim

cannot survive if it duplicates a breach of contract claim. *See Greenberger*, 631

F.3d at 399; *Guilbert v. Gardner*, 480 F.3d 140, 148 (2d Cir. 2007); *Technolojoy*,

*LLC v. BHPH Consulting Servs., LLC*, 2021 WL 8566755, at \*5 (S.D. Fla. May 14, 2021); *Bina v. Abraxas Med. Sols.*, 2012 WL 12892745, at \*5 (C.D. Cal. Dec. 19, 2012) (Selna, J.).

**E.    Plaintiff's Express Warranty Claims Fail (Claims 6, 14, 19, 25).**

Plaintiffs' express warranty claims are based on both (1) Shimano's written warranty and (2) advertising statements.  *E.g.*, Compl. ¶ 272.  Plaintiffs cannot base their claims on the second theory because none of Shimano's advertisements is actionable or adequately pled under Rule 9(b).  *Supra*, at § IV.B.1; *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 894–95 (C.D. Cal. 2013).  Regardless, both express warranty theories fail because no Plaintiff alleges any breach of warranty.

***All Plaintiffs Except Kouyate and Hawkins.***  An express warranty claim fails if a product does not manifest issues during the warranty period.  *Brisson v. Ford Motor Co.*, 349 F. App'x 433, 434 (11th Cir. 2009); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249–50 (2d Cir. 1986); *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at \*7 (C.D. Cal. Apr. 13, 2017); *Darne v. Ford Motor Co.*, 2015 WL 9259455, at \*5 (N.D. Ill. Dec. 18, 2015); *see also In re Toyota Motor Corp.*, 2012 WL 12929769, at \*4–13 (C.D. Cal. May 4, 2012) (Selna, J.) ("*In re Toyota II*") (explaining why Florida and, generally, New York require manifestation for express warranty claims).  That's because "[i]f a manufacturer determines [the] useful life [of a product] and warrants the product for a lesser period of time, we can hardly say that the warranty is implicated when the item fails after the warranty period expires. The product has performed as expressly warranted." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).

Except Kouyate and Hawkins, Plaintiffs fail to allege that any signs of separation manifested during the warranty period for their cranksets.  Compl. ¶¶ 13–26.  Even Sielski, who says his crankset is "creaking," does not allege that the creaking began during the warranty period.  Plaintiffs' express warranty claims

therefore fail.  *See Dakin v. BMW of N. Am., LLC*, 2019 WL 5788324, at *3 (S.D. Cal. Nov. 6, 2019) (dismissing express warranty claim, in part, because at the time of the engine failure, the vehicle was no longer covered by the warranty).

   ***Kouyate and Hawkins.***  Kouyate and Hawkins allegedly had problems with their cranksets during their warranty periods, but "[m]anufacturers are not liable for breach of express warranty merely because a product manifests . . . during the warranty period.  Rather, the question is whether a plaintiff sought repairs, refunds or replacements and, if so, whether the manufacturer responded appropriately under the warranty." *Apodaca v. Whirlpool Corp.*, 2013 WL 6477821, at *9 (C.D. Cal. Nov. 8, 2013) (Selna, J.) (cleaned up); *see In re Toyota II*, 2012 WL 12929769, at *22–23 (in New York, "[p]laintiffs who have vehicles with manifested defects must set forth allegations of presentment of the vehicle and other factual content that supports a plausible inference that the defect in their vehicles could not be repaired").

   Shimano replaced Kouyate and Hawkins's cranksets with new ones with no issues, Compl. ¶¶ 18, 20—precisely as the warranty promises.  They have no express warranty claim.  *See Belle v. Chrysler Grp., LLC*, 2013 WL 949484, at *8 (C.D. Cal. Jan. 29, 2013) (Selna, J.) (dismissing express warranty claim because defendant repaired under the warranty and plaintiff did not allege deficient repair).  And although Plaintiffs claim the warranty's repair-or-replace remedy is "unconscionable and unenforceable," Compl. ¶ 436, they do not plausibly support that assertion with any facts.  *See Milman*, 2018 WL 5867481, at *6–7.

   **F.     Plaintiff's Implied Warranty Claims Fail (Claims 7, 8, 15, 20, 26, 31).**

   Plaintiffs cannot allege implied-warranty-of-merchantability claims based on Shimano's cranksets being unfit for ordinary purposes or not conforming to promises or affirmation made on containers or labels.  *See Riley v. Volkswagen Grp. Of Am., Inc.*, 2022 WL 17829997, at *1 (9th Cir. Dec. 21, 2022).

### 1.    Plaintiffs Fail to Allege That The Cranksets Are Unmerchantable.

***Fit For Ordinary Purposes.***  Plaintiffs must allege that "the product [does] not possess even the most basic degree of fitness for ordinary use." *Kanan v. Thinx Inc.*, 2021 WL 4464200, at *7 (C.D. Cal. June 23, 2021) (Selna, J.).  To do so, "Plaintiffs must allege either the manifestation of the defect in their product or a substantial certainty of manifestation." *Id.* at *7 (cleaned up).  Except for Sielski, Plaintiffs do not allege that their cranksets cannot be used for ordinary bicycle riding.  They do not allege any signs of separation in their current cranksets.  And a "defect" rate of less than 4% does not support an inference that it is substantially certain that such a "defect" will manifest.  *Am. Honda Motor Co. v. Super. Ct.*, 199 Cal. App. 4th 1367, 1377 (2011).  "[T]he existence of [a] safety recall does not adequately allege a substantial safety hazard existed." *Gutierrez*, 19 Cal. App. 5th at 1248.

***Promises on the Container or Label.***  Plaintiffs must allege "that the promises or affirmation were represented to the Plaintiff *via the container or label*." *Davis v. Abbott Labs*, 562 F. Supp. 3d 585, 588 (C.D. Cal. 2021) (emphasis added).  Plaintiffs do not allege that any promises were made on the cranksets or their labels.  Plaintiffs make only conclusory allegations that the cranksets and bicycles "do not conform to their labeling [of being] strong, safe, dependable, durable, reliable and suitable for their intended use." *E.g.*, Compl. ¶ 532(f).  But none of Plaintiffs' allegations state that the alleged promises were made on a container or label rather than in advertisements.  *E.g.*, Compl. ¶¶ 13–27, 74–91.  Direct-to-consumer advertising does not suffice.  *Davis*, 562 F. Supp. 3d at 588–89.  And even if Plaintiffs alleged that statements existed on containers or labels, those statements are non-actionable.  *Supra*, at § IV.B.1.

### 2.     Plaintiffs Are Not In Privity With Defendants.

Except for the Song-Beverly Act claims, Plaintiffs' implied warranty claims require privity.  *In re ZF-TRW Control Units Prod. Litig.*, 601 F. Supp. 3d 625, 808, 819–21, 834–35 (C.D. Cal. 2022) (CA, FL, IL, and NY).  A consumer "who buys from a retailer is not in privity with a manufacturer."  *Clemens*, 534 F.3d at 1023.

Plaintiffs cannot establish privity because they fail to allege they acquired their bicycles directly from Defendants.  Compl. ¶¶ 13–26.  They make only conclusory allegations that they had "dealings" with Defendants' "agents (retailers)."  *E.g.*, Compl. ¶ 295.  That is not enough.  An authorized dealership "is not an agent per se of the manufacturer."  *In re ZF-TRW*, 601 F. Supp. 3d at 808, 819–21, 835 (CA, FL, IL, and NY law applied).  Plaintiffs must allege more than a purchase from an authorized dealer (or retailer); they must allege facts sufficient to establish an agency relationship.  *Id.* at 808.  They have not.  And they have not adequately pled any exception to the privity requirement.  *E.g.*, Compl. ¶ 295.

***Dangerous Instrumentalities***.  California and New York do not recognize this exception for claims for economic damages.  *In re Toyota Motor Corp.*, 754 F. Supp. 2d 1145, 1185–86 (C.D. Cal. 2010) (*In re Toyota I*); *In re ZF-TRW*, 601 F. Supp. 3d at 834–35 (NY); *see also Cummings v. FCA U.S. LLC*, 401 F. Supp. 3d 288, 311–12 (N.D.N.Y. 2019) (collecting cases).  And Defendants are not aware of a case in Florida or Illinois that has recognized the exception for such claims.

***Third-Party Beneficiary***.  The weight of authority in California, Illinois, Florida, and New York does not recognize this exception.  *Cho*, 636 F. Supp. 3d at 1176 (FL and IL); *Johnson v. Nissan N. Am., Inc.*, 2018 WL 905850, at *5 (N.D. Cal. Feb. 15, 2018) (same); *Corson v. Toyota Motor Sales, U.S.A., Inc.*, 2013 WL 1802709, at *9 (C.D. Cal. Apr. 24, 2013) (NY); *Zakikhan v. Hyundai Motor Co.*, 2021 WL 4805454, at *9 (C.D. Cal. June 28, 2021) (CA); *cf. Clemens*, 534 F.3d at 1024 ("California courts have painstakingly established the scope of the privity

requirement . . . and a federal court sitting in diversity is not free to create new exceptions to it.").

Even if a third-party beneficiary exception existed, Plaintiffs have failed to plead that they were third-party beneficiaries. Plaintiffs do not allege Defendants made the bicycles *specifically* for them. *See Allstate Ins. Co. v. Toyota Motor Mfg. N. Am., Inc.*, 2009 WL 3147315, at *2 (N.D. Ill. Sept. 28, 2009). Nor do they allege the details of the contracts between Defendants and the retailers and how they were intended to benefit Plaintiffs. *See Cummings*, 401 F. Supp. 3d at 313; *Merino v. Ethicon Inc.*, 536 F. Supp. 3d 1271, 1286 (S.D. Fla. 2021); *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1011 (S.D. Cal. 2021); *Varner v. Domestic Corp.*, 2017 WL 3730618, at *12 (S.D. Fla. Feb. 7, 2017).

## G.   Plaintiff's Consumer Protection Claims Fail (Claims 3–5, 9–11, 16, 21–22, 27–28).

All of Plaintiffs' consumer protection claims fail because Plaintiffs do not allege actionable misrepresentations or omissions. They also fail for the following reasons.

***CLRA (Claims 3 and 9).*** Plaintiffs seek only injunctive relief under the CLRA. Compl. ¶¶ 217, 338. They cannot pursue that remedy. *Infra*, at § IV.I.

***ICFA/IUDTPA (Claims 21–22).*** These Illinois statutes cannot be used to assert "simple breach of contract claims." *Lambert v. Dollar Gen. Corp.*, 2017 WL 2619142, at *6 (N.D. Ill. June 16, 2017). Plaintiffs' claims under these statutes are based on the same misrepresentations and omissions and seek the same overpayment damages as their express warranty claims. Compl. ¶¶ 516–17, 524, 550, 558, 568, 574. Their statutory claims are thus "merely [their] breach of express warranty claim clothed in different garb," and must be dismissed. *Lambert*, 2017 WL 2619142, at *6; *see Parrot v. Fam. Dollar, Inc.*, 2018 WL 2118195, at *2–4 (N.D. Ill. May 8, 2018). Further, because only injunctive relief is available under

the IUDTPA, Claim 22 fails for the reasons explained below.  *See Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 918–19 (N.D. Ill. 2013); *infra*, at § IV.I.

**Multiple Claims.**  Even if Plaintiffs can bring some consumer protection claims, they cannot take a grab-bag approach.  No Plaintiff may bring claims under two states' consumer protection laws "at the same time."  *Cimoli v. Alacer Corp.*, 587 F. Supp. 3d 978, 988 (N.D. Cal. 2022).  As a result, the Florida, Illinois, and New York Plaintiffs cannot bring consumer protection claims under their states' laws (Claims 16, 21–22, 27–28) and *also* under California law (Claims 3–5). Compl. ¶¶ 193, 221, 245, 452, 539, 564, 645, 662.  Moreover, the California Plaintiffs cannot bring Claims 3–5 and Claims 9–11, which assert the same claims under California law.  *See Bolden*, 2020 WL 13901584, at *2.

### H.   Plaintiffs' Unjust Enrichment Claims Fail (Claims 2, 13, 18, 24, 30).

All of Plaintiffs' unjust enrichment claims fail because Plaintiffs do not allege actionable misrepresentations or omissions.  They also fail for the following reasons.

#### 1.   Plaintiffs' Unjust Enrichment Claims Duplicate Their Other Claims.

Under New York law and Florida law, an unjust enrichment claim should be dismissed if it "relies on the same conduct that forms the basis of the plaintiff's other claims," even when "pleaded in the alternative."  *Bermudez v. Colgate-Palmolive Co.*, 2023 WL 2751044, at *14–15 (S.D.N.Y. Mar. 31, 2023); *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1196 (S.D. Fla. 2017).  Here, Plaintiffs' New York and Florida unjust enrichment claims must be dismissed because they are duplicative of other claims, *e.g.*, Compl. ¶¶ 461, 652, 705, and also seek the same overpayment damages, *e.g.*, Compl. ¶¶ 469, 658, 711–12.  Such "unjust enrichment claims are duplicative of [NY]GBL claims," *Ham v. Lenovo (United States) Inc.*,

664 F.Supp.3d 562, 584 (S.D.N.Y.  2023), and of "FDUTPA claim[s]," *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013).

In California and Illinois, where an unjust enrichment claim is duplicative of another claim, "the unjust enrichment claim will be tied to this related claim" and "stand or fall with" it. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011); *Lee v. Nature's Path Food, Inc.*, 2023 WL 7434963, at *6 (S.D. Cal. Nov. 9, 2023).  Plaintiffs' California and Illinois unjust enrichment claims must be dismissed because their other California and Illinois claims fail.

### 2.  Shimano's Express Warranty Precludes All Unjust Enrichment Claims Against Shimano.

In all four states, "[w]hen two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract." *Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688–89 (7th Cir. 2004); *accord Glob. Network Mgmt., LTD. v. Centurylink Latin Am. Sols., LLC*, 67 F.4th 1312, 1316 (11th Cir. 2023); *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587 (2d Cir. 2006); *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  Thus, "where the existence of a contract between the parties is undisputed, an unjust enrichment claim will seldom survive a motion to dismiss." *Gociman*, 41 F.4th at 887.  "In determining whether a claim falls outside a contract, the subject matter of the contract governs, not whether the contract contains terms or provisions related to the claim." *Util. Audit, Inc.*, 383 F.3d at 689.

Plaintiffs' unjust enrichment claims against Shimano fail because Shimano's express warranty covers the subject matter of crankset performance.  *E.g.*, Compl. ¶¶ 272, 514.  Plaintiffs themselves allege that Shimano's express warranty is valid and bring express warranty claims based on that warranty—on the same theory as the unjust enrichment claims.  Plaintiffs cannot bring "quasi-contract claim while bringing an express warranty claim." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp.

3d 1103, 1159 (S.D. Cal. 2021); *see also Takeya USA Corp. v. PowerPlay Mktg. Grp., LLC*, 2022 WL 17357781, at *17 (C.D. Cal. Sept. 1, 2022) (Selna, J.); *Koski*, 347 F. Supp. 3d at 1195.

### 3. Plaintiffs Cannot Maintain All of Their Unjust Enrichment Claims At the Same Time.

Even if some unjust enrichment claims could survive (they cannot), each Plaintiff may bring only *one* claim under *one* state's law.  There is "no authority authorizing a party to bring . . . an unjust enrichment claim under California law and a separate unjust enrichment claim under [another state's] law based on the same underlying facts."  *Julian*, 2020 WL 6743912, at *10.

Here, the Florida, Illinois, and New York Plaintiffs cannot bring unjust enrichment claims under California law (Claim 2) and also under their states' laws (Claims 18, 24, 30), all of which are based on the same underlying facts.  Compl. ¶¶ 179, 496, 601, 702.  Similarly, the California Plaintiffs cannot bring both Claims 2 and 13, both of which allege unjust enrichment under California law.  Compl. ¶¶ 179, 409; *see Bolden*, 2020 WL 13901584, at *2.

## I. Plaintiffs Cannot Seek An Injunction.

### 1. Plaintiffs Lack Article III Standing.

To seek injunctive relief, Plaintiffs must be at risk of "actual and imminent, not conjectural or hypothetical" threat of "future injury."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).  That means Plaintiffs must "sufficiently allege their intention to repurchase the product at issue."  *Id.* at 969 n.5.

Plaintiffs cannot meet that threshold.  They say they "would purchase" Defendants' products "in the future," Compl. ¶¶ 13–26, but they do not (and cannot) plead their intention to repurchase bicycles with "the *specific* [cranksets]" at issue in this case.  *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1077 (S.D. Cal. 2019).  Defendants have "stopped selling the Defective Cranksets."  Compl. ¶ 55.  And Plaintiffs are aware of the "production code[s]" for all "affected

models" of cranksets, Compl. ¶ 37, all of which (the model name, number, and production code) are visibly "stamped" on each crankarm, RJN, Exs. 4–5.  (This is why Plaintiffs can easily allege the model and production codes for their own cranksets.  Compl. ¶¶ 13–26.)  Plaintiffs cannot be in "imminent" danger of repurchasing a crankset Defendants "no longer sell," *Moore v. Mars Petcare US, Inc.*, 2023 WL 4536882, at *7 (N.D. Cal. July 12, 2023), and that Plaintiffs can easily identify "by simply looking at the label," *Matic v. United States Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019); *Scruggs v. Mars, Inc.*, 2023 WL 3668706, at *10 (C.D. Cal. May 22, 2023).

### 2.     Plaintiffs Have An Adequate Legal Remedy.

Plaintiffs also cannot seek injunctive relief because they fail to allege an inadequate legal remedy.  Plaintiffs must "plead the inadequacy of legal remedies before requesting" any "injunctive relief."  *Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) (Selna, J.).  Plaintiffs do not allege how the money damages they seek—a refund of "their overpayment" for the cranksets, *e.g.*, Compl. ¶ 106—is inadequate.  "Courts generally hold that monetary damages are an adequate remedy for claims based on an alleged product defect."  *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020); *see also Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (damages adequate for defective vehicle fuel pumps).  Plaintiffs do not allege how "lost money," which is "a form of harm for which legal damages does seem to be an adequate remedy," fails to adequately compensate them here. *Adams*, 2020 WL 5648605, at *3.

### J.     Some Plaintiffs' Claims Are Barred by Statutes of Limitations.

The statute of limitations bars several of Plaintiffs' claims.  And Plaintiffs' allegations concerning delayed discovery and concealment do not make these claims

1   timely.  Compl. ¶¶ 127–37.[4]

2       **Tirado (FL).**  Tirado purchased his bicycle in January 2019, more than four

3   years before the initial complaint was filed on October 3, 2023.  Compl. ¶ 26.  His

4   unjust enrichment and FDUTPA claims are untimely under the four-year statute of

5   limitations, which does not allow for a delayed discovery rule.  *See Licul*, 2013 WL

6   6328734, at *6; *Williams v. Yamaha Motor Corp., U.S.A.*, 2015 WL 13626022, at

7   *13 (C.D. Cal. Jan. 7, 2015).  Plaintiffs' allegations of concealment cannot extend

8   the limitations period, Compl. ¶ 131, because they do not "go beyond mere non-

9   disclosure," *Licul*, 2013 WL 6328734, at *6, and there is no duty to disclose

10  anyway, *supra*, at § B.2.(a).

11      **Adelman (NY).**  Adelman purchased his bicycle in May 2018.  Compl. ¶ 13.

12  All of his claims, except his fraud claim, are untimely under the applicable three-

13  and four-year statutes of limitations, which does not allow for a delayed discovery

14  rule.  *See Williams*, 2015 WL 13626022, at *4, *13 (three years for implied

15  warranty, four years for unjust enrichment); *Gould v. Helen of Troy Ltd.*, 2017 WL

16  1319810, at *2–3 (S.D.N.Y. Mar. 30, 2017) (three years for GBL §§ 349-350);

17  *Brainard v. Freightliner Corp.*, 2002 WL 31207467, at *2–3 (W.D.N.Y. Oct. 1,

18  2002) (four years for express warranty).  He cannot extend the limitations period by

19  alleging an "act of concealment," because that act must be *different* from the "act

20  which forms the basis of the plaintiff's underlying substantive causes of action."

21  *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 170 F. Supp. 3d 488, 497 (W.D.N.Y.

22  2016).  Here, the two acts are the same.  *See id.* at 497–98; Compl. ¶ 131.

23      **Delgado, Gonyer, and Jennings (CA).**  Delgado purchased his crankset in

24  April 2017; Gonyer purchased his crankset in August 2019; and Jennings purchased

25  his crankset in July 2019.  Compl. ¶¶ 15, 17, 19.  Their warranty and Song-Beverly

26

27  ─────────────
    [4] At least one Plaintiff violates Rule 9(b) by not alleging when he bought his

28  bicycle.  *Supra*, at § IV.B.1.

Act claims are untimely under the four-year statutes of limitations, which does not allow for a delayed discovery rule. *See Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1017 (S.D. Cal. 2020); *Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 961 (S.D. Cal. 2016). Defendants' alleged concealment cannot extend the limitations period because Defendants' alleged misrepresentations and omissions were meant "to convince consumers to purchase or rent the product," and were "not separate deceptive conduct intended to induce Plaintiffs to sit on their claims." *Lucas*, 212 F. Supp. 3d at 962.

## V.     CONCLUSION

The Complaint should be dismissed.

DATED: February 7, 2024              MUNGER, TOLLES & OLSON LLP


By: _____*/s/ L. Ashley Aull*_____
          L. ASHLEY AULL

*Counsel for Defendants Shimano North America Bicycle, Inc., Shimano North America Holding, Inc., Specialized Bicycle Components, Inc., and Trek Bicycle Corporation*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 11-6, the undersigned, counsel of record for Defendants Shimano North America Bicycle, Inc., Shimano North America Holding, Inc., Specialized Bicycle Components, Inc., and Trek Bicycle Corporation, certifies that this brief contains 9,981 words, which complies with the word limit set by Court order dated January 30, 2024 (Dkt. 49).

DATED: February 7, 2024                  MUNGER, TOLLES & OLSON LLP


                                         By:     /s/ L. Ashley Aull
                                                 L. ASHLEY AULL

                                         *Counsel for Defendants Shimano North America Bicycle, Inc., Shimano North America Holding, Inc., Specialized Bicycle Components, Inc., and Trek Bicycle Corporation*