1  ROLAND TELLIS (SBN 186269)
   **BARON & BUDD, P.C.**
2  15910 Ventura Blvd., Suite 1600
   Encino, California 91436
3  Telephone: (818) 839-2333
   rtellis@baronbudd.com
4
   STEPHEN G. LARSON (SBN 145225)
5  **LARSON LLP**
   555 South Flower Street, 30th Floor
6  Los Angeles, California 90071
   Telephone: (213) 436-4888
7  slarson@larsonllp.com

8  JASON L. LICHTMAN (*pro hac vice*)
   **LIEFF CABRASER HEIMANN &**
9  **BERNSTEIN LLP**
   250 Hudson Street
10 New York, New York 10013
   Telephone: (212) 355-9500
11 jlichtman@lchb.com

12 *Interim Class Counsel*

13 *(additional Plaintiffs' counsel appear on the
   signature block)*
14

15                **UNITED STATES DISTRICT COURT**

16                **CENTRAL DISTRICT OF CALIFORNIA**

17                       **SOUTHERN DIVISION**

18

19 | In re: Shimano Crankset Litigation | Case No.: 8:23-cv-02038-JVS(JDEx) |

20 **MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e)**

23 Date: July 28, 2025
24 Time: 1:30 pm
   Courtroom: 10C
25 Judge: Hon. James V. Selna

26

27

28

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ...................................................................................... 1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................ 2

III.    THE SETTLEMENT TERMS AND RELIEF PROVIDED TO THE PROPOSED SETTLEMENT CLASS ..................................................... 3

IV.     LEGAL STANDARD FOR PRELIMINARY SETTLEMENT APPROVAL UNDER RULE 23 ......................................................... 4

V.      THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE ........ 5

        A.      Fed. R. Civ. P. 23(e)(2)(A): Class Representatives and Interim Class Counsel Have Adequately Represented the Class ..................... 6

        B.      Fed. R. Civ. P. 23(e)(2)(B): The Settlement Is the Result of Arm's Length Negotiations ................................................................. 8

        C.      Fed. R. Civ. P. 23(e)(2)(C): The Relief for the Class Is Substantial ......................................................................................... 9

                1.      The Settlement's Benefits Outweigh the Costs, Risks, and Delay of Further Litigation and Trial .......................................... 9

                2.      The Settlement Provides for a Straightforward Claims Process .............................................................................. 10

                3.      The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment, Will Be Reasonable................. 11

                4.      No Other Agreements Exist.......................................................... 11

        D.      Fed. R. Civ. P. 23(e)(2)(D): The Settlement Treats Class Members Equitably ................................................................... 11

VI.     THE COURT WILL BE LIKELY TO CERTIFY THE CLASS AT FINAL APPROVAL ........................................................................ 13

        A.      The Settlement Class Satisfies Rule 23(a) .......................................... 13

                1.      Rule 23(a)(1): Numerosity Is Satisfied....................................... 13

                2.      Rule 23(a)(2): Commonality Is Satisfied .................................... 14

                3.      Rule 23(a)(3): Typicality Is Satisfied .......................................... 15

                4.      Rule 23(a)(4): Adequacy Is Satisfied .......................................... 15

        B.      The Settlement Satisfies the Requirements of a Rule 23(b)(2) Class. .................................................................................................. 16

        C.      The Settlement Class Meets Rule 23(b)(3)'s Requirements................. 17

                1.      Predominance Is Satisfied. .......................................................... 17

                2.      Class treatment is superior to other available methods for the resolution of this case. ................................................... 18

VII.    THE PROPOSED NOTICE PROGRAM PROVIDES THE BEST NOTICE PRACTICABLE TO THE PROPOSED SETTLEMENT CLASS................................................................................................. 19

# TABLE OF CONTENTS

**PAGE**

VIII.  THE COURT SHOULD SCHEDULE A FAIRNESS HEARING AND RELATED DATES ........................................................................................ 21

IX.    CONCLUSION ................................................................................................ 21

CERTIFICATE OF COMPLIANCE ........................................................................ 24

3245117.5

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Alvarez v. Sirius XM Radio Inc.*,
  No. CV 18-8605 JVS, 2020 WL 7314793 (C.D. Cal. July 15, 2020)............... 10

*Amchem Prods. Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................ 17

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020) ........................................................... 6

*Cottle v. Plaid Inc.*,
  340 F.R.D. 356 (N.D. Cal. 2021) ....................................................... 9

*Erazo, et. al., v. Shimano, et. al.*,
  No. 8:23-cv-01866 (C.D. Cal. Oct. 3, 2023) ........................................ 2

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ......................................................... 15

*Fed. Ins. Co. v. Caldera Med., Inc.*,
  No. 2:15-cv-00393, 2017 WL 11037391 (C.D. Cal. Jan. 31, 2017) .................... 5

*Grady v. RCM Techs., Inc.*,
  671 F. Supp. 3d 1065 (C.D. Cal. 2023) ............................................. 13

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...........................................11, 15, 17, 18

*Hashem v. NMC Health PLC*,
  No. 2:20-cv-02303, 2022 WL 3573145 (C.D. Cal. Apr. 8, 2022) .................... 12

*In re Abbott Laboratories Norvir Anti-Trust Litigation*,
  Nos. C 04-1511, 2007 WL 1689899 (N.D. Cal. 2007) ...................................... 14

*In re First Alliance Mortg. Co.*,
  471 F.3d 977 (9th Cir. 2006) ........................................................... 17

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) ....................................................... 5, 17

*In re Kia Hyundai Vehicle Theft Litig.*,
  No. 8:22-ML-03052, 2023 WL 8126851 (C.D. Cal. Aug. 16, 2023) ........ 7, 8, 12

*In re Silver Wheaton Corp. Securities Litigation*,
  No. 2-15-cv-05146, 2017 WL 2039171 (C.D. Cal. 2017) ................................ 14

3245117.5

# TABLE OF AUTHORITIES

1

2

**PAGE**

3   *In re Stable Rd. Acquisition Corp.*,
4       No. 2:21-CV-5744-JFW(SHKX), 2024 WL 3643393 (C.D. Cal. Apr. 23, 2024)..................................................................................6

5   *In re Volkswagen "Clean Diesel" Marketing*,
6       No. 15-md-02672, 2022 WL 17730381 ......................................10, 14

7   *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
8       No. 2672 CRB (JSC), 2016 WL 4010049 (N.D. Cal. July 29, 2016)...............15

9   *In re: ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
        No. 19-2905, 2023 WL 9227002 (C.D. Cal. Nov. 28, 2023)............................12
10

11  *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
        No. 2:19-ml-02905, 2023 WL 6194109 (C.D. Cal. July 31, 2023) ............*passim*

12  *Lalli v. First Team Real Est.-Orange Cnty.*,
13      No. 8:20-CV-00027-JWH-ADSX, 2021 WL 12331537 (C.D. Cal. July 7, 2021)* ....................................................................................8

14
    *Linney v. Cellular Alaska Partnership*,
15      151 F.3d 1234 (9th Cir. 1998)..................................................................7

16  *Loomis v. Slendertone Distrib., Inc.*,
        No. 19-cv-854, 2021 WL 873340 (S.D. Cal. Mar. 9, 2021) ................................6
17

18  *Markson v. CRST International, Inc.*,
        No. 5:17-CV-01261-SB-SP, 2022 WL 1585745 (C.D. Cal. Apr. 1,
19      2022)................................................................................................5

20  *Martinelli v. Johnson & Johnson*,
        No. 2:15-cv-01733-MCE-DB, 2022 WL 4123874 (E.D. Cal. Sept.
21      9, 2022)........................................................................................10

22  *Mild v. PPG Indus., Inc.*,
23      No. 2:18-cv-04231, 2019 WL 3345714 (C.D. Cal. July 25, 2019)....................6

24  *Orozco v. Ardent Companies, Inc.*,
        Civ. No. 18-2763, 2019 WL 13023812 (C.D. Cal. Sept. 12, 2019)..................13

25  *Parsons v. Ryan*,
26      754 F.3d 657 (9th Cir. 2014) ...............................................................15

27

28

MOTION FOR PRELIM. APPROVAL
Case No.: 8:23-cv-02038-JVS(JDEx)

3245117.5

# TABLE OF AUTHORITIES

**PAGE**

*Peterson v. Vivendi Ticketing US LLC,*
   No. CV 23-7498, 2024 WL 3915154 (C.D. Cal. June 20, 2024)........................ 7

*Probe v. State Teachers' Ret. Sys.,*
   780 F.2d 776 (9th Cir. 1986) ............................................................... 16

*Radcliffe v. Experian Info. Solutions Inc.,*
   715 F.3d 1157 (9th Cir. 2013) ............................................................. 12

*Rannis v. Recchia,*
   380 F. App'x 646 (9th Cir. 2010)......................................................... 13

*Rodriguez v. W. Pub. Corp.,*
   563 F.3d 948 (9th Cir. 2009) ............................................................... 12

*Roes, 1-2 v. SFBSC Mgmt., LLC,*
   944 F.3d 1035 (9th Cir. 2019) ............................................................... 5

*Smith v. Cardinal Logistics Mgmt. Corp.,*
   No. 07-2104 SC, 2008 WL 4156364 (N.D. Cal. Sept. 5, 2008) ......................... 19

*Spencer v. Hartford Fin. Servs. Grp., Inc.,*
   256 F.R.D. 284 (D. Conn. 2009) .......................................................... 18

*Stockwell v. City & County of San Francisco,*
   749 F.3d 1107 (9th Cir. 2014) ............................................................. 14

*Trosper v. Styker Corp.,*
   No. 13-CV-0607-LHK, 2014 WL 4145448 (N.D. Cal. Aug. 21,
   2014)........................................................................................... 16

*Tyson Foods, Inc. v. Bouaphakeo,*
   577 U.S. 442 (2016) ........................................................................ 17

*Valentino v. Carter-Wallace, Inc.,*
   97 F.3d 1227 (9th Cir. 1996) .............................................................. 13

*Wal-Mart Stores, Inc. v. Dukes,*
   564 U.S. 338 (2011) .................................................................... 14, 16

*Wolin v. Jaguar Land Rover N.A., LLC,*
   617 F.3d 1168 (9th Cir. 2010).................................................. 14, 15, 17, 18

*Zinser v. Accufix Research Inst.,*
   253 F.3d 1180 (9th Cir. 2001) ............................................................. 16

3245117.5

# TABLE OF AUTHORITIES

**PAGE**

**Statutes**

California Legal Remedies Act ................................................................. 20

**Court Rules**

Fed. R. Civ. P. 23 .................................................................................. *passim*

Fed. R. Civ. P. 23(a) ............................................................................ *passim*

Fed. R. Civ. P. 23(b) ............................................................................ *passim*

Fed. R. Civ. P. 23(c) .................................................................................. 4, 19

Fed. R. Civ. P. 23(e) ............................................................................ *passim*

Fed. R. Civ. P. 23(h) .................................................................................. 11

**Treatises**

7A C.A. Wright, A.R. Miller, & M. Kane, Federal Practice &
     Procedure § 1777 (2d ed. 1986) ....................................................... 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    <u>INTRODUCTION</u>

Plaintiffs respectfully seek preliminary approval of a class action settlement reached after extensive negotiations and the hard-fought efforts of the parties in this consolidated action.[1] The Settlement resolves claims arising from the nationwide, voluntary recall of approximately 680,000 Shimano Hollowtech II cranksets due to reports of bonding separation and breakage. After more than a year of hard-fought litigation, discovery, and arm's-length negotiations, including a full-day mediation before the Hon. Judge Margaret Morrow (Ret.), the parties reached a settlement that delivers substantial and concrete relief for the Settlement Class.

Among other benefits, the Settlement: (1) requires Shimano to overhaul its voluntary-recall inspection process; (2) mandates enhanced training and equipment for retailers administering the recall; (3) guarantees a free replacement crankset for any recalled unit showing signs of bonding separation or delamination during the recall inspection process, with professional installation by a retailer; (4) ensures reimbursement for documented out-of-pocket costs for Class Members who replaced out-of-warranty Defective Cranksets that separated, delaminated, or showed signs of doing so before Shimano announced the voluntary recall; and (5) extends Shimano's Express Warranty by two years from the date of preliminary approval for coverage of bonding separation and delamination.

As set forth below, the proposed Settlement is the product of serious, informed, and non-collusive negotiations. The Settlement satisfies the standards of fairness, reasonableness, and adequacy under Rule 23(e), as well as the requirements under Rule 23(a) and (b), and merits preliminary approval and prompt notice to the Settlement Class.

---

[1] The proposed Settlement Agreement (the "Settlement") is Exhibit A to the Declaration of Roland Tellis, Stephen Larson, and Jason Lichtman in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement and Direction of Notice under Fed. R. Civ. P. 23(e) [hereinafter Joint Decl.]. Capitalized terms not defined herein are defined as in the Settlement.

1

MOTION FOR PRELIM. APPROVAL
Case No.: 8:23-cv-02038-JVS(JDEx)

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 21, 2023, Shimano North America Bicycle Inc. announced a voluntary recall of its Hollowtech II cranksets manufactured before July 2019. ECF No. 123 ¶ 36. The recall, issued in collaboration with the U.S. Consumer Product Safety Commission ("CPSC"), followed reports of bonding separation and breakage.[2]

On October 3, 2023, four plaintiffs filed a class action in this Court against Shimano and several bicycle manufacturers concerning the Defective Cranksets. *See Erazo, et. al., v. Shimano, et. al.*, No. 8:23-cv-01866 (C.D. Cal. Oct. 3, 2023). A second, similar class action followed on October 31, 2023. ECF No. 1. The Court consolidated the actions on December 12, 2023. ECF No. 23.

On January 8, 2024, Plaintiffs filed a Corrected Consolidated Class Action Complaint asserting 31 claims against Shimano, Specialized, Trek, and Giant (together, "Defendants"). *See* ECF No. 32. Plaintiffs alleged fraudulent misrepresentation, unjust enrichment, and various state claims on behalf of a nationwide class, along with state statutory and common law claims on behalf of California, Florida, Illinois, and New York subclasses. *See id.* ¶¶ 154 *et seq.*

Defendants moved to dismiss on February 7, 2024. *See* ECF No. 56. On April 12, 2024, the Court granted the motion in part, with leave to amend. *See* ECF No. 78. Plaintiffs filed their First Amended Consolidated Class Action Complaint on May 3, 2024. *See* ECF No. 83. Defendants again moved to dismiss, and the Court again granted the motion with leave to amend. *See* ECF Nos. 87, 97.

Following the Court's detailed rulings, the parties agreed to stay the case and pursue private mediation. *See* ECF No. 99. On September 18, 2024, the parties participated in a full-day mediation before the Hon. Judge Margaret Morrow (Ret.). *See* ECF No. 100. Although the session was productive, it did not result in a

---

[2] *See* https://www.cpsc.gov/Recalls/2023/Shimano-Recalls-Cranksets-for-Bicycles-Due-to-Crash-Hazard (last visited on June 10, 2025).

3245117.5                                                    MOTION FOR PRELIMINARY APPROVAL

settlement. *Id.*

Over the months that followed, the parties continued to negotiate, including with Judge Morrow's assistance. Plaintiffs also retained an engineering expert to analyze confirmatory discovery produced by Defendants. These efforts culminated in a resolution that addresses Plaintiffs' and the Settlement Class's concerns. *See* ECF Nos. 102, 104, 106. The parties finalized the Settlement Agreement on March 31, 2025. *See* ECF No. 113. The Settlement Agreement is attached as Exhibit A to the accompanying Joint Declaration of counsel and summarized below.

As required by the Settlement, Shimano submitted a Proposed Enhanced Manual to CPSC for approval. *See* § 10.1.[3] The CPSC approved the manual on May 12, 2025 Plaintiffs subsequently filed their Second Amended Complaint on May 30, 2025. ECF No. 123.

## III.    THE SETTLEMENT TERMS AND RELIEF PROVIDED TO THE PROPOSED SETTLEMENT CLASS

The Settlement requires Shimano to significantly enhance its administration of the recall of the Designated Cranksets. Under the Settlement, Shimano will provide Recall Retailers with magnifying devices equipped with enhanced lighting for use during inspections. Recall Retailers will also receive the Approved Enhanced Manual, which was developed over several months in consultation with an expert who reviewed Defendants' documents and analyzed the root causes of bonding separation and breakage.[4] § 4.1.1-4.1.2; *see also* ECF No. 104. Shimano must also make available a Retail Assistance Agent to support Recall Retailers with questions about how to conduct Inspections. § 4.1.3.

To ensure compliance, the Settlement requires Shimano to notify every Recall Retailer of the enhanced inspection procedures and to affirm that each

---

[3] All references to "§ []" are to the Settlement. All referenced exhibits are attached to the accompanying Joint Declaration.

[4] Pursuant to the Settlement, "Recall Retailer" means a retailer in the United States that is authorized by Shimano to conduct Inspections. § 2.27.

retailer: (1) has reviewed and understands the training materials; (2) will use the magnifying device provided during all inspections; and (3) will contact the Retail Assistance Agent with any questions regarding inspection protocols. § 4.1.4.

In addition, Shimano will extend its Express Warranty's coverage of bonding separation and delamination by two years from the date of Preliminary Approval, providing additional protection for consumers who own Defective Cranksets. § 4.2. These provisions supplement Shimano's recall procedures, which specify that if a Designed Crankset shows signs of bonding separation or delamination during the inspection, Shimano will provide a free replacement crankset, which will be professionally installed by a Recall Retailer at no cost to the consumer.[5]

Finally, the Settlement provides reimbursement for Settlement Class Members who previously replaced a Designated Crankset that separated, delaminated, or showed signs of doing so. Defendants will reimburse documented, reasonable out-of-pocket costs associated with those replacements. § 4.3.

## IV. LEGAL STANDARD FOR PRELIMINARY SETTLEMENT APPROVAL UNDER RULE 23

Federal Rule of Civil Procedure 23(e) sets forth a three-step process for a district court's review and approval of class action settlements. First, at the preliminary approval stage, the Court must determine whether it will likely: (i) approve the proposed settlement as fair, reasonable, and adequate, after considering the factors outlined in Rule 23(e)(2), and (ii) certify the settlement class after the final approval hearing. *See* Fed. R. Civ. P. 23(e)(1)(B); *see also* 2018 adv. comm. notes to Rule 23.

If the Court answers both questions in the affirmative, it proceeds to the second step: directing notice to the proposed settlement class. *See* Fed. R. Civ. P. 23(c)(2)(B); Fed. R. Civ. P. 23(e)(1), (5). The final step occurs after the fairness

---

[5] https://www.cpsc.gov/Recalls/2023/Shimano-Recalls-Cranksets-for-Bicycles-Due-to-Crash-Hazard

hearing, when the court determines whether to grant final approval and certify the settlement class. Fed. R. Civ. P. 23(e)(2).

Courts in this Circuit strongly favor settlement, particularly in complex class action cases. *See In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. 2:19-ml-02905, 2023 WL 6194109, at *13 (C.D. Cal. July 31, 2023) ("*In re ZF-TRW I*") (citation omitted); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (articulating "extremely limited review of a district court's approval of a class settlement.").

The court's role is to ensure the settlement "is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Fed. Ins. Co. v. Caldera Med., Inc*., No. 2:15-cv-00393, 2017 WL 11037391, at *3 (C.D. Cal. Jan. 31, 2017). Where a settlement occurs before class certification, the Court applies a more "probing inquiry" to assess fairness. *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019) (cleaned up).

## V.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

The Court must determine whether the Settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "Preliminary approval is appropriate if the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Markson v. CRST International, Inc.*, No. 5:17-CV-01261-SB-SP, 2022 WL 1585745, at *2 (C.D. Cal. Apr. 1, 2022).

In making this assessment, courts consider the Rule 23(e)(2) requirements, including whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate…, and (D) the proposal treats class members

equitably relative to each other."[6]

As shown below, the Settlement is an outstanding result for the Settlement Class and easily satisfies each of these requirements.

### A.    Fed. R. Civ. P. 23(e)(2)(A): Class Representatives and Interim Class Counsel Have Adequately Represented the Class

Rule 23(e)(2)(A) directs the Court to consider whether "the class representatives and class counsel have adequately represented the class." "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Stable Rd. Acquisition Corp.*, No. 2:21-CV-5744-JFW(SHKX), 2024 WL 3643393, at *5 (C.D. Cal. Apr. 23, 2024).

Here, Plaintiffs meet this standard. Their interests are fully aligned with the proposed Settlement Class—they all seek the best possible result from this litigation and there is no evidence of conflict or antagonism. *See Mild v. PPG Indus., Inc.*, No. 2:18-cv-04231, 2019 WL 3345714, at *3 (C.D. Cal. July 25, 2019) ("Because Plaintiff's claims are typical of and coextensive with the claims of the Settlement Class, his interest in obtaining the largest possible recovery is aligned with the interests of the rest of the Settlement Class members."); *see also* § VI, *infra*.

Further, Interim Class Counsel zealously prosecuted this case. Counsel conducted an extensive investigation of the Designated Cranksets, identifying thousands of customer complaints and warranty claims dating back to 2012. *See* ECF No. 123 ¶¶ 1-6, 13-100. Using blog posts, media reports, and client documents, Counsel developed a detailed timeline showing that Defendants

---

[6] The amended Rule 23(e)(2) "overlap[s]" with and "substantively track[s]" the Ninth Circuit's factors for evaluating a settlement's fairness. *Loomis v. Slendertone Distrib., Inc.*, No. 19-cv-854, 2021 WL 873340, at *4 n.4 (S.D. Cal. Mar. 9, 2021). As such, Plaintiffs' analysis of Rule 23(e)(2) accounts for the Ninth Circuit's factors. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (summarizing factors).

3245117.5                                                            MOTION FOR PRELIMINARY APPROVAL

continued to sell the Designated Cranksets and Class Bicycles despite mounting evidence of crankset failures. *Id.* Counsel's investigation culminated in the filing of this action, asserting several state and common law claims on behalf of a nationwide class and multiple state subclasses against Defendants. *See id.*

Following consolidation, the Court appointed Roland Tellis, Stephen Larson, and Jason Lichtman as Interim Class Counsel. *See* ECF No. 46. Since then, Interim Class Counsel litigated the case efficiently and aggressively. They opposed Defendants' first motion to dismiss. After the Court's ruling, they amended the complaint by incorporating expert analysis from Plaintiffs' engineering expert and an affidavit from a bicycle store owner. *See* ECF Nos. 78, 83. After briefing and opposing a second motion to dismiss, which the Court again granted with leave to amend, the parties began discovery, serving initial disclosures, as well as document requests and interrogatories. ECF Nos. 95, 97.

Against this backdrop, the parties agreed to mediate. Over the next six months, they engaged in arm's-length negotiations facilitated by Judge Morrow. Joint Decl. ¶ 8. During these negotiations, Interim Class Counsel pushed Shimano to produce confirmatory discovery regarding the nature and scope of the alleged defect and then worked closely with their expert to review and analyze the discovery. *Id.* ¶ 9; *see* ECF Nos. 104, 110.

Plaintiffs' strong alignment with the Class, and Interim Class Counsel's tenacious representation throughout the litigation and settlement negotiations, support a finding of adequacy and weigh heavily in favor of preliminary approval. *See Peterson v. Vivendi Ticketing US LLC*, No. CV 23-7498, 2024 WL 3915154, at *4 (C.D. Cal. June 20, 2024) ("Formal discovery is not necessary where the parties have 'sufficient information to make an informed decision about the settlement.'") (quoting *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998)); *see also In re Kia Hyundai Vehicle Theft Litig.,* No. 8:22-ML-03052, 2023 WL 8126851, at *13 (C.D. Cal. Aug. 16, 2023) (preliminarily approving settlement

where no meaningful formal discovery had taken place, but confirmatory discovery was exchanged during settlement negotiations).

### B.    Fed. R. Civ. P. 23(e)(2)(B): The Settlement Is the Result of Arm's Length Negotiations

When evaluating a motion for preliminary approval, courts also consider whether the proposed settlement is the result of arm's length negotiations. *See* Fed. R. Civ. P. 23(e)(2)(B). "The involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23, 2018 adv. comm. notes.

Here, the Settlement is the product of months of hard-fought, arm's length negotiations. The parties mediated before Judge Morrow on September 18, 2024, and continued negotiating through early 2025. *See* ECF Nos. 102, 104, 106. By January 2025, they had agreed to a term sheet that required Shimano to produce confirmatory discovery before executing the Settlement Agreement. This ensured that the Settlement's terms would provide effective, meaningful relief to the Settlement Class. Shimano began producing that discovery later that month. ECF No. 110. The parties finalized the Settlement by March 31, 2025.

The involvement of an experienced neutral, the production of confirmatory discovery, and the extended nature of the negotiations all support a finding that the negotiations were conducted at arm's length. *See In re Kia,* 2023 WL 8126851, at *13; *Lalli v. First Team Real Est.-Orange Cnty.,* No. 8:20-CV-00027-JWH-ADSX, 2021 WL 12331537, at *4 (C.D. Cal. July 7, 2021*).

In addition, there is no agreement on attorneys' fees in the Settlement at all; Defendants remain free to challenge any forthcoming request from Class Counsel. This is further evidence of the arm's-length nature of the parties' negotiations. *See* Attorney Fee Awards, Ann. Manual Complex Lit. § 21.7 (4th ed.) ("…the simultaneous negotiation of class relief and attorney fees creates a potential

conflict.").

**C.    Fed. R. Civ. P. 23(e)(2)(C): The Relief for the Class Is Substantial**

The third factor courts consider when deciding a motion for preliminary approval is whether the relief provided to the class is adequate. Fed. R. Civ. P. 23(e)(2)(C). In making this determination, courts consider: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)." *Id.*

**1.    The Settlement's Benefits Outweigh the Costs, Risks, and Delay of Further Litigation and Trial**

The Settlement provides meaningful relief for the Settlement Class in the face of real litigation risk. After the Court dismissed most of Plaintiffs' claims in the First Amended Complaint, only certain express and implied warranty claims remained.[7] *See* ECF No. 97. While Plaintiffs believe those claims are meritorious, they recognize the risk of continued litigation. *See Cottle v. Plaid Inc.*, 340 F.R.D. 356, 373 (N.D. Cal. 2021) (noting that settlement is favorable when defendants have "plausible defenses that could have ultimately left class members with a reduced or non-existent recovery.").

Rather than face the uncertainty of continued litigation and a potential appeal, the Settlement provides substantial relief to the Settlement Class, including: (1) an enhanced inspection process and retailer training, including manuals, equipment, and access to a Retail Assistance Agent; (2) reimbursement for documented out-of-pocket costs for Class Members who replaced out-of-warranty Defective Cranksets that separated, delaminated, or showed signs of doing so before Shimano announced the recall; and (3) an extended warranty. *See* § 4.1-4.3.

---

[7] The remaining claims were for breach of express warranty (brought by Plaintiffs Hawkins, Kouyate, and Sielski) and implied warranty (brought by Plaintiffs Hawkins and Kouyate).

These provisions buttress and improve Shimano's recall, which provides for a free replacement crankset with professional installation for any recalled unit showing signs of bonding separation, or delamination during a recall inspection.[8] These benefits directly address the alleged defect and were secured despite the risk of non-recovery and without the delay and cost of further litigation.

### 2. The Settlement Provides for a Straightforward Claims Process

Rule 23(e)(2)(C)(ii) also requires courts to consider "the effectiveness of any proposed method of distributing relief to the class," including claims processing. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23, 2018 adv. comm. note.

The Settlement establishes a simple claims process. Settlement Class Members who replaced out-of-warranty Defective Cranksets that separated, delaminated, or showed signs of doing so before Shimano announced the recall may submit proof of out-of-pocket costs for reimbursement of the crankset and its installation. § 4.3; *see also* Exhibit E to Joint Decl..

Requiring proof of out-of-pocket expenses "is a proper and effective method for processing class member claims and 'ensure[s] that it facilitates filing legitimate claims." *Martinelli v. Johnson & Johnson*, No. 2:15-cv-01733-MCE-DB, 2022 WL 4123874, at *6 (E.D. Cal. Sept. 9, 2022) (citing *Alvarez v. Sirius XM Radio Inc.*, No. CV 18-8605 JVS (SSx), 2020 WL 7314793, at *6 (C.D. Cal. July 15, 2020)). This process is particularly appropriate for a tangible, higher-cost product like a crankset, where proof of replacement is typically straightforward. *See In re Volkswagen "Clean Diesel" Marketing*, No. 15-md-02672, 2022 WL 17730381, at *6 (finding settlement "straightforward, fair, and reasonable" where class members received settlement benefit by showing proof of purchase or current registration, or

---

[8] https://www.cpsc.gov/Recalls/2023/Shimano-Recalls-Cranksets-for-Bicycles-Due-to-Crash-Hazard

- 10 -

by taking vehicle to dealership for software update). This factor therefore weighs in favor of preliminary approval.

### 3.    The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment, Will Be Reasonable

Rule 23(e)(2)(C)(iii) requires the Court to evaluate any proposed award of attorneys' fees, including the timing of payment. Interim Class Counsel will move separately for an award of reasonable attorneys' fees and expenses. That motion will be filed before the exclusion and objection deadline and will be posted on the Settlement Website once filed. Settlement Class Members will have the opportunity to review, and if they choose, submit objections under Rule 23(h) prior to the Final Approval Hearing.

### 4.    No Other Agreements Exist

Finally, Rule 23(e)(2)(C)(iv) and Rule 23(e)(3) require disclosure of any agreements made in connection with the Settlement. This provision is aimed at "related undertakings that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others." Fed. R. Civ. P. 23, 2018 adv. comm. note. There are no such agreements. Joint Decl. ¶ 9.

### D.    Fed. R. Civ. P. 23(e)(2)(D): The Settlement Treats Class Members Equitably

The final Rule 23(e)(2) factor asks whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Courts may consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23, 2018 adv. comm. note.

Here, Shimano's recall enhancements apply uniformly across the Settlement Class, ensuring that all Settlement Class Member have the same opportunity for inspection and remediation. *See supra* § III; *see Hanlon v. Chrysler Corp.*, 150 F.3d

1011, 1027 (9th Cir. 1998) ("There was no disparate treatment between class members; all stood to benefit equally, a fact which lessens the likelihood that the named plaintiffs and their attorneys colluded with Chrysler").

The Settlement also provides all Settlement Class Members with an additional two years of warranty coverage for bonding separation and delamination on Designated Cranksets that are covered by Shimano's Express Warranty. § 4.2. This is further evidence of the Settlement's equitable treatment across the Settlement Class.

Finally, the Settlement contemplates modest Service Awards of up to $500 for each Class Representative. Such awards are discretionary "and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Pub. Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). While courts in this Circuit generally approve service awards, "concerns over potential conflicts may be especially pressing where . . . the proposed service fees greatly exceed the payments to absent class members." *See Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (citation omitted).

Here, the proposed Service Awards are modest in relation to the overall recovery and well within the range courts typically approve. *See In re Kia,* 2023 WL 8126851, at *18 (approving $1,000 service awards); *In re: ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. 19-2905, 2023 WL 9227002, at *5 (C.D. Cal. Nov. 28, 2023) (approving $2,500 service awards); *Hashem v. NMC Health PLC*, No. 2:20-cv-02303, 2022 WL 3573145, at *4 (C.D. Cal. Apr. 8, 2022) (approving $3,000 service award to each of three named Plaintiffs). The Service Awards here are appropriate given the Class Representatives' active participation over the course of more than a year of litigation and settlement negotiations.

## VI.    THE COURT WILL BE LIKELY TO CERTIFY THE CLASS AT FINAL APPROVAL

At the preliminary approval stage, courts must determine whether they "will likely be able to…certify the class for a judgment on the settlement." *Grady v. RCM Techs., Inc.*, 671 F. Supp. 3d 1065, 1072 (C.D. Cal. 2023). Before certifying a class, courts must conduct a "rigorous analysis" to determine whether the Rule 23 requirements are met. *Orozco v. Ardent Companies, Inc.*, Civ. No. 18-2763, 2019 WL 13023812, at *3 (C.D. Cal. Sept. 12, 2019) (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996)).

To do so, courts first consider whether the prerequisites of Rule 23(a) are satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a). The party seeking certification must also satisfy one or more subsections of Rule 23(b). Here, Plaintiffs seek certification under both Rule 23(b)(2) and (b)(3). As set forth below, the Settlement Class satisfies all Rule 23 requirements, and certification is likely to be granted at final approval.

### A.    The Settlement Class Satisfies Rule 23(a)

#### 1.    Rule 23(a)(1): Numerosity Is Satisfied

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." While "there is no specific numeric requirement, courts generally have found that a class of at least 40 members is sufficient." *In re ZF-TRW I*, 2023 WL 6194109, at *10 (citing *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010)).

Here, the Settlement Class includes all Persons (except Excluded Persons) who purchased or otherwise received or owned a Designated Crankset in the United States, other than for resale. *See* § 3.1. Shimano estimates that approximately 680,000 Designated Cranksets were sold nationwide.[9] With a class of this size, the

---

[9] https://www.cpsc.gov/Recalls/2023/Shimano-Recalls-Cranksets-for-Bicycles-Due-to-Crash-Hazard (visited June 12, 2025).

1   numerosity requirement is easily satisfied. *In re Silver Wheaton Corp. Securities*

2   *Litigation*, No. 2-15-cv-05146, 2017 WL 2039171, *6 (C.D. Cal. 2017) (quoting

3   Newberg on Class Actions) ("Where 'the exact size of the class is unknown, but

4   general knowledge and common sense indicate that it is large, the numerosity

5   requirement is satisfied.'") (quoting *In re Abbott Laboratories Norvir Anti-Trust*

6   *Litigation*, Nos. C 04-1511, 2007 WL 1689899, *6 (N.D. Cal. 2007)).

### 2.     Rule 23(a)(2): Commonality Is Satisfied

8        Rule 23(a)(2) requires that class members "share common 'questions of law

9   or fact.'" *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1111 (9th

10  Cir. 2014) (citation omitted). A single question of law or fact common to class

11  members is sufficient. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). A

12  common question will, in turn, generate common answers apt to drive the

13  resolution of the litigation for the entire Settlement Class. *See id.* at 350. This is not

14  a demanding standard. *Wolin v. Jaguar Land Rover N.A.*, *LLC*, 617 F.3d 1168,

15  1172 (9th Cir. 2010).

16       This case presents several common questions, including whether the

17  Designated Cranksets suffer from a material defect; whether Defendants knew of

18  the defect and failed to disclose it; and whether this conduct violated state consumer

19  protection and warranty laws. These questions turn on uniform conduct by

20  Defendants and can be answered on a classwide basis. *See In re ZF-TRW I*, 2023

21  WL 6194109, at *11 ("In cases where fraud claims arise out of a uniform course of

22  conduct, commonality is commonly found.") (citations and quotations omitted); *see*

23  *also In re Volkswagen "Clean Diesel" Mktg.*, No. 15-MD-02672-CRB, 2022 WL

24  17730381, at *3 (N.D. Cal. Nov. 9, 2022) ("While the injuries to each class

25  member may not be precisely the same, because they are rooted in common

26  questions of fact and law regarding emissions and fuel economy test results and

27  how the realities differed from Porsche's representations, commonality is found

28  here.").

### 3.     Rule 23(a)(3): Typicality Is Satisfied

Rule 23(a)(3) is satisfied where the named plaintiffs' claims are "reasonably coextensive with those of absent class members[.]" *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Typicality "assure[s] that the interest of the named representative aligns with the interests of the class." *Wolin*, 617 F.3d at 1175 (quotation omitted).

Here, Plaintiffs, like all Settlement Class Members, purchased a Designated Crankset, or a bicycle equipped with one, and allege that they were misled by Defendants' omissions and representations. ECF No. 123 ¶¶ 13-25. Their claims rely on the same legal theories and factual allegations as those of the Settlement Class. Because Plaintiffs and the Settlement Class were injured by the same alleged course of conduct, their claims are coextensive. Accordingly, typicality is satisfied.

### 4.     Rule 23(a)(4): Adequacy Is Satisfied

Rule 23(a)(4) requires that the Class Representatives "fairly and adequately . . . protect the interests" of all members of the class. This inquiry focuses on two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1020).

As discussed above concerning Rule 23(a)(3)'s typicality requirement, Plaintiffs share the same interest as the Settlement Class in holding Defendants accountable and securing relief. There are no conflicts. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 4010049, at *11 (N.D. Cal. July 29, 2016) (Plaintiffs "are entirely aligned [with the Class members] in their interest in proving that [Defendants] misled them and share the common goal of obtaining redress for their injuries.")

Plaintiffs have actively participated in the litigation, stayed in regular contact

with Interim Class Counsel throughout the litigation and settlement negotiations, responded to discovery, and approved the proposed Settlement. Joint Decl. ¶ 15; *see Trosper v. Styker Corp.*, No. 13-CV-0607-LHK, 2014 WL 4145448, at *12 (N.D. Cal. Aug. 21, 2014) ("All that is necessary is a 'rudimentary understanding of the present action and…a demonstrated willingness to assist counsel in the prosecution of the litigation.").

Interim Class Counsel likewise committed substantial time and resources to prosecuting the case, navigating two rounds of motion practice, and negotiating a meaningful resolution. As such, both Plaintiffs and Interim Class Counsel satisfy Rule 23(a)(4).

**B.    The Settlement Satisfies the Requirements of a Rule 23(b)(2) Class.**

Certification under Rule 23(b)(2) is appropriate when the defendant has acted on "grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "A class seeking monetary damages may be certified pursuant to Rule 23(b)(2) where [monetary] relief is 'merely incidental to [the] primary claim for injunctive relief.'" *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1195 (9th Cir. 2001) (citing *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)).

Here, the Settlement primarily provides injunctive relief. Settlement Class Members will benefit from the enhanced inspection process and retailer training measures that Recall Retailers must implement. *See* § 4.1. Settlement Class Members will also receive an extended warranty. *See* § 4.2.This relief is uniform and indivisible, and therefore well-suited to Rule 23(b)(2) certification. *See Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as

3245117.5                                    MOTION FOR PRELIMINARY APPROVAL

1    to none of them.").

2        **C.    The Settlement Class Meets Rule 23(b)(3)'s Requirements.**

3        Certification under Rule 23(b)(3) is appropriate where: (1) "questions of law

4    or fact common to class members predominate over any questions affecting only

5    individual members"; and (2) a class action is "superior to other available methods

6    for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

7        **1.    Predominance Is Satisfied.**

8        "The Rule 23(b)(3) predominance inquiry examines whether proposed

9    classes are sufficiently cohesive to warrant adjudication by representation.'" *In re*

10   *ZF-TRW I*, 2023 WL 6194109, at *12 (quoting *Amchem Prods. Inc. v. Windsor*,

11   521 U.S. 591, 623 (1997)). It "focuses on whether the 'common questions present a

12   significant aspect of the case and they can be resolved for all members of the class

13   in a single adjudication.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 557

14   (citation omitted). As the Supreme Court has made clear, "[w]hen 'one or more of

15   the central issues in the action are common to the class and can be said to

16   predominate, the action may be considered proper under Rule 23(b)(3) even though

17   other important matters will have to be tried separately.'" *Tyson Foods, Inc. v.*

18   *Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted); *see also In re Hyundai &*

19   *Kia Fuel Econ. Litig.*, 926 F.3d at 557-58 ("[E]ven if just one common question

20   predominates, 'the action may be considered proper under Rule 23(b)(3) even

21   though other important matters will have to be tried separately.'") (quoting *Tyson*

22   *Foods*, 577 U.S. at 453).

23       The Ninth Circuit has repeatedly found predominance in consumer fraud and

24   omission cases based on a uniform course of conduct. *See In re First Alliance*

25   *Mortg. Co.*, 471 F.3d 977, 990 (9th Cir. 2006); *Hanlon*, 150 F.3d at 1022-23 (9th

26   Cir. 1998); *Wolin*, 617 F.3d at 1173, 1176 (9th Cir. 2010).

27       Here, Plaintiffs allege that Defendants sold defective cranksets and bicycles

28   equipped with defective cranksets and failed to disclose the material facts about the

defective nature of the cranksets. These allegations raise common questions, beginning with whether the cranksets were defective and what information was disclosed to consumers. These questions do not require individualized determinations.[10] *See In re ZF-TRW I*, 2023 WL 6194109, at *12 (predominance satisfied where "Plaintiffs' claims arise from Defendants' alleged course of conduct of manufacturing and selling vehicles containing defective ACUs without disclosing the alleged defect"). Accordingly, predominance is satisfied.

### 2.    Class treatment is superior to other available methods for the resolution of this case.

Certification under Rule 23(b)(3) is appropriate "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022 (quoting 7A C.A. Wright, A.R. Miller, & M. Kane, Federal Practice & Procedure § 1777 (2d ed. 1986)). Courts evaluate superiority based four factors: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

All four factors support class certification here. *See Hanlon*, 150 F.3d at 1023 ("From either a judicial or litigant viewpoint, there is no advantage in individual [Class] members controlling the prosecution of separate actions."); *see also Wolin*, 617 F.3d at 1176 ("Forcing individual vehicle owners to litigate their cases . . . is an inferior method of adjudication.").

---

[10] The presence of state law claims applicable only to certain subclasses does not negate predominance. "[T]he fundamental elements of fraud are substantially similar from state to state" and "[v]irtually every state requires that there be a misrepresentation made by the defendant, that the defendant had knowledge that it was false, the defendant intended to induce the reliance of the plaintiff, the plaintiff relied on the statement, and the plaintiff was injured as a result." *Spencer v. Hartford Fin. Servs. Grp., Inc.*, 256 F.R.D. 284, 300-301 (D. Conn. 2009) (collecting authority and comparing various state laws).

Moreover, the potential recovery in individual cases would be relatively modest compared to the cost of litigation, further reinforcing the efficiency of a classwide resolution. *See In re ZF-TRW I,* 2023 WL 6194109, at *13; *see also Smith v. Cardinal Logistics Mgmt. Corp.*, No. 07-2104 SC, 2008 WL 4156364, at *11 (N.D. Cal. Sept. 5, 2008) (small interest in individual litigation where damages averaged $25,000-$30,000 per year).

Finally, because the parties have reached the Settlement, any potential manageability concerns are minimized. *In re ZF-TRW I*, 2023 WL 6194109, at *13 ("[n]othing suggests that the management of this action has been, or will be, difficult[,] that the parties have reached a settlement would obviate any potential management issues."). Class treatment is clearly the superior method for resolving this dispute.

***

For the foregoing reasons, Plaintiffs respectfully submit that the Court will—after notice is issued and Class member input received—"likely be able to…certify the class for purposes of judgment on the proposal." *See* Fed. R. Civ. P. 23(e)(1)(B).

## VII.    THE PROPOSED NOTICE PROGRAM PROVIDES THE BEST NOTICE PRACTICABLE TO THE PROPOSED SETTLEMENT CLASS

Once preliminary approval of a class action settlement is granted, notice must be directed to class members. For class actions certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B). In addition, Rule 23(e)(1) applies to any class settlement and requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(e)(1).

The Settlement will be administered by Epiq, who the parties selected after the receipt of multiple bids from experienced notice administrators. Joint Decl. ¶

16. Epiq is a well-known firm that has successfully administrated numerous class settlements and judgments. *Id.* Defendants will pay the costs of the Settlement Administrator. § 6.3.

The Settlement provides for a multi-faceted notice plan. Notice will be provided through a Settlement Website and Settlement Phone Line (created and maintained by Epiq), wherein Settlement Class Members can be informed about the Settlement and the relevant deadlines to opt out and object. § 7.1.1. The Settlement Administrator will issue a press release to ensure widespread dissemination of the Settlement. § 7.1.2. Shimano will display information about the Settlement on its websites and make frequent posts about the Settlement on its social media platforms. § 7.1.3-7.1.4. Finally, Shimano will directly inform Recall Retailers of the Settlement. § 7.1.5. The contents of the Notices are included herein as Exhibits C and D for the Court's review and approval.[11]

To effectuate the Notice Plan, Epiq has identified tools that, as explained by Mr. Azari, are "designed to reach the greatest practicable number of Settlement Class Members." *See* Azari Decl. ¶ 18. Because Shimano lacks class-wide contact information for Settlement Class Members, the notice plan will utilize digital notice, using targeted digital advertising, including leading social media platforms, publication notice in a publication intended for road cyclists and as required by the California Legal Remedies Act, and sponsored search listings. *Id.* ¶¶ 24-35.

This proposed notice program provides a fair opportunity for Settlement Class Members to obtain full disclosure of the conditions of the Settlement and to make an informed decision regarding the Settlement. Thus, the notices and notice plan satisfy the requirements of due process.

---

[11] Deadlines and relevant dates will be added to the notices after the Court enters a schedule for the remaining steps of the settlement approval process.

## VIII.  <u>THE COURT SHOULD SCHEDULE A FAIRNESS HEARING AND RELATED DATES</u>

As set forth in the [Proposed] Order, submitted with this motion, the parties respectfully propose the following schedule.

| Date | Event *(Assumes issuance of Preliminary Approval Order on August 4, 2025)* |
|---|---|
| August 25, 2025 | Settlement Class Notice Program begins |
| November 18, 2025 | Motion for Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards |
| December 29, 2025 | Objection/Exclusion Deadline |
| Within 5 days after the Objection/Exclusion Deadline | Settlement Administrator provides list of all persons who submitted valid Requests for Exclusion to Defense and Interim Class Counsel |
| January 19, 2026 | Reply Memoranda in Support of Final Approval and Fee/Expense Motion and Response to Objections, if any |
| February 2, 2026 | Fairness hearing |
| August 4, 2026 | Settlement Class Members submit reimbursement claims for replacement cranksets |

## IX.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) find under Rule 23(e)(1) that it is likely to approve the proposed Settlement and certify the Settlement Class; (2) appoint Plaintiffs Steven Adelman, John Bongiovanni, Jose Delgado, Jose Erazo, Dave Gonyer, Jarett Hawkins, Christopher Jennings, Moussa Kouyate, Marcus Lewis, Kevin Litam, Maurice Scorsolini, Dimitri Semizarov, and Mike Tirado, as Class Representatives; (3) appoint Epiq as Settlement Administrator and direct notice to the Settlement Class pursuant to the proposed Notice Program; and (4) schedule a final approval hearing under Rule 23(e)(2).

1        A proposed Preliminary Approval Order is attached for the Court's

2 consideration.

3

4    Dated:     June 30, 2025       By:     */s/ Roland Tellis*

5                                               Roland Tellis (SBN 186269)
                                              Sterling Cluff (SBN 267142)

6                                               David Fernandes (SBN 280944)
                                              **BARON & BUDD, P.C.**

7                                               15910 Ventura Blvd., Suite 1600
                                              Encino, California 91436

8                                               Tel.: (818) 839-2333
                                              rtellis@baronbudd.com

9                                               scluff@baronbudd.com
                                              dfernandes@baronbudd.com

10                                               Adam J. Levitt*
                                              John E. Tangren*

11                                               Daniel R. Ferri*
                                              **DICELLO LEVITT LLP**

12                                               Ten North Dearborn Street, Sixth Floor
                                              Chicago, Illinois 60602

13                                               Tel.: (312) 214-7900
                                              alevitt@dicellolevitt.com

14                                               jtangren@dicellolevitt.com
                                              dferri@dicellolevitt.com

15

16                                               Steven M. Jodlowski (SBN 239074)
                                              **DICELLO LEVITT LLP**

17                                               4747 Executive Drive, Second Floor
                                              San Diego, California 92121

18                                               Tel.: (619) 923-3939
                                              stevej@dicellolevitt.com

19                                               Jason L. Lichtman*
                                              Daniel Seltz*

20                                               **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**

21                                               250 Hudson Street
                                              New York, New York 10013

22                                               Tel.: (212) 355-9500
                                              jlichtman@lchb.com

23                                               dseltz@lchb.com

24                                               Eric S. Dwoskin*

25                                               **DWOSKIN WASDIN LLP**
                                              433 Plaza Real, Suite 275

26                                               Boca Raton, Florida 33432
                                              Tel.: (561) 849-8060

27                                               edwoskin@dwowas.com

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nicholas F. Wasdin*
**DWOSKIN WASDIN LLP**
110 North Wacker Drive
Chicago, Illinois  60606
Tel.: (312) 343-5361
nwasdin@dwowas.com

Alexander E. Wolfe (SBN 299775)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, California  90212
Tel.: (872) 365-7060
awolfe@milberg.com

Stephen G. Larson (SBN 145225)
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California  90071
Tel.: (213) 436-4888
slarson@larsonllp.com

***Counsel for Plaintiffs and the Proposed Settlement Class***

*Admitted *pro hac vice*

3245117.5

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 11-6, the undersigned, co-counsel for Plaintiffs, certifies that this brief contains 6,429 words, which complies with the word limit set by Local Rule 11-6.1.


DATED:  June 30, 2025                    LIEFF CABRASER HEIMANN &
                                        BERNSTEIN LLP


                                        By:  */s/ Daniel E. Seltz*
                                             Daniel E. Seltz