ROLAND TELLIS (SBN 186269)
**BARON & BUDD, P.C.**
15910 Ventura Blvd., Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
rtellis@baronbudd.com

STEPHEN G. LARSON (SBN 145225)
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
slarson@larsonllp.com

JASON L. LICHTMAN (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
250 Hudson Street
New York, New York 10013
Telephone: (212) 355-9500
jlichtman@lchb.com

*Attorneys for Plaintiff and the Proposed Classes*

*(additional Plaintiffs' counsel appear on the signature block)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: Shimano Crankset Litigation | Case No.: 8:23-cv-02038-JVS(JDEx) <br><br> **DECLARATION OF ROLAND TELLIS, STEPHEN LARSON, AND JASON LICHTMAN IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ISSUANCE OF NOTICE UNDER FED. R. CIV. P. 23(e)** <br><br> Judge: Hon. James V. Selna |

Roland Tellis, Stephen Larson, and Jason Lichtman, jointly declare as follows:

1. We were appointed by the Court to serve as Interim Co-Lead Counsel

1. for the Plaintiffs in the above-captioned action (the "Action") on January 17, 2024. *See* ECF No. 46.

2. I, Roland Tellis, am an attorney licensed to practice in California. I am a partner at the law firm Baron & Budd, P.C.

3. I, Stephen Larson, am an attorney licensed to practice in California. I am a partner at the law firm Larson LLP.

4. I, Jason Lichtman, am an attorney admitted to practice in this Court *pro hac vice*. I am a partner at the law firm Lieff Cabraser Heimann & Bernstein, LLP.

5. We make this Joint Declaration in support of the Motion for Preliminary Approval. We each have personal knowledge of the facts set forth in this Joint Declaration based on our active participation in all aspects of the prosecution and resolution of this action. If called upon to testify, we each could and would testify competently to the truth of the matters stated herein.

## LITIGATION AND SETTLEMENT HISTORY

6. Following Defendant Shimano's voluntary recall of its Hollowtech II cranksets in September 2023, we were among the attorneys who filed two class action complaints on behalf of numerous plaintiffs in October 2023. The Court consolidated those two actions, and Plaintiffs filed Corrected Consolidated Class Action Complaint on January 8, 2024, asserting 31 claims against Shimano, Specialized, Trek, and Giant (together, "Defendants"). *See* ECF No. 32. Plaintiffs alleged fraudulent misrepresentation, unjust enrichment, and various state claims on behalf of a nationwide class, along with state statutory and common law claims on behalf of California, Florida, Illinois, and New York subclasses. *See id.* ¶¶ 154 *et seq.* That complaint, setting out 31 claims against Shimano and other defendants, on behalf of a putative nationwide class and certain state classes, reflected counsel's ongoing factual investigation and legal analysis of Plaintiffs' claims.

7. After briefing and oral argument, the Court granted Defendants'

1  motion to dismiss the complaint, with the exception of certain implied and express
2  warranty claims, on April 12, 2024, granting leave to amend. *See* ECF 78. Plaintiffs
3  filed their First Amended Complaint on May 3, 2024, reflecting further
4  investigation, including the input of a retained expert and bicycle store owner. *See*
5  ECF 83. The parties also exchanged written discovery, including initial disclosures,
6  interrogatories, and document requests, and engaged in multiple meet-and-confers
7  about those requests.

8      8.    After the Court granted Defendants' motion to dismiss Plaintiffs' First
9  Amended Complaint, again with leave to amend, the parties agreed to engage in
10 mediation. The parties engaged in a full day of mediation on September 18, 2024
11 before the Honorable Judge Margaret Morrow (Ret.).

12     9.    Over the months that followed, the parties continued to negotiate,
13 including with Judge Morrow's assistance. During these negotiations, we pushed
14 Shimano to produce confirmatory discovery regarding the nature and scope of the
15 alleged defect and then worked closely with our engineering expert to review and
16 analyze the discovery. These efforts culminated in a resolution that addresses
17 Plaintiffs' and the Settlement Class's concerns. *See* ECF Nos. 102, 104, 106. The
18 parties finalized the Settlement Agreement on March 31, 2025. *See* ECF No. 113. A
19 true and correct copy of the Settlement Agreement is attached as **Exhibit A**. No
20 other agreements exist in connection with the Settlement.

21 <center>**SETTLEMENT TERMS**</center>

22     10.    The Settlement requires Shimano to significantly enhance its
23 administration of the recall of the Designated Cranksets. Under the Settlement,
24 Shimano will provide Recall Retailers with magnifying devices equipped with
25 enhanced lighting for use during inspections. Recall Retailers will also receive the
26 Approved Enhanced Manual, which was developed over several months in
27 consultation with experts who reviewed Defendants' documents and analyzed the
28

root causes of bonding separation and breakage. § 4.1.1-4.1.2.[1] The Manual is attached as **Exhibit B**. Pursuant to the Settlement, Shimano also submitted the Manual to the U.S. Consumer Product Safety Commission for approval. *See* § 10.1. The Commission approved the Manual on May 12, 2025. Shimano must also make available a Retail Assistance Agent to support Recall Retailers with questions about how to conduct Inspections. § 4.1.3.

11. To ensure compliance, the Settlement requires Shimano to notify every Recall Retailer of the enhanced inspection procedures and to affirm that each retailer: (1) has reviewed and understands the training materials; (2) will use the magnifying device provided during all inspections; and (3) will contact the Retail Assistance Agent with any questions regarding inspection protocols. § 4.1.4.

12. In addition, Shimano will extend its Express Warranty's coverage of bonding separation and delamination by two years from the date of Preliminary Approval, providing additional protection for consumers who own Defective Cranksets. § 4.2. These provisions supplement Shimano's recall procedures, which specify that if a Designed Crankset shows signs of bonding separation or delamination during the inspection, Shimano will provide a free replacement crankset, which will be professionally installed by a Recall Retailer at no cost to the consumer.[2]

13. Finally, the Settlement provides reimbursement for documented out-of-pocket costs for Class Members who replaced Defective Cranksets that separated, delaminated, or showed signs of doing so before Shimano announced the voluntary recall but when their Express Warranty had expired. Defendants will reimburse documented, reasonable out-of-pocket costs associated with those replacements. § 4.3.

---

[1] All references to "§ []" are to the Settlement.
[2] https://www.cpsc.gov/Recalls/2023/Shimano-Recalls-Cranksets-for-Bicycles-Due-to-Crash-Hazard

14. In our collective judgment, the Settlement provides meaningful relief to Settlement Class Members and represents an excellent outcome when weighed against the risks and costs of further litigation.

### **SETTLEMENT CLASS REPRESENTATIVES**

15. Based on our significant experience in complex consumer class action litigation, in our judgment, each plaintiff has willingly, constructively, and effectively contributed to the prosecution of the claims on behalf of the Settlement Class. They have remained in contact with Class Counsel and other counsel throughout counsel's investigation of the case, through litigation and settlement negotiations. They searched for and provided relevant documents and information to counsel, conferred with counsel to provide detailed verified responses to interrogatories, and have worked with counsel to review and evaluate the terms of the Settlement. They will continue to work in the interests of the Settlement Class through approval and administration of the Settlement.

### **NOTICE AND NOTICE ADMINISTRATION**

16. The parties selected Epiq to administer this Settlement after receiving multiple bids from experienced notice administrators. Epiq is a well-known firm that has successfully administered numerous class settlements and judgments.

17. Epiq is prepared to effectuate the Notice Plan provided for in the Settlement, including the issuance of a press release, the establishment of a toll-free phone number for Settlement Class Members, as well as the establishment and maintenance of the Settlement Website, which will host relevant case documents along with both long-form and short-form notices, which are attached as **Exhibit C** and **Exhibit D**, respectively, and the claim form, which is attached as **Exhibit E**. As required by Rule 23(c), the notices state, "in plain, easily understood language," the following information: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court

will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2). As required by the Settlement, the proposed notices were provided to defense counsel for comment before filing.

DATED: June 30, 2025

/s/ *Roland Tellis*
Roland Tellis

DATED: June 30, 2025

/s/ *Stephen G. Larson*
Stephen G. Larson

DATED: June 30, 2025

/s/ *Jason L. Lichtman*
Jason L. Lichtman