# Exhibit A

## CLASS SETTLEMENT AND RELEASE AGREEMENT

This Class Settlement and Release Agreement ("**Agreement**"), dated March 28, 2025, is made by and among Steven Adelman, Jose Delgado, Jose Erazo, Dave Gonyer, Jarett Hawkins, Christopher Jennings, Moussa Kouyate, Marcus Lewis, Kevin Litam, Maurice Scorsolini, Dimitri Semizarov, Brian Sielski, and Mike Tirado (collectively, "**Plaintiffs**") on behalf of themselves and as representatives of the Settlement Class defined below, on the one hand, and Shimano North America Bicycle, Inc. and Shimano North America Holding, Inc., (together, "**Shimano**") and Specialized Bicycle Components, Inc. ("**Specialized**"), Trek Bicycle Corporation ("**Trek**"), and Giant Bicycle, Inc. ("**Giant**") (collectively, "**Defendants**"), on the other hand. Plaintiffs and Defendants are referred to herein as the "**Parties**" (each, a "**Party**").

This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims as against the Released Parties (as those terms are defined below) subject to the terms and conditions of this Agreement and the approval of the Court.

## 1.    RECITALS

1.1    In September 2023, Shimano voluntarily recalled Hollowtech II cranksets in the United States manufactured before July 2019. The voluntary recall, which Shimano issued in collaboration with the U.S. Consumer Product Safety Commission, was based on reports of bonding separation and breakage. Plaintiffs allege that, of the approximately 680,000 recalled cranksets, there were 4,519 reported incidents of bonding separation and six reported injuries.

1.2    On October 3, 2023, Plaintiffs Erazo, Litam, Scorsolini, and Lewis initiated a putative class action against Shimano, Specialized, and Trek in the U.S. District Court for the Central District of California, Case No. 8:23-CV-02174. On October 31, 2023, Plaintiff Hawkins initiated a putative class action against Shimano and Specialized in the U.S. District Court for the Central District of California, Case No. 8:23-CV-02038. On December 12, 2023, the Court consolidated the two actions into one, bearing Case No. 8:23-cv-02038-JVS-JDE and captioned "*In re Shimano Crankset Litigation*."

1.3    On January 8, 2024, Plaintiffs filed a Corrected Consolidated Class Action Complaint in which they (and an additional plaintiff, John Bongiovanni) asserted 31 claims against all Defendants, on behalf of a putative nationwide class and five putative subclasses. Plaintiffs' claims, which alleged common law fraud, consumer-protection violations, unjust enrichment, and breaches of warranty, sought relief in connection with the advertising and marketing of Defendants' products and the alleged inadequacy of the voluntary recall. No Plaintiff alleged to have suffered any physical injuries from the products, and Plaintiffs disclaimed any relief based on alleged personal injuries.

1.4    On January 17, 2024, the Court appointed Roland Tellis of Baron & Budd, Jason L. Lichtman of Lieff Cabraser Heimann & Bernstein LLP, and Stephen Larson of Larson LLP as Interim Co-Lead Class Counsel for the proposed classes under Federal Rule of Civil Procedure 23(g).

1

1.5    On April 12, 2024, the Court dismissed all of Plaintiffs' claims, except for certain express and implied warranty claims, with leave to amend.

1.6    On May 3, 2024, Plaintiffs filed a First Amended Complaint in which they (and Bongiovanni) reasserted 30 of their original 31 claims against all Defendants, on behalf of a putative nationwide class and four of their original five putative subclasses.

1.7    On July 3, 2024, Bongiovanni voluntarily dismissed all of his claims.

1.8    On August 1, 2024, the Court dismissed nearly all of Plaintiffs' claims with leave to amend. The only claims the Court did not dismiss were express-warranty claims brought by Hawkins, Kouyate, and Sielski, and implied-warranty claims brought by Hawkins and Kouyate.

1.9    On August 14, 2024, pursuant to the Parties' stipulation, the Court stayed proceedings pending private mediation before the Honorable Margaret M. Morrow (Ret.) of Judicate West.

1.10    On September 18, 2024, the Parties attended a full day of mediation with Judge Morrow. Thereafter, and with Judge Morrow's continuing assistance, the Parties worked extensively on negotiating a settlement as ultimately memorialized in this Agreement.

1.11    Based upon those negotiations and Class Counsel's investigation of the facts, review of applicable law, assessment of Plaintiffs' likelihood of success on the merits, and analysis of the benefits that this Agreement affords to Plaintiffs and Class Members, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to Plaintiffs and Class Members and that it is in the best interests of Plaintiffs and Class Members to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

1.12    The Parties, without any admission or concession whatsoever, have entered into this Agreement at arm's length to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation; to put to rest this controversy; and to avoid the risks inherent in complex litigation.

1.13    The Parties, through their undersigned counsel and subject to final approval of the Court, stipulate and agree to finally and fully compromise, settle, and release the Released Claims, upon and subject to the terms and conditions in this Agreement.

Now, therefore, the Parties agree as follows:

## 2.    DEFINITIONS

Capitalized terms not defined elsewhere in this Agreement shall have the following meanings. All terms defined in the singular have the same meaning when used in the plural, and all terms defined in the plural have the same meaning when used in the singular.

2.1    "**Action**" means *In re Shimano Crankset Litigation*, Case No. 8:23-cv-02038-JVS-JDE (C.D. Cal.), as consolidated.

2.2 "**Approved Enhanced Manual"** means the Proposed Enhanced Manual, as it may be modified and ultimately approved by the CPSC as provided for in Section 10.1.

2.3 "**Attorneys' Fees Award"** means the attorneys' fees, reimbursement of expenses, and any and all other costs awarded by the Court to Class Counsel for litigating this Action.

2.4 "**Claim"** or "**Claims"** mean any and all allegations of wrongdoing, actions, causes of action, claims, counterclaims, damages whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), demands (including, without limitation, demands for arbitration), judgments, losses, liabilities of any kind (including costs, fees, debts, expenses, penalties, or losses of any kind or nature), and suits that arise from or relate to the subject matter of this Action, as set forth in the First Amended Complaint or Second Amended Complaint. Claims may be direct or indirect, known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, and may exist in law, equity, or otherwise, under federal, state, local, or common law.

2.5 "**Class Counsel"** means Roland Tellis of Baron & Budd, P.C.; Jason L. Lichtman of Lieff Cabraser Heimann & Bernstein LLP; and Stephen Larson of Larson LLP.

2.6 "**Class Representative Service Award"** means any amount awarded by the Court to Plaintiffs for their time and effort bringing the Action and serving as Class Representatives.

2.7 "**Class Representatives"** means Plaintiffs who are appointed by the Court as class representatives in this Action under Federal Rule of Civil Procedure 23.

2.8 "**Court"** means the U.S. District Court for the Central District of California, in which the Action is pending.

2.9 "**CPSC"** means the U.S. Consumer Product Safety Commission.

2.10 "**Defense Counsel"** means Munger, Tolles & Olson LLP and any other counsel of record for any Defendant in the Action.

2.11 "**Designated Crankset"** means any of the following cranksets: Ultegra FC-6800, Ultegra FC-R8000, Dura-Ace FC-9000, Dura-Ace FC-R9100 and Dura-Ace FC-R9100-P, with any of the following production codes: KF, KG, KH, KI, KJ, KK, KL, LA, LB, LC, LD, LE, LF, LG, LH, LI, LJ, LK, LL, MA, MB, MC, MD, ME, MF, MG, MH, MI, MJ, MK, ML, NA, NB, NC, ND, NE, NF, NG, NH, NI, NJ, NK, NL, OA, OB, OC, OD, OE, OF, OG, OH, OI, OJ, OK, OL, PA, PB, PC, PD, PE, PF, PG, PH, PI, PJ, PK, PL, QA, QB, QC, QD, QE, QF, QG, QH, QI, QJ, QK, QL, RA, RB, RC, RD, RE, and RF.

2.12 "**Effective Date"** means the date on which the Final Approval Order and Final Judgment have been entered and either (a) the time(s) to appeal both the Final Approval Order and Final Judgment have expired with no appeal having been filed; or (b) the Final Approval Order and Final Judgment are affirmed on appeal by a reviewing court and are no longer reviewable by any court.

2.13    "**Express Warranty**" means the express written warranty provided by Shimano to consumers in the United States in connection with the Designated Cranksets.[1]

2.14    "**Final Approval Order**" means the order entered by the Court finally approving this Settlement (including the Confidential Addendum).

2.15    "**Final Judgment**" means the final order of judgment in this Action entered by the Court pursuant to this Settlement.

2.16    "**First Amended Complaint**" means the Amended Consolidated Class Action Complaint filed in the Action. *See* Dkt. 83.

2.17    "**Full Rejection Order**" means an order by any court rejecting or disapproving this Settlement in its entirety for any reason.

2.18    "**Giant**" means Giant Bicycle, Inc.

2.19    "**Inspection**" means the inspection of a Designated Crankset for signs of bonding separation, delamination, or corrosion, as provided by the Voluntary Recall.

2.20    "**Notice**" means the notice of this Settlement provided to the Settlement Class pursuant to the Notice Plan.

2.21    "**Objection/Exclusion Deadline**" means the date set by the Court by which a written objection to this Settlement, or a Request for Exclusion, must be filed or postmarked.

2.22    "**Objection**" means a written objection by a Settlement Class Member to any part of this Settlement, including to the application by Class Counsel for any attorneys' fees or costs.

2.23    "**Partial Rejection Order**" means an order by any court rejecting, disapproving, or materially modifying a material term in this Settlement for any reason. For purposes of this paragraph, material terms of this Settlement include definitions of the Settlement Class, Settlement Class Members, Released Claims, Releasing Class Members, Released Persons, the certification of a class under Section 3.3, the consideration for this Settlement provided in Section 4, the scope of the releases provided in Section 5, and the entry of a Final Approval Order under Section 10.4.

2.24    "**Person**" means any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

2.25    "**Preliminary Approval Order**" means an order entered by the Court preliminarily approving this Settlement (including the Confidential Addendum), appointing the Settlement

---

[1] https://ride.shimano.com/pages/shimano-warranty-policy.

Administrator, approving the Notice Plan and its contents, and setting the Objection/Exclusion Deadline.

2.26    "**Proposed Enhanced Manual**" means the manual approved by Class Counsel and attached hereto as Exhibit A.

2.27    "**Recall Retailer**" means a retailer in the United States that is authorized by Shimano to conduct Inspections.

2.28    "**Voluntary Recall**" means the voluntary recall implemented by Shimano in collaboration with the CPSC and announced publicly on September 21, 2023.[2]

2.29    "**Released Claims**" means, to the fullest extent that the law permits their release, all Claims of any nature whatsoever that (a) arise from or relate to delamination of the Designated Cranksets; and (b) only as to the Released Persons described in (a)-(c) of Section 2.30, arise from, are included in, or relate to (i) the Action, (ii) the conduct, transactions, or occurrences (including actions, statements, and alleged omissions by or on behalf of any of the Defendants) alleged, described, or set forth in any complaint filed in the Action; and (iii) the negotiation of any settlement in the Action. However, Released Claims does not include Claims to enforce this Settlement and for past, present, or future claims for death or personal injury.

2.30    "**Released Persons**" means (a) Defendants; (b) Defendants' past and present parents, subsidiaries, divisions, insurers, estates, and affiliates; (c) each of the foregoing's past, present and future officers, directors, insurers, employees, agents, attorneys, affiliates, contractors, and any of their legal representatives; (d) all Persons who distributed, sold, or resold a Designated Crankset, whether alone, as a component on a bicycle, or otherwise; and (e) each of the foregoing's predecessors, heirs, executors, administrators, successors, purchasers, and assigns.

2.31    "**Releasing Class Member**" means (a) Plaintiffs; (b) Settlement Class Members; and (c) any other legal or natural persons and entities who or which may claim by, through, or under them, including their executors, administrators, heirs, agents, representatives, assigns, predecessors, and successors.

2.32    "**Request for Exclusion**" means a written request by a Settlement Class Member requesting to be excluded from the Settlement Class.

2.33    "**Second Amended Complaint**" means a Second Amended Consolidated Class Action Complaint, that will be filed by Plaintiffs in the Action in response to the Court's order dismissing in part the First Amended Complaint with leave to amend, Dkt. 97.

2.34    "**Settlement Administrator**" means a reputable, third-party settlement administrator with experience in administering class action settlements.

---

[2] https://www.cpsc.gov/Recalls/2023/Shimano-Recalls-Cranksets-for-Bicycles-Due-to-Crash-Hazard.

2.35    "**Settlement Class Member**" means all Persons in the Settlement Class.

2.36    "**Settlement**" means the terms and conditions of settlement embodied in this Agreement and the Confidential Addendum.

2.37    "**Shimano**" means SNAB and SNAH together.

2.38    "**SNAB**" means Shimano North America Bicycle, Inc.

2.39    "**SNAH**" means Shimano North America Holding, Inc.

2.40    "**Specialized**" means Specialized Bicycle Components, Inc.

2.41    "**Trek**" means Trek Bicycle Corporation.

## 3.    SETTLEMENT CLASS AND CERTIFICATION

3.1    The Settlement Class. For purposes of this Settlement only, the "**Settlement Class**" consists of all Persons (except Excluded Persons) who purchased, received, were given, and/or owned a Designated Crankset in the United States, other than solely for resale purposes. This includes, without limitation, Persons who purchased, received, were given, or owned a Designated Crankset as a standalone product and Persons who purchased, received, were given, or owned a bicycle equipped with a Designated Crankset.

3.2    Excluded Persons. The following Persons (each, an "**Excluded Person**") are excluded from the Settlement Class and are not Settlement Class Members: (a) any judge presiding over the Action, that judge's court staff, and that judge's immediate family members; and (b) Persons who validly exclude themselves from the Settlement Class under Section 9.1.

3.3    Settlement Class Certification. Solely for settlement purposes and in consideration of this Settlement, the Parties stipulate to certify the Settlement Class under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), including the appointment of Class Counsel as counsel for the Settlement Class and conditional approval of the Plaintiffs as suitable Class Representatives of the Settlement Class.

3.4    Defendants' Reservation of Rights. Defendants agree to class certification solely to effectuate this Settlement. Defendants reserve their right to contest class certification if for any reason this Settlement is not approved, fails to become effective, or is vacated. Plaintiffs will not cite, refer to, or otherwise use the stipulations in this Settlement to support class certification for any purpose other than to effectuate this Settlement. Defendants expressly deny that the Action met or meets the requirement for class certification for any purpose other than this Settlement.

## 4.    SETTLEMENT CONSIDERATION

4.1    Enhanced Inspections. Within 120 days of the Effective Date, Shimano will do the following:

4.1.1    <u>Magnifying Device</u>. Distribute to every Recall Retailer a magnifying device that has enhanced lighting, free of charge. Permissible devices include a Carson MeasureLoupe 11.5x UV Lighted Precision Loupe Magnifier, a Carson CP-40 11x MagniFlash Magnifier, or any similar product of like quality and effectiveness.

4.1.2    <u>Enhanced Manual</u>. Distribute the Approved Enhanced Manual to Recall Retailers.

4.1.3    <u>Retailer Assistance Agent</u>. Make available qualified Shimano employees whom Recall Retailers may contact, during normal business hours in California, for prompt advice about how to perform Inspections ("**Retailer Assistance Agent**").

4.1.4    <u>Affirmations</u>. Shimano will notify every Recall Retailer of the Approved Enhanced Manual and that use of the magnifying device provided under Section 4.1.1 is required before any crankset can be determined to pass the Inspection. Shimano will instruct every Recall Retailer to affirm that (a) the Recall Retailer has reviewed all materials provided by Shimano relating to Inspections (including the Approved Enhanced Manual), and that the Recall Retailer understands those materials; (b) the Recall Retailer will utilize the magnifying device provided under Section 4.1.1 during Inspections before passing any crankset; and (c) if the Recall Retailer is unsure of the instructions for performing an Inspection or how to apply them, it will contact a Retailer Assistance Agent for advice.

4.1.5    <u>Further Information</u>. Instruct Recall Retailers that, going forward, they must provide every Settlement Class Member whose Designated Crankset passes an Inspection with access to information about what to watch, listen, and feel for as indicators of conditions that could lead to bonding separation, delamination, or breakage. This information may, but need not be, presented in the form of a QR code created by Shimano.

4.1.6    <u>Outreach</u>. In conjunction with the Notice Plan, Shimano will engage in an innovative public outreach campaign.  The public outreach campaign will be designed to maximize Settlement Class Members' participation in the Voluntary Recall. Outreach will include social media posts, advertisements, website posts, press releases, and other media placements.

4.2    <u>Extended Warranty</u>. For any Designated Crankset otherwise covered by the Express Warranty, Shimano will extend the duration of the Express Warranty by two (2) years from the Preliminary Approval Order. This extension applies only to the Express Warranty's coverage of bonding separation and delamination.

4.3    <u>Reimbursement of Costs</u>. Defendants will reimburse any Settlement Class Member who replaced their Designated Crankset because it separated, delaminated, or exhibited evidence of delamination or separation, for the documented, reasonable out-of-pocket costs of purchasing a replacement crankset and installing it on their bicycle. Evidence of delamination may include signs of corrosion and breaking. This reimbursement obligation does not apply, however, if (a) the Designated Crankset was replaced on or after September 21, 2023; or (b) at the time of replacement, the Express Warranty was not expired as to that Designated Crankset. Settlement Class Members must submit their documented reimbursement claims under this paragraph to the Settlement Administrator within one (1) year of the Preliminary Approval Order.

4.4    No Additional Consideration. The consideration in this Section is the full and only consideration Defendants must provide under this Settlement. Except as set forth in Section 11, Defendants shall bear no further obligations to Plaintiffs, Settlement Class Members, or Class Counsel under this Settlement.

## 5.    RELEASES AND COVENANTS NOT TO SUE

5.1    Releases and Covenants Not to Sue. On the Effective Date, and without any further action, each of the Releasing Class Members: (a) fully, finally, and forever releases, covenants not to sue, and discharges each of the Released Persons from any and all Released Claims held by, on behalf of, for the benefit of, or in the name of the Releasing Class Member; and (b) is forever barred and enjoined from commencing, instituting, prosecuting, maintaining or seeking monetary, injunctive, declaratory, or any other relief in an action asserting any of the Released Claims against any of the Released Persons.

5.2    Potentially Unknown Claims or Facts. Plaintiffs acknowledge, and the remaining Releasing Class Members shall by operation of the Final Judgment be deemed to acknowledge, that they may hereafter discover Claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims. Nevertheless, it is their intention to fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, that they have against the Released Persons.

5.3    Cal. Civil Code § 1542 Waiver. Upon the Effective Date and by operation of the Final Judgment, the Releasing Class Members expressly, knowingly, and voluntarily waive to the fullest extent allowed by law the provisions, rights, and benefits of California Civil Code § 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.4    Other Unknown Claims. Upon the Effective Date and by operation of the Final Judgment, the Releasing Class Members expressly, knowingly, and voluntarily waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of California Civil Code § 1542, or any other law of any state or territory that is similar, comparable, or equivalent to California Civil Code § 1542, to the fullest extent they may lawfully waive such rights.

5.5    Finality of Release. This Settlement provides the sole and exclusive remedy for any Released Claim against the Released Persons, and the obligations incurred pursuant to this Settlement shall be a full and final disposition of the Action and of any and all Released Claims against all Released Persons. Nothing in this section shall be interpreted to alter Defendants' obligations under any of its existing warranty obligations. No Released Defendant shall be subject

8

to any liability or expense of any kind to any Releasing Class Member with respect to any Released Claim, other than as set forth in this Agreement.

## 6.    SETTLEMENT ADMINISTRATOR

6.1    <u>Selection</u>. The Parties will jointly select a Settlement Administrator. Class Counsel will propose the selected Settlement Administrator to the Court for appointment in the Preliminary Approval Order.

6.2    <u>Duties</u>. The Settlement Administrator will perform its obligations in a rational, responsive, cost effective, and timely manner. The Settlement Administrator will maintain reasonably detailed records of its activities under this Settlement, as well as all records required by applicable law, orders of the Court, and this Settlement.

6.3    <u>Payment</u>. Defendants will pay the Settlement Administrator's reasonable fees and costs. Defense Counsel will instruct the Settlement Administrator as to whom and in what form it should address bills.

## 7.    NOTICE

7.1    <u>Notice Plan</u>. After entry of the Preliminary Approval Order, Notice will be provided according to the following plan ("**Notice Plan**"):

7.1.1    <u>Settlement Website and Phone Line</u>. The Settlement Administrator will establish a toll-free phone number for Settlement Class Members to contact with questions ("**Settlement Phone Line**"). The Settlement Administrator will also create a website dedicated to the Settlement ("**Settlement Website**"). The Settlement Website will include, at minimum, any short- and long-form class notices; this Agreement; all relevant filings and orders (including the Preliminary Approval Order); the Settlement Phone Line; all information, instructions, and forms needed to properly and timely file an Objection or a Request for Exclusion; and all information, instructions, and forms needed to properly and timely file a request for reimbursement under Section 4.3.

7.1.2    <u>Press Release</u>. The Settlement Administrator will issue an informational press release about the Settlement to PR Newswire. The press release will include the Settlement Phone Line and a link to the Settlement Website.

7.1.3    <u>Shimano's Website</u>. On the home page of its website, Shimano will publish a link to the Settlement Website. The link will be displayed in a location that is reasonably accessible and reasonably visible to website visitors.

7.1.4    <u>Social Media</u>. Shimano will publish on X (@RideShimano), Facebook (www.facebook.com/shimanoroad), and Instagram (@shimanoROAD and @ShimanoGravel) posts dedicated to this Settlement that also include a link to the Settlement Website. At minimum, Shimano will publish such posts on each of these platforms once every seven (7) calendar days for three (3) weeks after entry of the Preliminary Approval Order.

7.1.5    <u>Retailers</u>. Shimano will directly inform Recall Retailers of this Settlement.

9

7.2     Contents of Notice Plan. Plaintiffs will propose to the Court the contents of the Notice Plan set forth in Section 7.1 for approval in the Preliminary Approval Order. Plaintiffs will provide Defendants with the opportunity to comment on the contents of the Notice Plan, including the contents of any settlement website and the short- and-long form notices, before their submission to the Court.

## 8.    OBJECTIONS

8.1     Purpose of this Section. These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement, in accordance with the due process rights of all Settlement Class Members.

8.2     Objections. To state a valid objection, an objecting Settlement Class Member must provide the following information in his, her, or their written objection: (i) the case name and number, *In re Shimano Crankset Litigation*, Case No. 8:23-cv-02038-JVS-JDE; (ii) his, her, or their full name, current address, and current telephone number; (iii) the serial number of his, her, or their Designated Crankset(s); (iv) a statement of the objection(s), including all factual and legal grounds for the position; (v) copies of any documents the objector wishes to submit in support; (vi) the name and address of any lawyer(s) representing the objecting Class member in making the objection or who may be entitled to compensation in connection with the objection; (vii) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the objecting Settlement Class Member at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; and (ix) the signature of the objecting Settlement Class Member, in addition to the signature of any attorney representing the objecting Settlement Class Member in connection with the objection, and date of the objection.

Objections should be sent to:

| Class Counsel | Defense Counsel |
|---|---|
| Roland Tellis<br>Baron & Budd, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, California 91436 | Gregory Stone<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90039 |
| Jason L. Lichtman<br>Lieff Cabraser Heimann & Bernstein LLP<br>250 Hudson Street<br>New York, New York 10013 | L. Ashley Aull<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90039 |
| Stephen Larson<br>Larson LLP<br>555 South Flower Street, 30th Floor<br>Los Angeles, California 90071 | |

8.3     Appearance at the Final Approval Hearing. If the objecting Settlement Class Member intends to appear, in person or by counsel, at the final approval hearing, the objecting Settlement Class Member must state so in the objection. Any objecting Settlement Class Member who does not state his, her, or their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

8.4     Objector Discovery. Plaintiffs will request that the Court enter an order providing that the filing of an objection allows Class Counsel or Defense Counsel (a) to notice such objecting person for and take his, her, or their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and (b) to seek any documentary evidence or other tangible things from the objecting person that are relevant to the objection. Failure by an objector to make himself, herself, or themselves available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

8.5     Failure to Comply With this Section. Any Settlement Class Member who fails to file and serve timely a written objection containing all of the information listed in this Section, including notice of his, her, or their intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement Agreement and shall be foreclosed from seeking any review of the Settlement Agreement and any of its terms by any means, including but not limited to an appeal.

8.6     Responses to Objections. Any Party may respond to an Objection by the deadline set by the Court for Plaintiffs to file their Reply in Support of Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards. A Party responding to an Objection shall serve a copy of their response on the objector or the objector's counsel.

8.7     Requests for Fees by Objectors. Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

## 9.     REQUESTS FOR EXCLUSIONS

9.1     Exclusions. Any Settlement Class Member may make a request for exclusion by submitting such request in writing. Specifically, Settlement Class Members can send a letter via U.S. mail (or an express mail carrier) or e-mail saying that they want to "opt-out of" or "be excluded from" the Settlement in *In re Shimano Crankset Litigation*, Case No. 8:23-cv-02038-JVS-JDE and identifying the following information: (i) the Settlement Class Member's full name; and (ii) the serial number of his, her, or their Designated Crankset(s). Failure to provide each required element may result in rejection of a request for exclusion. Exclusion requests cannot be made via phone or email. All exclusion requests must be submitted no later than the date provided in the Court's Preliminary Approval Order.

Exclusion requests should be sent to the Settlement Administrator:

**[Settlement Administrator to be agreed upon by the parties.]**

9.2    <u>Failure to Properly and Timely Request Exclusion</u>. Failure to comply with this Section will result in the Settlement Class Member being bound by the terms of the Settlement Agreement.

9.3    <u>Notice of Exclusions</u>. Within five (5) days after the Objection/Exclusion Deadline, the Settlement Administrator will provide Defense Counsel and Class Counsel a list of all Persons who submitted a valid Request for Exclusion.

## 10.    APPROVALS AND JUDGMENT

10.1    <u>CPSC Approval</u>. Within five (5) business days of all Parties executing this Agreement, Shimano will submit the Proposed Enhanced Manual to the CPSC for its review and approval. Shimano will use its best efforts to obtain timely approval by the CPSC of the Approved Enhanced Manual. Shimano will promptly notify Class Counsel when the CPSC approves the Approved Enhanced Manual.

10.2    <u>Second Amended Complaint</u>. Within five (5) business days of the CPSC's approval of the Approved Enhanced Manual under Section 10.1, Plaintiffs will file a Second Amended Complaint. The Second Amended Complaint will assert at least all of the same factual allegations, claims, and putative classes as the First Amended Complaint.

10.3    <u>Preliminary Approval</u>. Promptly after filing the Second Amended Complaint, Class Counsel will submit this Settlement (attaching the Approved Enhanced Manual) to the Court and move the Court to issue a Preliminary Approval Order and an order staying all proceedings in the Action until the Court renders a final decision on approval of the Settlement. Along with that motion, Class Counsel will submit the proposed form of a Preliminary Approval Order. Class Counsel will provide Defense Counsel with a copy of their draft motion, including all supporting materials, five (5) calendar days (and not less than three (3) business days) before it is submitted to the Court.

10.4    <u>Final Approval and Judgment</u>. Class Counsel will file their Motion for Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards ("Final Approval Motion") at least thirty days before the Objection/Exclusion Deadline. Class Counsel will file their reply in support of the Final Approval Motion within twenty-one days after the Objection/Exclusion Deadline. Class Counsel will provide Defense Counsel with copies of their draft briefs, including all supporting materials, five (5) calendar days (and not less than three (3) business days) before they are submitted to the Court.

## 11.    ATTORNEYS' FEES AND COSTS; SERVICE AWARDS

11.1    <u>Class Representative Service Award</u>. After the Court issues a Preliminary Approval Order, Class Counsel will petition the Court for approval of Class Representative Service Awards payable to Class Representatives in amounts not to exceed $500 each. Defendants shall pay such award by wire transfer or check to Class Counsel within 15 calendar days after of the Court's Order approving such award, subject to the prior delivery to Defendants of tax I.D. number(s) for each individual receiving such award. Class Representatives waive their right to receive or collect any Class Representative Service Award exceeding $500.

11.2    <u>Attorneys' Fees Award</u>. Class Counsel and Defendants represent that they have not discussed the amount of fees and expenses to be paid prior to agreement on the terms of this agreement. Class Counsel shall file a motion for Court-approved attorneys' fees and expenses. Any fees and expenses approved by the Court shall be paid by Defendants and wired within 15 calendar days of the Court's Order approving such fees and expenses to an account specified by Class Counsel. Defendants reserve the right to oppose Class Counsel's motion.

11.3    <u>No Reduction of Class Settlement Benefits</u>. Any Attorneys' Fees Award or Class Representative Service Award to be paid by Defendants shall not reduce or affect in any manner the Settlement benefits for the Settlement Class.

11.4    <u>Acknowledgments</u>. The Parties acknowledge and agree that the granting of any Attorneys' Fees Award and/or Class Representative Service Award is subject to Court approval.

11.5    <u>Allocation and Distribution</u>. Class Counsel has the authority and responsibility to allocate and distribute any Attorneys' Fees Award to other counsel who participated in this Action, provided that the allocation and distribution is consistent with the Court's order(s). Defense Counsel and the Released Persons will have no liability or other responsibility for the allocation or distribution of any such funds, and, if any dispute arises relating to such funds, Plaintiffs and Class Counsel will hold Defense Counsel and the Released Persons harmless from any and all liabilities, costs, and expenses of such dispute.

11.6    <u>No Other Fees or Costs</u>. Except as provided herein, each Party shall bear his, hers, or its own attorneys' fees, costs, and expenses. Further, other than as provided in this Section, Defendants will not be liable for any costs, fees, or expenses of Class Counsel, Plaintiffs, the Class Representatives, the Settlement Class Members, or any of the foregoing's attorneys, experts, advisors, agents, or representatives.

## 12.    TERMINATION

12.1    <u>CPSC Actions</u>. Plaintiffs may terminate this Settlement if, following the process described in Section 10.1, the Approved Enhanced Manual provides for a materially less thorough inspection of Designated Cranksets than does the Proposed Enhanced Manual. Plaintiffs must provide written notice of termination to all other Parties within seven (7) days of the CPSC's approval of the Approved Enhanced Manual.

12.2    <u>Permissive Termination</u>. Any Party may terminate this Settlement following a Partial Rejection Order. A Party exercising its rights under this paragraph must provide written

notice of termination to the Court and to all other Parties within twenty-one (21) days of the Partial Rejection Order if such order is not immediately appealable; otherwise, within twenty-one (21) days of the later of when the time to appeal has expired or all possible appeals are exhausted.

12.3    <u>Mandatory Termination</u>. This Settlement will automatically terminate following a Full Rejection Order. The automatic termination will occur when the Full Rejection Order is issued if such order is not immediately appealable; otherwise, the later of when the time to appeal has expired or all possible appeals are exhausted.

12.4    <u>Termination Based on Adjustment of Class Size</u>. Plaintiffs, through Class Counsel, and Defendants may terminate this Settlement if the number of Settlement Class Members who submit valid Requests for Exclusion, and are thus deemed Excluded Persons, exceed the number set forth in the addendum to this Agreement (the "**Confidential Addendum**"). The Confidential Addendum will be submitted to the Court *in camera* or under seal. The Parties will otherwise keep the terms of the Confidential Addendum confidential, subject to any exceptions set out therein and unless compelled to disclose them by the Court. To exercise their termination right under this paragraph, the terminating Party must provide written notice of termination to the Court and to all other Parties within twenty-one (21) days of when, under Section 9.3 the Settlement Administrator provides Defendants a list of all Persons who submitted a valid Request for Exclusion.

12.5    <u>Effect of Termination</u>. If the Settlement is terminated under this Section, then (a) this Settlement shall be null and void and of no force or effect; (b) any order entered by the Court pursuant to this Settlement shall be treated as vacated, nunc pro tunc; and (c) the Parties shall be returned to their respective positions in the Action as of the date this Agreement was executed (with all legal claims and defenses preserved as they existed on that date), and the Action will proceed as if no settlement has been attempted.

## 13.    GENERAL PROVISIONS

13.1    <u>Final Resolution</u>. The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Released Claims against the Released Persons. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.

13.2    <u>Good Faith</u>. The Parties, Class Counsel, and Defense Counsel will always act in good faith and engage their best efforts on an ongoing basis to effectuate this Settlement. The Parties will defend this Settlement from any challenge by objection, appeal, collateral attack, or otherwise.

13.3    <u>Representation by Counsel</u>. The Parties have relied upon the advice and representation of counsel, selected by them, concerning their rights and obligations with respect to the Settlement. The Parties have read and understand fully the Settlement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

13.4    <u>Waiver</u>. The waiver by one Party of any breach of this Settlement by any other Party does not waive any other prior or subsequent breaches of this Settlement.

13.5    Amendment. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

13.6    Representations and Warranties. The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any Person any portion of any liability, claim, demand, action, cause of action, or rights released or discharged in this Settlement. Each counsel or other Person executing this Settlement on behalf of any Party hereto hereby warrants and represents to the other Parties hereto that such counsel or other Person has the authority to execute and deliver this Settlement.

13.7    Res Judicata. Except as provided herein, any Party or Released Defendant may file and otherwise rely upon this Settlement in any action that may be brought against such Party and/or Released Defendant in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

13.8    Successors and Assigns. The Settlement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

13.9    No Admission of Liability. Neither this Settlement nor any actions taken to carry it out is intended to be, or may be deemed or construed to be, an admission or concession of liability or of the validity of any claim, defense, or any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party, whether or not the Effective Date occurs or this Settlement is terminated. Neither this Settlement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document may be deemed, construed, or used as an admission of any fault or omission by the Released Persons, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Persons in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Settlement.

13.10    Execution. This Agreement shall be effective upon its execution by Class Counsel, Defense Counsel, and Defendants, except for those provisions that require Court-approval to be effective, and those provisions shall become effective upon their approval by the Court.

13.11    Counterparts. The Parties may execute this Settlement in one or more counterparts and by facsimile or electronic signature. If the Settlement is executed in counterparts, all executed counterparts and each of them will be deemed to be one and the same instrument. Signatures sent by facsimile or sent in PDF form via e-mail will be deemed originals.

13.12    Severability. If any provision herein becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Settlement shall continue in full force and effect without said provision to the extent no Party executes its right to terminate under Section 12.

13.13    Governing Law. This Agreement will be governed by and construed in accordance with California law.

13.14 <u>Drafting</u>. All Parties have contributed substantially and materially to the preparation of this Settlement. Nothing in this Settlement shall be construed more strictly against one Party than another.

13.15 <u>Entire Agreement</u>. This Agreement and the Confidential Addendum set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein and in the Confidential Addendum. No representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized herein and in the Confidential Addendum.

13.16 <u>Retention of Jurisdiction</u>. The Court will retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement and matters related to this Settlement.

IN WITNESS HEREOF, each of the Parties hereto has accepted, agreed to, and caused this agreement to be executed as of the day(s) set forth below.

### Plaintiffs and Class Representatives

Dated: March __, 2025  3/28/2025    By: _____

Steven Adelman

Dated: March __, 2025  3/28/2025    By: _____

Jose Delgado

Dated: March __, 2025  4/1/2025    By: _____

Jose Erazo

Dated: March __, 2025  4/1/2025    By: _____

Dave Gonyer

Dated: March __, 2025    By: _____

Jarett Hawkins

Dated: March __, 2025    By: _____

Christopher Jennings

Dated: March __, 2025    By: _____

Moussa Kouyate

Dated: March __, 2025  3/31/2025    By: _____

Marcus Lewis

Dated: March __, 2025  3/28/2025    By: _____

Kevin Litam

Dated: March __, 2025  3/28/2025    By: _____

Maurice Scorsolini

IN WITNESS HEREOF, each of the Parties hereto has accepted, agreed to, and caused this agreement to be executed as of the day(s) set forth below.

### <u>Plaintiffs and Class Representatives</u>

Dated: March __, 2025                    By: _____
                                              Steven Adelman

Dated: March __, 2025                    By: _____
                                              Jose Delgado

Dated: March __, 2025                    By: _____
                                              Jose Erazo

Dated: March __, 2025                    By: _____
                                              Dave Gonyer

Dated: March 28, 2025                    By: _____
                                              *Jarett Hawkins*
                                              Jarett Hawkins (Mar 28, 2025 12:49 PDT)
                                              Jarett Hawkins

Dated: March 28, 2025                    By: _____
                                              Christopher Jennings (Mar 28, 2025 13:49 CDT)
                                              Christopher Jennings

Dated: March __, 2025                    By: _____
                                              Moussa Kouyate

Dated: March __, 2025                    By: _____
                                              Marcus Lewis

Dated: March __, 2025                    By: _____
                                              Kevin Litam

Dated: March __, 2025                    By: _____
                                              Maurice Scorsolini

17

IN WITNESS HEREOF, each of the Parties hereto has accepted, agreed to, and caused this agreement to be executed as of the day(s) set forth below.

### Plaintiffs and Class Representatives

Dated: March __, 2025                By: _____
                                         Steven Adelman

Dated: March __, 2025                By: _____
                                         Jose Delgado

Dated: March __, 2025                By: _____
                                         Jose Erazo

Dated: March __, 2025                By: _____
                                         Dave Gonyer

Dated: March __, 2025                By: _____
                                         Jarett Hawkins

Dated: March __, 2025                By: _____
                                         Christopher Jennings

Dated: March 31, 2025                By: _Moussa Kouyate_____
                                         Moussa Kouyate

Dated: March __, 2025                By: _____
                                         Marcus Lewis

Dated: March __, 2025                By: _____
                                         Kevin Litam

Dated: March __, 2025                By: _____
                                         Maurice Scorsolini

Dated: March ___, 2025 4/1/2025          By: _____
                                         Dimitri Semizarov

Dated: March ___, 2025                   By: _____
                                         Brian Sielski

Dated: March ___, 2025 3/31/2025         By: _____
                                         Mike Tirado

## Counsel for Plaintiffs and Class Counsel

Dated: March ___, 2025                   By: _____
                                         Roland Tellis (SBN 186269)
                                         BARON & BUDD, P.C.
                                         15910 Ventura Boulevard, Suite 1600
                                         Encino, CA 91416
                                         Telephone: (818) 839-2333

Dated: March ___, 2025                   By: _____
                                         Jason L. Lichtman (pro hac vice)
                                         LIEFF CABRASER HEIMANN & BERNSTEIN
                                         LLP
                                         250 Hudson Street
                                         New York, NY 10013
                                         Telephone: (212) 355-9500

Dated: March ___, 2025                   By: _____
                                         Stephen G. Larson (SBN 145225)
                                         LARSON LLP
                                         555 South Flower Street, 30th Floor
                                         Los Angeles, CA 90071
                                         Telephone: (213) 436-4888

Dated: March ___, 2025         By: _____
                                                Dimitri Semizarov

Dated: March ___, 2025         By: _____
                                                Brian Sielski

Dated: March ___, 2025         By: _____
                                                Mike Tirado

### **Counsel for Plaintiffs and Class Counsel**

Dated: March ___, 2025         By: _____
                                                Roland Tellis (SBN 186269)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91416
Telephone: (818) 839-2333

Dated: April _8_, 2025          By: _____
                                                Jason L. Lichtman (pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500

Dated: March ___, 2025         By: _____
                                                Stephen G. Larson (SBN 145225)
LARSON LLP
555 South Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 436-4888

Dated: March __, 2025  4/1/2025          By: _____

Signed by:
*Dimitri Semizarov*
A76BE8C9B2984EF...

Dimitri Semizarov

Dated: March __, 2025          By: _____

Brian Sielski

Dated: March __, 2025  3/31/2025          By: _____

DocuSigned by:
*Mike Tirado*
D52ABCEBE4BE4B3...

Mike Tirado

### Counsel for Plaintiffs and Class Counsel

Dated: March __, 2025          By: _____

Roland Tellis (SBN 186269)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91416
Telephone: (818) 839-2333

Dated: March __, 2025          By: _____

Jason L. Lichtman (pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN
LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500

Dated: May 1, 2025          By: _____

Stephen G. Larson (SBN 145225)
LARSON LLP
555 South Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 436-4888

**Defendants**

Dated: March 18, 2025

On behalf of Shimano North America Bicycle, Inc. and Shimano North America Holding Inc.

By: _James LaFrance_

James LaFrance, Chief Operating Officer and Executive Vice President

Dated: March ___, 2025

On behalf of Specialized Bicycle Components, Inc.

By: _____

Peter Kerle, Chief Legal Officer

Dated: March ___, 2025

On behalf of Trek Bicycle Corporation

By: _____

Jennifer Naeger, Vice President & General Counsel

Dated: March ___, 2025

On behalf of Giant Bicycle, Inc.

By: _____

Allen Needle, Human Resource and Risk Manager

Approved as to form and content
Dated: March 28, 2025

_Gregory P. Stone_

Gregory P. Stone (SBN 78329)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue. 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

*Counsel for Defendants*

19

**Defendants**

Dated: March __, 2025

On behalf of Shimano North America Bicycle, Inc. and Shimano North America Holding Inc.

By: _____
James LaFrance, Chief Operating Officer and Executive Vice President

Dated: March 28, 2025

On behalf of Specialized Bicycle Components, Inc.

By: _____
Peter Kerle, Chief Legal Officer

Dated: March __, 2025

On behalf of Trek Bicycle Corporation

By: _____
Jennifer Naeger, Vice President & General Counsel

Dated: March __, 2025

On behalf of Giant Bicycle, Inc.

By: _____
Allen Needle, Human Resource and Risk Manager

Approved as to form and content
Dated: March __, 2025

_____
Gregory P. Stone (SBN 78329)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

*Counsel for Defendants*

19

**Defendants**

Dated: March __, 2025

On behalf of Shimano North America Bicycle, Inc. and Shimano North America Holding Inc.

By: _____

James LaFrance, Chief Operating Officer and Executive Vice President

Dated: March __, 2025

On behalf of Specialized Bicycle Components, Inc.

By: _____

Peter Kerle, Chief Legal Officer

Dated: March 28, 2025

On behalf of Trek Bicycle Corporation

By: _____

Jennifer Naeger, Vice President & General Counsel

Dated: March __, 2025

On behalf of Giant Bicycle, Inc.

By: _____

Allen Needle, Human Resource and Risk Manager

Approved as to form and content
Dated: March __, 2025

_____

Gregory P. Stone (SBN 78329)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

*Counsel for Defendants*

19

**Defendants**

Dated: March __, 2025

On behalf of Shimano North America Bicycle, Inc. and Shimano North America Holding Inc.

By: _____
James LaFrance, Chief Operating Officer and Executive Vice President

Dated: March __, 2025

On behalf of Specialized Bicycle Components, Inc.

By: _____
Peter Kerle, Chief Legal Officer

Dated: March __, 2025

On behalf of Trek Bicycle Corporation

By: _____
Jennifer Naeger, Vice President & General Counsel

Dated: March 28, 2025

On behalf of Giant Bicycle, Inc.

By: _____
Allen Needle, Human Resource and Risk Manager

Approved as to form and content
Dated: March __, 2025

_____
Gregory P. Stone (SBN 78329)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

*Counsel for Defendants*

19