1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| In re: Shimano Crankset Litigation | Case No.: 8:23-cv-02038-JVS(JDEx) |
|---|---|
| | **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTING NOTICE UNDER FED. R. CIV. P. 23(e)** |
| | Judge: Hon. James V. Selna |

The parties to the above-captioned action pending against Defendants Shimano North America Bicycle, Inc., Shimano North America Holding Inc. (collectively, "Shimano"), Specialized Bicycle Components, Inc., Trek Bicycle Corporation, and Giant Bicycle, Inc. (collectively "Defendants") have agreed to a proposed class action settlement (the "Settlement")[1], the terms and conditions of which are attached as Exhibit A to the Joint Declaration of Interim Co-Lead Counsel filed on June 30, 2025. The Parties reached the Settlement through arm's-length negotiations under the guidance of a mediator, the Honorable Margaret M. Morrow (Ret.). Under the Settlement, and subject to the terms and conditions therein and final Court approval, the Action will be dismissed with prejudice, and Plaintiffs and the proposed Settlement Class will release their claims against Defendants in exchange for the consideration set forth in the Settlement Agreement.

Upon review and consideration of the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Direction of Notice under Fed. R. Civ. P. 23(e) ("Motion"), and briefing, declarations, exhibits, and other evidence submitted in support thereof, the Court finds that:

1. For purposes of the Settlement, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2).

2. Pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i), the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate, entered into in good faith, and free from collusion;

3. Pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii), the Court will be likely to certify the proposed Settlement Class, composed of all Persons (except Excluded Persons[2]) who purchased, received, were given, and/or owned a Designated

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement. References to "§ []" are to the Settlement Agreement.

[2] Under the Settlement, the following Persons are excluded from the Settlement Class and are not Settlement Class Members: (a) any judge presiding over the Action, that judge's court staff, and that judge's immediate family members; and (b) Persons who validly exclude themselves from the Settlement Class under Section 9.1.

Crankset in the United States, other than solely for resale purposes, under Fed. R. Civ. P. 23(a) and 23(b)(2) and (3);

    4.    Pursuant to Fed. R. Civ. P. 23(e)(1)[3] and 23(c)(2), the form and content of the proposed Notice ("Notice") is satisfactory according to the requirements of Rule 23 and due process, and are reasonably calculated under the circumstances to apprise the Settlement Class of, *inter alia*: (1) the nature of the *In re: Shimano Crankset Litigation* case and the Settlement terms; (2) the definition of the Settlement Class; (3) the Plaintiffs' anticipated applications for service awards; (4) their rights to opt-out of the Class and object to the Settlement, and the process for submitting a Claim; (5) contact information of Class Counsel, and a toll-free number to ask questions about the Settlement; (6) the address of the Settlement Website maintained by the Settlement Administrator; (7) important dates in the settlement approval process, including the date of the Final Approval Hearing (as set forth below); (8) the binding effect of a class judgment on Settlement Class Members; and (9) Class Counsel's forthcoming Attorneys' Fees Motion as required by Rule 23(h); and

    5.    Good cause exists to schedule a Final Approval Hearing under Rule 23(e) to assist the Court in determining whether to: (1) grant final approval of the Settlement; (2) certify the Settlement Class for settlement purposes only; (3) issue a Final Approval Order and Judgment; and (4) grant Interim Co-Lead Counsel's forthcoming motion for an award of attorneys' fees, expenses, and Class Representative service awards.

Based on the foregoing, the Court hereby **GRANTS** the Motion for Preliminary Approval of Class Settlement and Directing Notice under Fed. R. Civ. P. 23(e) and makes the following findings and orders:

---

[3] Specifically, pursuant to Rule 23(e)(1)(B), the Court finds that notice can be directed "in a reasonable manner to all class members who would be bound by the proposal" because the parties have shown that the court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."

# **Jurisdiction, Preliminary Certification of the Settlement Class and Appointment of Class Representatives**

1. The Court finds that it has jurisdiction over the Action and the Parties under 28 U.S.C. §§ 1331 and 1332 for purposes of settlement, and venue is proper in this district under 28 U.S.C. § 1391(a). The Court shall retain continuing jurisdiction for the purpose of enforcing the Settlement Agreement after the entry of a Final Order and Judgment.

2. At the preliminary approval stage, a court must determine that "it will likely be able to . . . certify the class for a judgment on the settlement." *See Grady v. RCM Techs., Inc.*, 671 F. Supp. 3d 1065, 1072 (C.D. Cal. 2023). Courts consider the factors set forth in Rule 23(a): (1) numerosity; (2) commonality of questions of law or fact; (3) typicality of the named plaintiff's claims and defenses; and (4) the adequacy of the named plaintiff. Fed. R. Civ. P. 23(a).

3. The party seeking class certification must also satisfy one of the categories set forth in Rule 23(b). Here, certification is sought pursuant to Rule 23(b)(3) and (b)(2).

4. The Court finds the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied. Therefore, the Court finds that it will be likely to certify the proposed Settlement Class as set forth in the Settlement Agreement:

> For purposes of this Settlement only, the "**Settlement Class**" consists of all Persons (except Excluded Persons) who purchased, received, were given, and/or owned a Designated Crankset in the United States, other than solely for resale purposes. This includes, without limitation, Persons who purchased, received, were given, or owned a Designated Crankset as a standalone product and Persons who purchased, received, were given, or owned a bicycle equipped with a Designated Crankset.

5. Specifically, the Court finds, for settlement purposes, that the Settlement satisfies the following factors of Rule 23:

      a.    <u>Numerosity</u>: Approximately 680,000 Designated Cranksets were sold in the United States. With widespread sales across the United States, the numerosity requirement is satisfied. *See In re Silver Wheaton Corp. Securities Litigation*, No. 2-15-cv-05146, 2017 WL 2039171, *6 (C.D. Cal. 2017) (quoting Newberg on Class Actions) ("Where 'the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.'") (quoting *In re Abbott Laboratories Norvir Anti-Trust Litigation*, Nos. C 04-1511, 2007 WL 1689899, *6 (N.D. Cal. 2007)).

      b.    <u>Commonality</u>: Rule 23(a)(2) requires that "members of the proposed class share common 'questions of law or fact.'" *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014) (citation omitted). A single question of law or fact common to class members is sufficient. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). A common question will, in turn, generate common answers apt to drive the resolution of the litigation for the entire Settlement Class. *See id.* at 350. This is not a demanding standard. *Wolin v. Jaguar Land Rover N.A., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010). The Court finds that this case presents several common questions, including whether the Designated Cranksets suffer from a material defect; whether Defendants knew of the defect and failed to disclose it; and whether this conduct violated state consumer protection and warranty laws. These questions turn on uniform conduct by Defendants and can be answered on a classwide basis. *See In re ZF-TRW I*, 2023 WL 6194109, at *11 ("In cases where fraud claims arise out of a uniform course of conduct, commonality is commonly found.") (citations and quotations omitted).

      c.    <u>Typicality</u>: Under Rule 23(a)(3), plaintiffs' claims are "typical" if they are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Typicality is satisfied here because Plaintiffs each purchased a Designated Crankset or a bicycle equipped with a Designated Crankset and allege that Defendants

fraudulently misrepresented, omitted, and/or concealed material facts about the reliability and safety of the Designated Crankset.

        d.      <u>Adequacy</u>: Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy entails a two-pronged inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (citation omitted). Adequacy is satisfied because Plaintiffs have no interests that are antagonistic to those of other Settlement Class Members. Plaintiffs have also remained engaged throughout the litigation and settlement negotiations. Class Counsel have likewise consistently devoted the necessary resources to vigorously and competently represent the interests of the Settlement Class.

        e.      <u>Final Injunctive Relief Is Appropriate Respecting the Class as a Whole</u>: Certification under Rule 23(b)(2) is appropriate where a defendant has acted on "grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, Settlement Class Members will benefit from the enhanced inspection process and retailer training measures that Recall Retailers must implement. *See* § 4.1. Settlement Class Members will also receive an extended warranty. *See* § 4.2. This relief is uniform and indivisible, and therefore well-suited to Rule 23(b)(2) certification. *See Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.").

        f.      <u>Predominance and Superiority</u>: Certification under Rule 23(b)(3) requires that (i) "questions of law or fact common to class members predominate over any questions affecting only individual members"; and (ii) a class

1  action is "superior to other available methods for fairly and efficiently adjudicating
2  the controversy." Fed. R. Civ. P. 23(b)(3). "When 'one or more of the central issues
3  in the action are common to the class and can be said to predominate, the action
4  may be considered proper under Rule 23(b)(3) even though other important matters
5  will have to be tried separately.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442,
6  453 (2016) (citation omitted). Here, Plaintiffs allege that the cranksets suffer from
7  material defects and that Defendants misrepresented, concealed, or failed to
8  disclose material facts about the reliability of the Designated Cranksets. These
9  allegations raise common questions, such as what Defendants knew and when, and
10 whether their representations and omissions about the reliability of the Designated
11 Cranksets or bicycles equipped with them misled reasonable consumers. These
12 questions do not require individualized determinations. *See In re ZF-TRW I*, 2023
13 WL 6194109, at *12 (predominance satisfied where "Plaintiffs' claims arise from
14 Defendants' alleged course of conduct of manufacturing and selling vehicles
15 containing defective ACUs without disclosing the alleged defect"). Accordingly,
16 predominance is satisfied.

17    6.   Class Counsel further applied for appointment of Plaintiffs Steven
18 Adelman, John Bongiovanni, Jose Delgado, Jose Erazo, Dave Gonyer, Jarett
19 Hawkins, Christopher Jennings, Moussa Kouyate, Marcus Lewis, Kevin Litam,
20 Maurice Scorsolini, Dimitri Semizarov, and Mike Tirado as Class Representatives
21 for settlement purposes. Having considered that application, the Court hereby
22 appoints the above-referenced Plaintiffs as Class Representatives for settlement
23 purposes.

## Preliminary Approval of the Settlement

25    7.   "Preliminary approval is appropriate if the proposed settlement
26 appears to be the product of serious, informed, noncollusive negotiations, has no
27 obvious deficiencies, does not improperly grant preferential treatment to class
28 representatives or segments of the class, and falls within the range of possible

approval." *Markson v. CRST Internation, Inc.*, No. 5:17-CV-01261-SB-SP, 2022 WL 1585745, at *2 (C.D. Cal. Apr. 1, 2022). The Settlement appears to be the result of extensive, good-faith, arm's length negotiations that took place between the parties by counsel who are experienced in similar litigation under the guidance of an experienced mediator, the Honorable Margaret M. Morrow (Ret.), and which followed meaningful investigation, motion practice, and discovery that was sufficient to enable counsel and the Court to make informed decisions.

8. The Settlement provides several benefits to the Settlement Class. It requires Shimano to significantly enhance its administration of the recall of the Designated Cranksets. Shimano will provide Recall Retailers with magnifying devices equipped with enhanced lighting for use during inspections. Recall Retailers will also receive the Approved Enhanced Manual, which was developed over several months in consultation with experts who reviewed Defendants' documents and analyzed the root causes of bonding separation and breakage. Shimano must also make available a Retail Assistance Agent to support Recall Retailers with questions about how to conduct Inspections. § 4.1.3. To ensure compliance, the Settlement requires Shimano to notify every Recall Retailer of the enhanced inspection procedures and to affirm that each retailer: (1) has reviewed and understands the training materials; (2) will use the magnifying device provided during all inspections; and (3) will contact the Retail Assistance Agent with any questions regarding inspection protocols. § 4.1.4.

9. If a Designed Crankset shows signs of bonding separation or delamination during the inspection, Shimano will provide a free replacement crankset, which will be professionally installed by a Recall Retailer at no cost to the consumer. Joint Declaration of Class Counsel ¶ 12. The Settlement buttresses this procedure by extending its Express Warranty's coverage of bonding separation and delamination by two years from the date of Preliminary Approval, providing additional protection for consumers who own Defective Cranksets. § 4.2.

10. Finally, the Settlement provides reimbursement for documented out-of-pocket costs for Class Members who replaced Defective Cranksets that separated, delaminated, or showed signs of doing so before Shimano announced the recall but when their Express Warranty had expired. Defendants will reimburse documented, reasonable out-of-pocket costs associated with those replacements. *Id.* § 4.3.

11. Accordingly, the Court finds that it will likely be able to approve the Settlement.

## Claims Administration

12. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23, 2018 adv. comm. note. Claims administration here is simple and straightforward: any Settlement Class Member who replaced their out-of-warranty Designated Crankset before Shimano announced the recall because it separated, delaminated, or exhibited evidence of delamination or separation, will be reimbursed for the documented, reasonable out-of-pocket costs of purchasing a replacement crankset and installing it on their bicycle. The Settlement excludes Settlement Members whose Designated Cranksets were replaced for free from receiving a reimbursement, further demonstrating the fairness of the claims process.

13. Requiring proof of out-of-pocket expenses "is a proper and effective method for processing class member claims and 'ensure[s] that it facilitates filing legitimate claims." *Martinelli v. Johnson & Johnson*, No. 2:15-cv-01733, 2022 WL 4123874, at *6 (E.D. Cal. Sept. 9, 2022) (citing *Alvarez v. Sirius XM Radio Inc.*, No. cv 18-8605, 2020 WL 7314793, at *6 (C.D. Cal. July 15, 2020)). Accordingly, the Court finds that the claims administration set forth in the Settlement supports approval of the Settlement.

**Approval of the Class Notice Program and Direction to Effectuate the Notice**

14. The Parties have proposed the appointment of Epiq as Settlement Notice Administrator. Having considered the declaration and attachments of Epiq, the Court hereby approves the appointment.

15. The Court has also considered the form and content of the Class notice program and finds that the Class notice program and methodology as described in the Settlement Agreement (a) meet the requirements of due process and Federal Rules of Civil Procedure 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice.

16. The Court further approves, as to form and content, the Long Form Notice and Claim Form, which are attached to the Joint Declaration as Exhibits C and D.

17. The Court also approves of the notice plan described in the declaration submitted by the notice administrator, including the digital notice campaign and publication plan described therein. The approved notice plan also includes the creation of a Settlement Website, which will include for Settlement Class Members' review the details of the Settlement, including the Long Form Notice, Claim Form, all relevant filings and orders, and the Settlement Agreement. Settlement Class Members will also have the option to submit their Claim Form directly through the Settlement Website.

18. The Court further approves of the requirement that Shimano make periodic posts on its social media platforms to make the proposed Settlement Class Members aware of the Settlement and inclusion of the Settlement on the homepage of Shimano's website.

19. Finally, the Court approves of the creation of a Settlement Phone Line to allow Settlement Class Members to call and learn more about the Settlement.

20. Each of these components of the notice plan shall be operative by August 25, 2025.

21. Defendants shall be responsible for all costs of Class notice and claims administration. In no event shall Class Counsel, Consumer Plaintiffs' Counsel, or the Settlement Class be responsible for any cost associated with Class notice.

### Final Approval Hearing, Opt-Outs, Objections, and Deadlines

22. The Final Approval Hearing is set for February 2, 2026 and will be held in-person in the courtroom of the Honorable James V. Selna, located at Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Courtroom 10C, Santa Ana, California 92701, to consider, *inter alia*, the following: (a) whether the Settlement Class should be certified for settlement purposes; (b) whether the Settlement and Settlement Agreement should be finally approved as fair, reasonable and adequate; and (c) whether to grant Class Counsel's motion for an award of attorneys' fees and expenses and request for Class Representative service awards.

23. Settlement Class Members who wish to be excluded from the Settlement Class may make a request for exclusion by submitting such request in writing as set forth in the Settlement Agreement and long form notice. Exclusion requests must be sent to the Settlement Administrator, Epiq, by December 29, 2025. The exclusion request must specify that the Settlement Class Member wants to be excluded from the Settlement and otherwise comply with the terms stated in the Long Form Notice and the Settlement Agreement, for a Settlement Class Member to be properly excluded from the Settlement.

24. Settlement Class Members who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement Agreement, the Settlement, or the Final Approval Order and Final Judgment. The Settlement Notice Administrator shall provide copies of any requests for exclusion to Class Counsel and Defense Counsel as provided in the Settlement Agreement. If a potential

Settlement Class Member submits a request for exclusion, they may not object to the Settlement.

25. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where the opt-out has not been signed by every individual Settlement Class Member will not be allowed.

26. Any Settlement Class member who has not requested exclusion may object, if they wish, to the Settlement and/or attorneys' fees, costs, and service award requests. Objections must be sent by first-class mail to each of the below addresses for Class Counsel and Defense Counsel must be postmarked no later than December 29, 2025. Objections submitted after this date will not be considered. To be considered by the Court, the objection must comply with the terms of the Settlement Agreement and the Long Form Notice.

27. Objections should be sent to:

| Class Counsel | Defense Counsel |
| --- | --- |
| Roland Tellis<br>Baron & Budd, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, California 91436<br><br>Jason L. Lichtman<br>Lieff Cabraser Heimann & Bernstein LLP<br>250 Hudson Street<br>New York, New York 10013<br><br>Stephen Larson<br>Larson LLP<br>555 South Flower Street, 30th Floor<br>Los Angeles, California 90071 | Gregory Stone<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90039<br><br>L. Ashley Aull<br>Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90039 |

28. If the objecting Settlement Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Settlement Class Member must state so in the objection. Any objecting Settlement Class Member who does not state his, her, or their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in

accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

29.  The filing of an objection shall allow Class Counsel or Defense Counsel, at their discretion, (a) to notice such objecting person for and take his, her, or their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and (b) to seek any documentary evidence or other tangible things from the objecting person that are relevant to the objection. Failure by an objector to make himself, herself, or themselves available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

30.  No later than five (5) days after the Objection/Exclusion Deadline, the Settlement Administrator will provide Defense Counsel and Class Counsel a list of all Persons who submitted a valid Request for Exclusion.

31.  Class Counsel will file their Motion for Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards ("Final Approval Motion") at least thirty days before the Objection/Exclusion Deadline. Class Counsel will file their reply in support of the Final Approval Motion within twenty-one days after the Objection/Exclusion Deadline. A copy of the Motion for Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards shall be posted on the Settlement Website.

The Court approves the proposed schedule leading up to and including the Final Approval Hearing, which is set forth as follows:

| Date | Event (*Assumes issuance of Preliminary Approval Order on August 4, 2025*) |
|---|---|
| August 25, 2025 | Settlement Class Notice Program begins |
| November 18, 2025 | Motion for Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards |
| December 29, 2025 | Objection/Exclusion Deadline |
| Within 5 days after the Objection/Exclusion Deadline | Settlement Administrator provides list of all persons who submitted valid Requests for Exclusion to Defense and Class Counsel |
| January 19, 2026 | Reply Memoranda in Support of Final Approval and Fee/Expense Motion and Response to Objections (if any) |
| February 2, 2026 | Final Approval Hearing |
| August 4, 2026 | Settlement Class Members submit reimbursement claims for replacement cranksets |

32.   The deadlines set forth in this Order, including the date and time of the Final Approval Hearing, shall be subject to extension by the Court without further notice to the Settlement Class other than that which may be posted on the Court and/or Settlement Website.

33.   Settlement Class Members should check the Settlement Website regularly for updates and further details regarding the Settlement and extensions of the deadlines thereunder.

34.   The Court will retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement and matters related to this Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties to the Settlement, if appropriate, without further notice to the Settlement Class, except that such modifications shall be posted on the Settlement Website.

**Effect of Failure to Approve the Settlement or Termination**

35. If the Settlement does not receive final approval, the Parties shall be returned to their respective positions nunc pro tunc as those positions existed immediately prior to the execution of the Settlement; the proposed Settlement Class shall not be certified; this Order will become null and void, and shall not be considered in evidence or on the issue of class; and Defendants retain their rights to object to class certification in this Action or in any other putative class.

**IT IS SO ORDERED**.

DATED: _____, 2025

_____
Hon. James V. Selna