UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02038-JVS-JDE | Date | February 2, 2026 |
| Title | Jarett Hawkins v. Shimano North America Bicycle Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Final Approval of Settlement [135]**

Plaintiffs Steven Adelman, Jose Delgado, Jose Erazo, Dave Gonyer, Jarett Hawkins, Christopher Jennings, Moussa Kouyate, Marcus Lewis, Kevin Litam, Maurice Scorsolini, Dimitri Semizarov, and Mike Tirado (collectively, "Plaintiffs" or "Class Representatives") move for final approval of their class action settlement. (Mot., Dkt. No. 135.) Defendants Shimano North American Bicycle, Inc., Shimano North America Holdings, Inc., Specialized Bicycle Components, Inc., Trek Bicycle Corporation, and Giant Bicycle, Inc. (collectively, "Defendants" or "Shimano"), do not oppose the motion. (Opp'n, Dkt. No. 142.) Plaintiffs replied to provide additional support for their motion. (Reply, Dkt. No. 145.) The Court held a hearing on this matter on Monday, February 2, 2026.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

The parties are familiar with the background of this case. (See Order ("Prelim. Appr. Order"), Dkt. No. 134, at 1–2.) The Court repeats the relevant background as necessary for final approval:

A.   *Factual & Procedural Background*

On September 21, 2023, Shimano North America Bicycle Inc. announced a voluntary recall of its Hollowtech II cranksets manufactured before July 2019. (Second Amended Consolidated Complaint ("SACC"), Dkt. No. 123, ¶ 36.) The recall, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02038-JVS-JDE | Date | February 2, 2026 |
| Title | Jarett Hawkins v. Shimano North America Bicycle Inc. et al | | |

was issued in collaboration with the U.S. Consumer Product Safety Commission ("CPSC"), was the result of bonding separation and breakage.[1]

On October 3, 2023, four plaintiffs filed a class action in this Court against Shimano and several bicycle manufacturers concerning defective cranksets.  See Erazo, et al. v. Shimano, et al., No. 8:23-cv-01866 (C.D. Cal. Oct. 3, 2023).  A second class action was filed on October 31, 2023.  (Dkt. No. 1.)  On December 12, 2023, the Court consolidated the actions.  (Dkt. No. 23.)

On January 8, 2024, Plaintiffs filed a Corrected Consolidated Class Action Complaint asserting 31 claims against Defendants.  (Dkt. No. 32.)  Plaintiffs alleged several claims, including: fraudulent misrepresentation, unjust enrichment, and various state law claims on behalf of a nationwide class, along with state statutory and common law claims on behalf of individual state subclasses California, Florida, Illinois, and New York.  (Id.)

Defendants moved to dismiss on February 7, 2024.  (Dkt. No. 56.)  On April 12, 2024, the Court granted the motion, in part, providing leave to amend.  (Dkt. No. 78.)  On May 3, 2024, Plaintiffs filed a First Amended Consolidated Class Action Complaint.  (Dkt. No. 83.)  Defendants filed another motion to dismiss.  (Dkt. No. 87.)  The Court again granted the motion with leave to amend.  (Dkt. No. 97.)

Following the motions to dismiss, the Parties agreed to stay the case pending private mediation.  (Dkt. No. 99.)  On September 18, 2024, the Parties began negotiations with retired federal Judge Margaret M. Morrow.  (Dkt. No. 100.)  Over the course of six months, the Parties continued to negotiate and began the process of confirmatory discovery.  (Dkt. Nos. 102, 104, 106.)  The Parties finalized the Settlement Agreement on March 31, 2025.  (Dkt. No. 113.)  On June 6, 2025, Plaintiffs filed their SACC.

On July 29, 2025, the Court granted preliminary approval for the Settlement Agreement.  (Prelim. Appr. Order.)  Plaintiffs began their Notice Program on August 25,

---

[1] See https://www.cpsc.gov/Recalls/2023/Shimano-Recalls-Cranksets-for-Bicycles-Due-to-Crash-Hazard (last visited January 26, 2026).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02038-JVS-JDE | Date | February 2, 2026 |
| Title | Jarett Hawkins v. Shimano North America Bicycle Inc. et al | | |

2025 pursuant to the Court's preliminary approval. (Declaration of Class Counsel ("Class Counsel Decl."), Dkt. No. 135-2, ¶ 19; see also id. Ex. B.) No objections or requests for exclusion were filed with the notice administrator by the December 29, 2025 deadline. (Id., Ex. B, ¶ 31; Declaration of Cameron R. Azari, ("Azari Decl."), Dkt. No. 145-1, ¶ 26.) No objections were made at the hearing on February 2, 2026.

On November 18, 2025, Plaintiffs moved for final approval of the Settlement Agreement and for attorneys' fees, costs, and service awards. (Dkt. Nos. 135–36.) The Court granted the parties' joint stipulation for attorneys' fees and costs in the amount of $2,740,000 and services awards of $500 for each of the twelve class representatives. (Order ("Fees & Awards Order"), Dkt. No. 143.)

B.   *Summary of Class Action Settlement*

The Settlement Agreement provides the following relief to the Settlement Class:

(1) Enhanced inspection process and retailer training, including manuals, equipment (magnifying device), and access to a Retail Assistance Agent;

(2) Affirmations that Shimano will notify every Recall Retailer of the Approved Enhancement Manual and that use of magnifying device is required before any crankset can pass inspection;

(3) An Extended Warranty for coverage of bonding separation and delaminating that extends two years from the date of the Preliminary Approval Order;

(4) Reimbursement to Settlement Class Members of reasonable out-of-pocket costs for purchasing a replacement crankset and installing it on their bike. This reimbursement is limited to those who replaced their Designated Crankset because of separation, delamination, or exhibited evidence of delamination or separation. Moreover, the reimbursement does not apply to those who replaced their Designated Crankset on or after September 21, 2023, or if at the time of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-02038-JVS-JDE                                  Date   February 2, 2026

Title   <u>Jarett Hawkins v. Shimano North America Bicycle Inc. et al</u>

> replacement, the Express Warranty was not expired as to that Designated Crankset.

(Settlement Agreement, Dkt. No. 124-3, §§ 4.1–4.3.) Settlement Class Members have through August 4, 2026, to submit claims under the agreement. (<u>Id.</u>)

## II. Legal Standard

Federal Rule of Civil Procedure Rule 23(e) states that "[t]he claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . or compromised only with the court's approval." "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the propos[ed] [settlement] to the class." Fed. R. Civ. P. 23(e)(1)(A). "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the propos[ed] [settlement] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(i)(ii).

## III. Discussion

### A.   Class Certification

The Court previously held that it would likely be able to certify Plaintiffs' proposed class by final approval. (Prelim. Approv. Order at 19.) There the Court found, based on the record before it, Plaintiffs satisfied the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b). (<u>Id.</u> at 13–19.) Nothing has changed in the interim that would warrant a deviation from the Court's prior ruling. (<u>See</u> Mot. at 15.) Thus, for the reasons specified in its preliminary approval order, the Court certifies the Settlement Class for final approval of the Settlement.

### B.   Approval of the Class Settlement

Under Rule 23(e)(2), if the proposed settlement would bind class members, the Court may approve it only after a hearing and only on finding that it is "fair, reasonable, and adequate." "Courts reviewing class action settlements must 'ensure[] that unnamed class members are protected from unjust or unfair settlements affecting their rights,'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-02038-JVS-JDE                                  Date  February 2, 2026

Title  Jarett Hawkins v. Shimano North America Bicycle Inc. et al

while also accounting for 'the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" Campbell v. Facebook, Inc., 951 F.3d 1106, 1121 (9th Cir. 2020) (quoting In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (internal quotation marks omitted)).

When evaluating the fairness of a class action settlement, the Court must consider the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In its previous order, the Court discussed each of the above listed factors in detail, with the exception of attorneys' fees. (Prelim. Approv. Order at 4–13.) The Settlement Agreement contains no fees, costs, or award provision, and Plaintiffs indicated that they would move separately for attorneys' fees and service awards. (Id. at 12; Settlement Agreement § 11.2.) After making such a motion, the parties filed a joint stipulation agreeing to $2,740,000 in attorneys' fees and costs, and services awards of $500 for each of the twelve class representatives, which the Court adopted. (Fees & Awards Order at 2.) Both amounts are to be paid by Defendants directly. (Id.)

In considering the proposed award of attorneys' fees, the Court must scrutinize the Settlement for three factors that tend to show collusion: "(1) when counsel receives a disproportionate distribution of the settlement; (2) when the parties negotiate a "clear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-02038-JVS-JDE                                   Date   February 2, 2026

Title        Jarett Hawkins v. Shimano North America Bicycle Inc. et al

sailing arrangement," under which the defendant agrees not to challenge a request for an agreed-upon attorney's fee; and (3) when the agreement contains a "kicker" or "reverter" clause that returns unawarded fees to the defendant, rather than the class." Briseno v. ConAgra Foods, Inc., 998 F.3d 1014, 1023 (9th Cir. 2021) (internal quotation marks omitted) (citing In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 947 (9th Cir. 2011)). The Court must consider whether these factors exist in both pre- and post-class certification settlements. Id. at 1024.

There is neither a "clear sailing arrangement" nor "reverter" clause at issue in this Settlement, so the Court focuses on whether the fees are "disproportionate." In common fund cases, the Ninth Circuit has repeatedly held that 25% of the settlement value is a reasonable attorney fees benchmark. See, e.g., Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). However, even in non-common fund cases, 25% can still be a useful measure of the reasonableness of attorneys fees. (Id.)

A third-party evaluator estimated the value of the extended warranty provisions at $14.1 million, and the enhanced recall procedures at up to $51 million. (Class Counsel Decl., Ex B ("Kinrich Decl."), ¶¶ 20–21.) Compared to the overall settlement value, attorneys' fees and costs of $2.74 million represent just 4.3%, well below the 25% benchmark. These attorneys' fees are further supported by counsels' lodestar, which the Court finds to be reasonable, representing a nearly 1:1 ratio between the proposed fee and actual hours worked at the applicable billing rates. (Mot. for Attorneys' Fees, Dkt. No. 136, at 11.) Accordingly, the Court finds that the attorneys' fees are not disproportionate.

The Court further finds that the $500 service awards for the twelve class representatives is equitable in light of their service and participation in this class action suit. The Court also notes that there have been no objections to attorneys' fees or services awards.[2]

In sum, the Court finds that there have been no other material changes affecting any of the relevant factors. (See Mot. at 7.) As such, the Court adopts its previous finding that the Settlement is fair and adequate. (Prelim. Approv. Order at 4–13.)

---

[2] No class members objected to fees and awards at the final approval hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02038-JVS-JDE | Date | February 2, 2026 |
| Title | Jarett Hawkins v. Shimano North America Bicycle Inc. et al | | |

### C. Notice

Finally, Rule 23(c)(2)(B) requires that the Court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Similarly, Rule 23(e)(1) requires that a proposed settlement may only be approved after notice is directed in a reasonable manner to all class members who would be bound by the agreement. Fed. R. Civ. P. 23(e)(1).

"Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Rodriguez v. West Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009) (internal quotation marks and citation omitted). "Settlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably[.]" Id. "That standard does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." Lane, 696 F.3d at 826.

The notice approved by the Court and implemented by the notice administrator satisfies the applicable standard. (See Prelim. Approv. Order at 20; Class Counsel Decl., ¶ 19; see also id. Ex. B; Azari Decl.) Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

    **IT IS SO ORDERED.**